# Exhibit 3

# KASOWITZ BENSON TORRES LLP

|  |  |  |
|---|---|---|
| MARC E. KASOWITZ<br>DIRECT DIAL: 212-506-1710<br>DIRECT FAX: 212-835-5010<br>mkasowitz@kasowitz.com | 1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800 | ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC |

February 22, 2021

**VIA EMAIL**

Kyle Roche
Velvel Freedman
Amos Friedland
Nathan Holcomb
Edward Normand
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016

Re:   Jason Cyrulnik

Gentlemen:

We represent Jason Cyrulnik.  I am writing in connection with your multiple breaches of contractual and fiduciary duties and your purported "removal" of Mr. Cyrulnik from Roche Cyrulnik Freedman LLP (the "firm"), in which Mr. Cyrulnik is a founding partner, single largest equity stakeholder and co-chairman.

On behalf of Mr. Cyrulnik, we categorically reject the false, defamatory and pretextual reasons for his purported "removal" set forth in your February 12 email, none of which in any event remotely constitutes "cause" under the December 26, 2019 memorandum of understanding ("MOU") or applicable law.  To the contrary, and as you well know, Mr. Cyrulnik has comported himself properly and in full accordance with his professional and fiduciary duties and fully devoted himself to the firm's establishment and advancement since entering into the MOU and January 4, 2020 agreement ("Side Letter").  Your purported "removal" letter is unjustified and in bad faith.

As you know, Mr. Cyrulnik gave up an extremely valuable equity partnership at Boies Schiller Flexner LLP and forewent other highly attractive equity partnership opportunities to co-found the firm, and has been the primary contributor to the firm's financial success, with the vast majority of the firm's revenues to date generated by Mr. Cyrulnik's clients.  Your improper attempt to "remove" him to try to seize his share of the firm's equity and, not coincidentally, the cryptocurrency distribution rights he owns and that have experienced parabolic growth at the same time you launched your pretextual plan, is a transparent and bad faith breach of your contractual and fiduciary obligations to Mr. Cyrulnik and the firm's clients.

While Mr. Cyrulnik is open to considering an amicable resolution of these matters, the "proposal" set forth in you February 19 letter to Mr. Cyrulnik is wholly unacceptable, including insofar as it proposes to deprive Mr. Cyrulnik of guaranteed monies and rights that belong to him,

KASOWITZ BENSON TORRES LLP

Kyle Roche
Velvel Freedman
Amos Friedland
Nathan Holcomb
Edward Normand
February 22, 2021
Page 2

unambiguously, under, inter alia, the MOU and Side Letter. Your assertion that Mr. Cyrulnik is "not legally entitled to" certain assets guaranteed by the MOU or Side Letter is frivolous. To the contrary, if there is any prospect of amicable resolution, the terms of such an agreement must, at an absolute minimum, include a clear and express commitment to remitting to Mr. Cyrulnik the assets and rights assured by those agreements, including the following terms, which are non-negotiable (the "non-negotiable terms"):

1. ▓▓▓▓▓ Tokens: Mr. Cyrulnik owns 25% of the digital assets pledged to Roche Freedman LLP pursuant to Exhibit B to the MOU. See MOU ¶ IV.B

2. ▓▓▓▓▓ Contingency: Mr. Cyrulnik owns a 25% stake in all recoveries realized in connection with the litigation between the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See Side Letter at 1.

3. Roche Cash Consideration: A $646,000 balance remains on the Roche cash payment agreed to and memorialized in the Side Letter, including two payments of $204,000 each that were owed to Mr. Cyrulnik in July 2020 and January 2021. See Side Letter at 1.

4. Formula Compensation: Your February 19 letter vaguely references payment to Mr. Cyrulnik of "all formula compensation earned as of the date of [his] removal." To the extent your position is that Mr. Cyrulnik is not entitled to formula compensation after the date of your invalid "removal" despite his continuing to run and work on many cases at the firm, that is rejected. Mr. Cyrulnik must be paid all formula compensation earned through the date on which the parties execute a separation agreement.

5. ▓▓▓▓▓ Contingency: Your offer to waive any interest in any ▓▓▓▓▓ contingency fee will suffice.

In addition to the non-negotiable terms, the parties must reach agreement with respect to, among other things, the following additional rights and assets owned by Mr. Cyrulnik:

1. Equity Ownership: Separate and apart from (i) the undistributed compensation owed to Mr. Cyrulnik pursuant to his formula compensation (discussed above) and (ii) compensation for cases litigated and monies owed to date, Mr. Cyrulnik owns 27% of the firm's equity. Under the MOU, Mr. Cyrulnik's equity in the firm cannot be disturbed without Mr. Cyrulnik's express consent. See MOU ¶ II, VI.I.

2. Firm Name: Any change in the firm's name requires Mr. Cyrulnik's consent pursuant to Section G of the MOU.

KASOWITZ BENSON TORRES LLP

Kyle Roche
Velvel Freedman
Amos Friedland
Nathan Holcomb
Edward Normand
February 22, 2021
Page 3

      Upon your acknowledgement of the non-negotiable terms above, Mr. Cyrulnik will entertain reasonable offers from one or more of you to acquire his equity stake and to facilitate a change to the firm's name, which, as you know, would have included Mr. Cyrulnik as the first-named partner but for Mr. Roche's agreement to pay Mr. Cyrulnik $850,000 (among other consideration) for those rights. Absent such agreement, however, Mr. Cyrulnik does not forego his ownership rights in the firm, or the distributions and other rights that flow therefrom.

      Lastly, your egregious breach of Section N of the MOU by blocking Mr. Cyrulnik's access to the firm's bank accounts must immediately be remedied, with Mr. Cyrulnik restored to full access to firm accounts, books and records and case files.

      If you fail to remedy your breaches immediately, we will take all the steps necessary and appropriate to protect Mr. Cyrulnik's rights and hold you liable for any resulting damage to Mr. Cyrulnik or his clients, including, if necessary, seeking appropriate injunctive relief.

      Mr. Cyrulnik reserves all of his rights and waives none. I remind you of your duties to preserve all communications related to this dispute, including but not limited to all instant messages (including over Signal) and emails. Please direct all further communications in connection with this matter to me.

      Sincerely,

      Marc E. Kasowitz