# Exhibit 4

| | |
|---|---|
| **From:** | Marc E. Kasowitz <MKasowitz@kasowitz.com> |
| **Sent:** | Friday, February 26, 2021 10:52 PM |
| **To:** | Sean Hecker |
| **Subject:** | Re: Confidential |

Sean, I'm not getting into a back and forth with you. Your email proposal puts the burden on Jayson to show why a new matter for an existing client must be accepted in order to avoid prejudice to that client, rather than restoring the typical process for accepting new matters which has been in place since the firm was started.  Your concept, including requiring ethics counsel,  is a new and unfounded restriction on Jayson's ability to practice law and his clients' right to counsel and is totally unacceptable.

Likewise, mere visibility into the firm's accounts, which you propose, is also unacceptable.  Jayson must have immediate unfettered access to those accounts as he had before your clients purported illegally to "remove" him.

I discussed with you a simple, uncontroversial first step to having a constructive dialogue rather than litigation — restoring Jayson's access to firm accounts and his ability to bring in new matters, including for existing clients.  I hoped with an agreement on these simple matters we would be able to proceed to a full discussion and resolution of the substantive issues. You and your clients have chosen not to agree to restore Jayson to these fundamental and noncontroversial rights.  If that doesn't change immediately, you and your clients  will guaranty a resort to litigation to protect Jayson's unquestioned partnership rights.

Sent from my iPhone

On Feb 26, 2021, at 10:07 PM, Sean Hecker <shecker@kaplanhecker.com> wrote:


Marc,

My clients are not attempting to constrain Jason's right to represent clients nor are they trying to restrict any sort of transparency into firm financials. Given that we both have clients observing Shabbat, how about we connect early Sunday morning<outlook-data-detector://3>?

Thanks,

Sean



Sean Hecker
Kaplan Hecker & Fink
212-763-0889

_____
From: Marc E. Kasowitz <MKasowitz@kasowitz.com>
Sent: Friday, February 26, 2021 6:52:57 PM
To: Sean Hecker <shecker@kaplanhecker.com>
Subject: Re: Confidential

1

EXTERNAL SENDER

Sean, I'm at dinner and I haven't had a chance to talk to my clients about this, who are observing Shabbos, but it is totally unacceptable.  Why you're insisting on limiting Jayson's right to represent clients in new matters is beyond me, and why you're not reconnecting him to full access to bank accounts is equally mystifying, especially given our conversations.  All this will do is foster further distrust and conflict, rather than facilitate the kind of opportunity we had discussed to get things resolved, but that's your choice.  We can talk whenever you'd like, but I'm going to make sure Jayson's rights aren't fully protected.  Best.  Marc

Sent from my iPhone


Marc E. Kasowitz
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-1710
Fax. (212) 835-5010
mkasowitz@kasowitz.com


This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

On Feb 26, 2021, at 5:55 PM, Sean Hecker <shecker@kaplanhecker.com> wrote:


**EXTERNAL EMAIL**
_____

Marc,

As an initial matter, and regardless of any agreement on how to proceed, my clients will continue to fully protect the interests of all Firm clients, including the clients Jason has originated into the firm. Consequently, to the extent an existing client would be prejudiced (in a matter the firm is currently litigating) if the firm passes on a representation, my clients will immediately review the issue diligently in consultation with ethics counsel (who has already been retained) to determine their obligations in light of the current representation, situation, and resources at the firm. To the extent the firm is obligated to take on that matter, it will be taken on. If such a matter currently exists, please provide me with details about the matter, why it's imperative the matter be taken on, how it will prejudice the current client in the matter the firm is handling, and provide an estimate of how much associate time Jason and Paul expect to request to assist with the matter. We will revert on our counsel's position shortly thereafter.


Moving toward resolution of the global issue, as discussed, my clients are prepared to move forward with a quick and final process for resolving this dispute to protect the Firm's interests and enable Jason's transition out of the firm to a new practice. I continue to urge Jason to be looking into his next home as the current situation is untenable and will be brought to a swift conclusion.

With respect to an agreement on how to proceed, we propose the following terms, all of which must be accepted:

1.      Everyone executes the attached arbitration agreement;
2.      Jason will be provided with visibility into the Firm's bank accounts;

3. We immediately commence mediation, which must be concluded by March 9, 2021;
4. If mediation is unsuccessful, we will immediately enter the binding arbitration process delineated in the attached agreement.
5. In the interim, to the extent Jason would like to handle a new matter that does not fall into the category of necessary matters defined in my opening paragraph, we will (nonetheless) give serious consideration to that matter subject to (i) conflicts, (ii) the MOU approval process, (iii) the availability of Firm resources willing to work with Jason to adequately handle the new matter, and (iv) the ability of the Firm to protect its interests;

If these terms are acceptable, please let me know, have Jason sign the attached arbitration agreement, and return it to me by Sunday, February 28, at 2pm. We will then arrange to engage a mediator for this week.

Thank you and your client for your cooperation in ensuring that the best interests of the Firm's clients are protected throughout this transition.


Sean


Sean Hecker
Kaplan Hecker & Fink
212-763-0889


_____
This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.

<2021.02.24 -- Arbitration Agremement.docx> _____ This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.