

June 16, 2021

<u>Via ECF</u>

The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

  We represent Plaintiff Roche Freedman LLP ("RF") in this matter and write in response to Defendant Jason Cyrulnik's June 11, 2021 letter seeking permission to file under temporary seal certain documents in support of Defendant's motion to dismiss. (*See* Dkt. No. 22.)

  Specifically, and as set forth in more detail herein, RF requests that the Court allow the documents to remain under temporary seal until RF has the opportunity to file a motion addressing the longer-term redaction of the materials at issue. RF requests that these documents be maintained as sealed to protect confidential client information, as well as additional confidential information relating to third parties.

### RF's Efforts to Protect Confidential Information of its Clients and Other Third Parties, and Cyrulnik's Attempts to Undermine These Efforts

  When RF initiated this action arising from its removal of Cyrulnik for cause, RF took care to protect from disclosure any confidential information relating to firm clients. As a result, RF's Complaint does not reference specific clients by name, and does not divulge any details relating to fee arrangements or specific details of representation that can be traced back to individual firm clients. This conscious decision was not simply a drafting technique but was made in accordance with RF's legal and ethical duties regarding client confidences.

  Ten days later, Cyrulnik filed suit in Florida state court (the "Florida Action"), alleging that his removal from RF was motivated by a desire to gain additional cryptocurrency tokens contemplated by an agreement between RF and one of its clients. Cyrulnik knew the terms of the Firm's representation of the client, including the financial arrangements, were highly confidential. Cyrulnik's knowledge of this fact is evidenced by his half-hearted attempts to anonymize the client's name in the Florida complaint. Inexplicably, however, Cyrulnik went on to include attachments to the complaint referencing the same client – and many more – by name. These attachments, as well as other allegations included in the complaint, disclosed numerous details

regarding client representation, including confidential fee arrangements. In addition, Cyrulnik's public filing also disclosed the name of a third-party litigation funder with whom RF entered into a highly confidential agreement. That agreement prohibits disclosure of "the existence, terms or general structure of" the agreement.

When RF's Counsel requested that Cyrulnik place the client information under seal – reminding Cyrulnik of his legal and ethical responsibilities to maintain client information as confidential – Cyrulnik refused. RF was then forced to file a motion in the Florida Action seeking redaction of the confidential information included in Cyrulnik's Florida complaint and exhibits. The Florida court granted RF's motion, finding that the portions of the Florida complaint which RF proposed for redaction were indeed confidential and subject to redaction. (*See* Ex. A.)

**The Information RF Seeks to Protect From Public Disclosure Is Privileged and/or Confidential**

As noted above, Cyrulnik's Florida complaint and certain allegations contained therein, now relied upon by Cyrulnik in his motion to dismiss papers, refer to individual clients and other innocent third parties, include descriptions of litigation being handled by the RF, and reference a confidential agreement with a third party. Under Florida law (which Cyrulnik argues governs this action), such information is privileged and confidential. *See Tumelaire v. Naples Estates Homeowners Ass'n, Inc.*, 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) (citing Fla. Stat. §90.502(2)) ("As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by attorney-client privilege"); *Corry v. Meggs*, 498 So. 2d 508, 511 (Fla. 1st DCA 1986) ("The identity of a client and payment of a fee appear to be within the ambit of the statutory privilege and are not expressly or impliedly excluded exceptions."). Thus, "such matters are intended to be confidential and do constitute confidential communications." *Corry*, 498 So. 2d at 511.

RF and its attorneys also have an obligation to maintain information relating to its clients as confidential, including details regarding ongoing litigation pursued on behalf of Firm clients. *See, e.g.*, *Elkind v. Bennett*, 958 So. 2d 1088, 1091 (Fla. 4th DCA 2007) (discussing duty of attorney to maintain client information as confidential and noting that disclosure of confidential information from a client may expose attorney to liability); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 153 (Fla. 1st DCA 1995) ("attorneys owe a duty of confidentiality and loyalty to all their clients, including present and former co-clients").

Consistent with the Florida court's finding that certain information included in Cyrulnik's complaint and attachments thereto is confidential, as well as the governing authorities, RF therefore respectfully requests that this Court allow the documents filed under seal by Cyrulnik (Dkt. No. 23; Dkt. No. 24; Dkt. No. 26) to remain temporarily sealed until RF has the opportunity to file a motion addressing the longer-term sealing or redaction of the materials at issue. This temporary sealing is consistent with the required level of protection and tailored to be as least restrictive as possible – particularly where a redacted version of the documents has also been publicly filed. (Dkt. No. 20; Dkt No. 25.)

Thank you for your consideration of this request.

                                                    Respectfully,

                                                    /s/ *Eric S. Rosen*

                                                    Eric S. Rosen, Esq.

cc:    Counsel of Record (via ECF)