# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

*[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 7/19/2021]*

July 16, 2021

**VIA ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

*[Handwritten note: The defendant may move to dismiss without a pre-motion conference. The motion is due by 8/13/21. The response is due by 9/7/21. The reply is due by 9/20/21. The Clerk is directed to close RCF No. 32. So ordered. /s/ John G. Koeltl U.S.D.J. 7/19/21]*

Re: *Roche Cyrulnik Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-01746

Dear Judge Koeltl:

We represent Defendant Jason Cyrulnik in this action and write, pursuant to Rule II.B. of the Court's Individual Practices, to request a pre-motion conference in connection with our anticipated motion to dismiss the Amended Complaint filed by Plaintiff Roche Cyrulnik Freedman LLP ("RCF").

On April 23, 2021, Cyrulnik filed a letter seeking permission to file a motion to dismiss RCF's original Complaint, on the grounds that (i) the Court lacks subject matter jurisdiction, and (ii) the Court should abstain from exercising jurisdiction under three well-settled abstention doctrines in light of the interests of Florida and its courts in adjudicating a dispute concerning the governance of a Florida limited liability partnership, and in light of the dissolution action currently pending in Florida court. (Dkt. 9.) On May 13, 2021, the Court held a pre-motion conference, during which the parties agreed to participate in a settlement conference,[1] and the Court set a briefing schedule for Cyrulnik's motion to dismiss. (Dkt. 14, 16.) Consistent with that schedule, Cyrulnik filed a motion to dismiss on June 11, 2021. (Dkt. 19.) Rather than respond to that motion, RCF amended its Complaint. (Dkt. 31.) RCF's amendment – which adds meritless fiduciary claims based on Cyrulnik's alleged conduct *after* he was purportedly terminated from RCF – only strengthens the grounds for dismissal here.

*First*, RCF's Amended Complaint does not and cannot remedy the Court's lack of subject matter jurisdiction due to the indisputable fact that Cyrulnik (who appears on both sides of the caption in this case) was a partner of RCF at the time this matter was filed. After breaching its duties in February 2021, RCF stated that his removal was "effective" after this case was filed. (*See* Dkt. 12 Ex. A.)

*Second*, RCF's attempt to avoid abstention under *Brillhart* by asserting claims for damages[2] in addition to its claim for declaratory relief fails and merely traded one fatal flaw for

---

[1] The parties participated in a settlement conference before Judge Sarah Netburn on July 14, 2021, but were unable to resolve this dispute.

[2] Those claims also fail on the merits, since they essentially ask the Court to hold Cyrulnik responsible for actions that he did not cause by third parties he does not control. Specifically, RCF alleges "on information and belief" that

KASOWITZ BENSON TORRES LLP

Hon. John G. Koeltl
July 16, 2021
Page 2

another, as RCF has forfeited any argument that this action should be treated as "first-filed." *See, e.g., Gross v. Bare Escentuals, Inc.*, No. 03 CIV. 3089 (RLC), 2006 WL 3161386, at *2 (S.D.N.Y. Oct. 30, 2006) (New York case became "second-filed action" after plaintiffs amended their complaint, even though plaintiffs' original complaint was filed prior to defendant's parallel California action). With the Florida dissolution action not only pending in the forum with the greatest interest in this dispute – and the only forum in which Cyrulnik's claims for dissolution can be resolved – but also now unquestionably the "first-filed" action, dismissal of this case is even more appropriate in light of RCF's amendment.

Accordingly, Cyrulnik respectfully requests a pre-motion conference and permission to file a renewed motion to dismiss RCF's Amended Complaint, on the grounds set forth in his original Motion as well as the additional grounds arising out of RCF's amendment, as set forth above.

Respectfully,

/s/ Marc E. Kasowitz

Marc E. Kasowitz

cc.: All Counsel of Record (via ECF)

---

Cyrulnik must have told clients who followed him from RCF not to pay their bills. (Dkt. 31 ¶¶ 81, 96, 104.) That allegation is not only false, but also implausible in light of the far more logical explanation for those clients refusing to pay their bills, *i.e.*, the fact that RCF retaliated against them (in violation of RCF's fiduciary duties) for deciding to leave RCF and follow Cyrulnik's practice. We intend to address RCF's baseless allegations in due course.

2