UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCHE CYRULNIK FREEDMAN LLP,

    Plaintiff,

v.

JASON CYRULNIK,

    Defendant.

Civ. No. 1:21-cv-01746 (JGK)

---

## DECLARATION OF ERIC ROSEN

I, Eric Rosen, declare as follows:

1. I am a partner at the law firm Roche Freedman LLP ("RF") and counsel for that entity in the above-captioned matter. I am fully familiar with the pleadings in this matter and, unless otherwise indicated, I have personal knowledge of the facts herein.

2. I submit this declaration in opposition to Defendant Jason Cyrulnik's Motion to Dismiss the Amended Complaint.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Memorandum of Understanding dated December 26, 2019, between Jason Cyrulnik, Velvel Freedman, Amos Friedland, Nathan Holcomb, Edward Normand, and Kyle Roche (the "Founding Partners").

4. On February 27, 2021, Plaintiff commenced the above-captioned matter. (*See* Dkt. No. 1.) The initial complaint was filed on behalf of Roche Cyrulnik Freedman LLP, as opposed to on behalf of Roche Freedman LLP, because, as of the filing date, the Florida Division of Corporations had not yet processed the request to formally change the firm's name.

5. After RF commenced the above-captioned matter against Cyrulnik, Cyrulnik commenced a separate action against RF and certain of its partners in Florida state court, *Jason

*Cyrulnik v. Kyle Roche et al.*, Case No. 2021-005837-CA-01 (Fla. 11th Cir. Ct.) (the "Florida Action"). In the Florida Action, the parties are currently litigating whether the Florida Action should be stayed in favor of the above-captioned matter. Although the trial court in the Florida Action denied RF's motion for a stay on July 27, 2021 (*see* Dkt. No. 38-7), that order is currently under appeal. A true and correct copy of the petition for writ of certiorari filed by RF in the Florida Action on August 26, 2021, is attached as Exhibit 2. As that petition explains, among numerous other bases for reversal, the same trial court was recently reversed for making the same exact error.

6. Importantly, the factual issue of whether the above-captioned matter was an improper "anticipatory" action has not been litigated in the Florida Action. That is because, in the briefing of RF's motion to stay, RF took the following position with respect to Cyrulnik's accusation that RF had improperly raced to the courthouse:

> While Defendants strongly contest [Cyrulnik's] "description" of the facts, there's no need to contest the narrative here, as even accepting his narrative as true – there's still no basis to deny the stay sought. To the extent the Court would like additional factual information, Defendants would be happy to provide that.

A true and correct copy of RF's reply brief in support of its motion to stay the Florida Action, which contains the foregoing language (at 6 n.3), is attached as Exhibit 3.

7. A true and correct copy of Cyrulnik's opposition to RF's motion to stay the Florida Action is attached as Exhibit 4.

8. After the trial court in the Florida Action denied RF's motion to stay, RF sought to stay the Florida Action until the Florida appellate court (the Third District Court of Appeal) determined whether to reverse the trial court's order. The trial court denied that motion, and RF filed a second petition for a writ of certiorari. The trial court has ordered RF to respond to

Cyrulnik's complaint "on or before October 1, 2021 unless a stay is entered by the Third District Court of Appeal." A true and correct copy of that order is attached as Exhibit 5.

9. Defendant Cyrulnik's memorandum in support of his motion to dismiss references a March 3, 2021, letter from RF to Cyrulnik. (*See* Dkt. No. 40 at 13-14 (characterizing letter); *see also* Dkt. No. 38-5 (copy of letter).) That letter does not concern, and was not intended to concern, Cyrulnik's removal from RF for cause as a Founding Partner—which occurred weeks earlier. Instead, the letter concerns, and was intended to concern, the termination of Cyrulnik's relationship with Insperity PEO Services, LP ("Insperity"). Pursuant to co-employment agreements with RF and each of its attorneys, Insperity provides certain payroll and benefits services for RF, such as administering health insurance programs in which RF attorneys may enroll. The purpose of the letter was to notify Cyrulnik that his relationship with Insperity, to which RF is also a party, had terminated.

10. After Cyrulnik was removed from RF for cause, and after the above-captioned matter had commenced, Cyrulnik formed his own law firm, Cyrulnik Fattaruso LLP. A true and correct copy of New York Department of State records for that entity, which indicate it was formed on March 12, 2021, are attached as Exhibit 6. A true and correct copy of an April 13, 2021, article from Law360, which quotes Cyrulnik and notes that Cyrulnik started his new firm "in March after leaving Roche Freedman LLP," is attached as Exhibit 7.

I declare under penalty of perjury that the above is true and correct.

Dated: New York, New York
September 21, 2021   /s/ *Eric Rosen*
Eric Rosen