
**ROCHE FREEDMAN**

September 21, 2021

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

9/22/21

**Via ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

      We represent Plaintiff Roche Freedman LLP ("RF") in this matter and write pursuant to the Court's Individual Practices Rule VI.A.2 to request permission to file under seal Exhibit 1 to the Declaration of Eric Rosen, which is being filed concurrently herewith. In particular, RF respectfully requests that information contained in Exhibit 1 that relates to specific firm clients and their fee arrangements be sealed. As explained below, the sealing of such information is proper under applicable law.

      Indeed, "[n]otwithstanding the presumption of access under both the common law and the First Amendment," documents may be sealed to the extent "necessary to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). One such "higher value" is the "attorney-client privilege." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *see Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 161-62 (S.D.N.Y. 2003) (characterizing preservation of privileged information as "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"). Courts have thus approved requests to "keep privileged documents under seal." *Moshell v. Sasol Ltd.*, 2021 WL 67107, at *1-2 (S.D.N.Y. Jan. 4, 2021); *see also Diversified Grp.*, 217 F.R.D. at 162 (ordering redaction of privileged information).

      Here, RF requests that the Court seal information that relates to specific firm clients and their fee arrangements. Under Florida law—which Cyrulnik argues governs this action—such information is privileged and confidential. *See Tumelaire v. Naples Estates Homeowners Ass'n, Inc.*, 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) (citing Fla. Stat. §90.502(2)) ("As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by attorney-client privilege"); *Corry v. Meggs*, 498 So. 2d 508, 511 (Fla. 1st DCA 1986) ("The identity of a client and payment of a fee appear to be within the ambit of the statutory privilege and are not expressly or impliedly excluded exceptions."). Indeed, RF and its attorneys have an obligation to maintain information relating to clients as confidential, including details regarding ongoing litigation pursued on behalf of firm clients. *See, e.g., Elkind v. Bennett*, 958 So.

2d 1088, 1091 (Fla. 4th DCA 2007) (discussing duty of attorney to maintain client information as confidential and noting that disclosure of confidential information from a client may expose attorney to liability); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 153 (Fla. 1st DCA 1995) ("attorneys owe a duty of confidentiality and loyalty to all their clients, including present and former co-clients").

Consistent with these principles, the court in Florida—where Cyrulnik has filed a lawsuit against RF—agreed to seal the precise information that RF seeks to seal here. (*See* Ex. A (motion to seal); Ex. B (order granting motion).) The same outcome is appropriate in this matter.

Thank you for your consideration of this request.

Respectfully,

/s/ *Eric S. Rosen*

Eric S. Rosen, Esq.

cc:   Counsel of Record (via ECF)