# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0889
DIRECT EMAIL     shecker@kaplanhecker.com

February 28, 2022

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

      We represent Plaintiff Roche Freedman LLP ("RF") in this matter and write pursuant to the Court's Individual Practices Rule VI.A.2 in response to Defendant Jason Cyrulnik's February 25, 2022, letter requesting permission to file under temporary seal his Answer to Plaintiff's Amended Complaint with Counterclaims and Third-Party Complaint and certain exhibits thereto. (*See* Dkt. No. 60.)

      RF respectfully requests that the Court seal the information that Defendant sought to seal temporarily. That information concerns RF's clients, including confidential agreements between RF and those clients, as well as litigation being handled by RF. RF's request is thus substantially similar to (i) its previous requests in this action regarding sealing, which were granted by this Court (*see* Dkt. Nos. 30, 52), and (ii) its previous request regarding the sealing of identical information in Defendant's now-stayed Florida lawsuit against RF, which was granted by the Florida court (*see* Dkt. Nos. 48, 48-1, 48-2). As explained below, the same result is appropriate here.

      Indeed, "[n]otwithstanding the presumption of access under both the common law and the First Amendment," documents may be sealed to the extent "necessary to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). One such "higher value" is the "attorney-client privilege." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *see Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 161-62 (S.D.N.Y. 2003) (characterizing preservation of privileged information as "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"). Courts have thus approved requests to "keep privileged documents under seal."

**KAPLAN HECKER & FINK LLP**

2

*Moshell v. Sasol Ltd.*, 2021 WL 67107, at *1-2 (S.D.N.Y. Jan. 4, 2021); *see also Diversified Grp.*, 217 F.R.D. at 162 (ordering redaction of privileged information).

   Here, RF requests that the Court seal information that relates to specific firm clients and their fee arrangements. Under Florida law—which Cyrulnik argues governs this action—such information is privileged and confidential. *See Tumelaire v. Naples Estates Homeowners Ass'n, Inc.*, 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) (citing Fla. Stat. §90.502(2)) ("As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by attorney-client privilege"); *Corry v. Meggs*, 498 So. 2d 508, 511 (Fla. 1st DCA 1986) ("The identity of a client and payment of a fee appear to be within the ambit of the statutory privilege and are not expressly or impliedly excluded exceptions."). Indeed, RF and its attorneys have an obligation to maintain information relating to clients as confidential, including details regarding ongoing litigation pursued on behalf of firm clients. *See, e.g.*, *Elkind v. Bennett*, 958 So. 2d 1088, 1091 (Fla. 4th DCA 2007) (discussing duty of attorney to maintain client information as confidential and noting that disclosure of confidential information from a client may expose attorney to liability); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 153 (Fla. 1st DCA 1995) ("attorneys owe a duty of confidentiality and loyalty to all their clients, including present and former co-clients").

   Thank you for your consideration of this request.

Respectfully,

Sean Hecker

cc: Counsel of Records (via ECF)