UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHE CYRULNIK FREEDMAN LLP,<br><br>               Plaintiff,<br><br>v.<br><br>JASON CYRULNIK,<br><br>               Defendant.<br><br>JASON CYRULNIK,<br><br>               Counterclaim-Plaintiff,<br><br>v.<br><br>ROCHE CYRULNIK FREEDMAN LLP, KYLE ROCHE, DEVIN FREEDMAN, AMOS FRIEDLAND, NATHAN HOLCOMB, and EDWARD NORMAND,<br><br>               Counterclaim-Defendants. | Case No. 1:21-cv-01746-JGK<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>*& S Scheduling Order* |

Pursuant to the Court's February 28, 2022 Order (Dkt. No. 69), Plaintiffs/Counterclaim-Defendants and Defendant/Counterclaim-Plaintiff (together, the "Parties") jointly submit this Rule 26(f) report. Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the Parties met-and-conferred telephonically on March 14, 2022, and continued conferring by e-mail thereafter.

## DISCOVERY PLAN

(1) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties agree that discovery is to be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). The Parties shall make their respective Rule 26(a)(1) initial disclosures no later than April 4, 2022.

(2) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff/Counterclaim-Defendants states that they intend to seek discovery into, among other things (i) the process leading to Cyrulnik's decision to join Roche Freedman LLP ; (ii) the drafting, negotiation, and interpretation of the Parties' Memorandum of Understanding; (iii) the allegations in Plaintiff's Amended Complaint concerning Cyrulnik's misconduct that justified his removal for cause; (iv) the allegations in Cyrulnik's Corrected Answer to Plaintiff's Amended Complaint and Counterclaims that he was the victim of a "deplorable scheme" and conspiracy among the Founding Partners to "steal" his assets; (viii) the allegations in Plaintiff's Amended Complaint concerning Cyrulnik's refusal to provide his billable records; and (ix) the allegations in Plaintiff's Amended Complaint concerning Cyrulnik's tortious interference with, and failure to assist Plaintiff in, collecting money owed for services rendered to clients originated by Cyrulnik.

Defendant/Counterclaim-Plaintiff states that he intends to seek discovery into, among other things, (i) the drafting, negotiation and interpretation of the Parties' Memorandum of Understanding; (ii) Defendant/Counterclaim-Plaintiff's status as a founder and partner of

2

Plaintiff/Counterclaim-Defendant RCF; (iii) the allegations in RCF's complaint concerning Defendant/Counterclaim-Plaintiff's conduct over "an approximately one-year period" that allegedly justified Counterclaim-Defendants' actions; (iv) the facts and circumstances leading up to, during and after the purported termination of Defendant/Counterclaim-Plaintiff as a partner of RCF; (v) Plaintiff/Counterclaim-Defendants' assertion that "cause" existed to terminate Defendant/Counterclaim-Plaintiff as a partner of RCF; (vi) Defendant/Counterclaim-Plaintiff's allegations that Plaintiff/Counterclaim-Defendants breached the MOU and Side Letter, and breached their fiduciary duties; (vii) Defendant/Counterclaim-Plaintiff's allegations that Plaintiff/Counterclaim-Defendants converted Defendant/Counterclaim-Plaintiff's equity assets and were unjustly enriched by virtue of their alleged improper conduct; (viii) Counterclaim-Defendants' alleged unlawful conspiracy; (ix) the value of Defendant/Counterclaim-Plaintiff's equity interest in RCF; (x) the Tokens; and (xi) Plaintiff/Counterclaim-Defendants' allegations that Defendant/Counterclaim-Plaintiff breached his fiduciary obligations following his purported termination from RCF, including RCF's billing practices and communications with Defendant/Counterclaim-Plaintiff's clients.

The Parties have been unable to agree on a schedule for the case. Consequently, each party has included their proposed pre-trial schedule for the Court's consideration below.

Plaintiff and Counter-Defendants would like trial to occur this calendar year and propose the following schedule:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Serve initial disclosures | April 4, 2022 |
| Serve initial document requests & initial interrogatories | April 11, 2022 |

3

| Serve objections and responses to initial document requests | 30 days after service of initial document requests |
| --- | --- |
| Substantial completion of document productions | June 6, 2022 |
| Privilege Logs | June 16, 2022 |
| Conclude fact discovery | August 1, 2022 |
| Serve opening expert reports, if any | August 15, 2022 |
| Serve rebuttal expert reports, if any | September 12, 2022 |
| Conclude expert depositions | October 3, 2022 |
| Pre-motion summary judgment letters due | October 10, 2022 |

Defendant and Counterclaim-Plaintiff does not believe that a period of just over three months from initial document requests for the completion of all fact discovery, and a trial in this calendar year, is realistic, and accordingly proposes the following schedule:

| EVENT | PROPOSED DEADLINE |
| --- | --- |
| Serve initial document requests & initial interrogatories | April 11, 2022 |
| Serve objections and responses to initial document requests | 30 days after service of initial document requests |
| Serve initial disclosures | April 4, 2022 |
| Substantial completion of document productions | August 4, 2022 |
| Privilege Logs | August 11, 2022 |
| Conclude fact discovery | December 16, 2022 |
| Serve opening expert reports, if any | January 20, 2023 |
| Serve rebuttal expert reports, if any | March 3, 2023 |
| Conclude expert depositions | April 4, 2023 |
| Pre-motion summary judgment letters due | April 24, 2023 |

4

The Parties further propose that interim fact discovery deadlines for initial disclosures, interrogatories and responses, document requests and responses, and document productions may be extended by the written consent of all Parties without application to the Court, provided that the Parties do not extend such deadlines beyond the date for completion of all fact discovery. Moreover, notwithstanding the deadlines set forth herein, nothing shall prohibit the Parties from seeking additional discovery based on newly learned information.

(3) **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties anticipate the need for electronic discovery and have taken steps to ensure the preservation of relevant documents and electronically stored information ("ESI"). The Parties are working on the form of a standard protocol for production of ESI. The Parties have not identified any other issues that require this Court's attention.

(4) **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Subject to modification by the Parties, all claims of privilege or protection as trial-preparation materials, as well as the production of any information subject to such claims, shall be governed by Rule 26(b)(5) of the Federal Rules of Civil Procedure and a Protective Order that the Parties will submit to govern this action, which will include an order pursuant to Federal Rule of Evidence 502.

(5) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None.

(6) **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

5

None.

Dated: March 18, 2022

| KAPLAN HECKER & FINK LLP | KASOWITZ BENSON TORRES LLP |
|---|---|
| By: /s/ Sean Hecker<br>Sean Hecker<br>350 Fifth Avenue, Suite 7110<br>New York, NY 10118<br>Telephone: (212) 763-0883<br>Email: shecker@kaplanhecker.com | By: /s/ Marc E. Kasowitz<br>Marc E. Kasowitz<br>Gavin D. Schryver<br>1633 Broadway<br>New York, New York 10019<br>Tel.: (212) 506-1700<br>Fax: (212) 506-1800<br>Email: mkasowitz@kasowitz.com<br>        gschryver@kasowitz.com |
| ROCHE FREEDMAN LLP | *Attorneys for Defendant/Counterclaim-Plaintiff Jason Cyrulnik* |
| By: /s/ Eric Rosen<br>Eric Rosen<br>99 Park Avenue, 19th Floor<br>New York, NY 10016<br>Telephone: (646) 350-0527<br>Email: erosen@rochefreedman.com | |

*Attorneys for Plaintiff/Counterclaim-Defendants Roche Freedman LLP and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, Nathan Holcomb and Edward Normand*

SO ORDERED.

Dated: March 24, 2022
New York, New York

_____
JUDGE JOHN G. KOELTL
United States District Judge

Joint Pre-Trial Order due 30 days after decision of any dispositive motion. Ready-Trial, 48 hours notice, 21 days after submission of the Joint Pre-Trial Order.

The case will be assigned to the Magistrate Judge for General Pre-Trial purposes. The Magistrate Judge can adjust any of the pre-trial deadlines in this case.

So Ordered. JGK/U.S.D.J.