**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0889
DIRECT EMAIL  shecker@kaplanhecker.com

April 26, 2022

**Via ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

We represent Counterclaim-Defendants Kyle Roche, Devin Freedman, Nathan Holcomb, Edward Normand, and Amos Friedland (the "Firm Partners") in this matter and write pursuant to the Court's Individual Practices Rule VI.A.2 to request permission to file under seal Exhibits 1, 2, and 4 to the Declaration of Sean Hecker, which is being filed concurrently herewith. Specifically:

- Exhibit 1 is Cyrulnik's Corrected Answer to Plaintiff's Amended Complaint and Counterclaims. The Firm Partners respectfully request that the information contained in this document be sealed to the same extent that the Court previously ordered. (*See* Dkt. No. 68; *see also* Dkt. No. 99.)

- Exhibit 2 is the Memorandum of Understanding dated December 26, 2019 (the "MOU"), and Exhibits B and C thereto. The Firm Partners respectfully request that the information contained in the MOU be sealed to the same extent that the Court previously ordered. (*See* Dkt. No. 68.) In addition, for the reasons stated below, the Firm Partners respectfully request that the information contained in Exhibit B, which is a client engagement letter, and Exhibit C, which sets forth Roche Freedman LLP's attorney compensation formula, be fully sealed.

- Exhibit 4 is a confidential settlement communication. For the reasons stated below, the Firm Partners respectfully request that information relating to clients and their fee arrangements be sealed.

KAPLAN HECKER & FINK LLP                                                                                                              2

In addition, Roche and Freedman respectfully request permission to file the memorandum of law in support of their motion to dismiss under seal. In particular, they respectfully request that information relating to a client fee arrangement and Roche Freedman LLP's formula compensation be sealed.

**Client Information**

With respect to the client information contained in Exhibits 1, 2, and 4, and in Roche and Freedman's memorandum of law, as the Court has previously found, sealing is appropriate. "Notwithstanding the presumption of access under both the common law and the First Amendment," documents may be sealed to the extent "necessary to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). One such "higher value" is the "attorney-client privilege." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *see Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 161-62 (S.D.N.Y. 2003) (characterizing preservation of privileged information as "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"). Courts have thus approved requests to "keep privileged documents under seal." *Moshell v. Sasol Ltd.*, 2021 WL 67107, at *1-2 (S.D.N.Y. Jan. 4, 2021); *see also Diversified Grp.*, 217 F.R.D. at 162 (ordering redaction of privileged information).

Here, the Firm Partners requests that the Court seal information that relates to specific firm clients and their fee arrangements. Under Florida law—which Cyrulnik argues governs this action—such information is privileged and confidential. *See Tumelaire v. Naples Estates Homeowners Ass'n, Inc.*, 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) (citing Fla. Stat. §90.502(2)) ("As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by attorney-client privilege"); *Corry v. Meggs*, 498 So. 2d 508, 511 (Fla. 1st DCA 1986) ("The identity of a client and payment of a fee appear to be within the ambit of the statutory privilege and are not expressly or impliedly excluded exceptions."). Indeed, the Firm and its attorneys have an obligation to maintain information relating to clients as confidential, including details regarding ongoing litigation pursued on behalf of firm clients. *See, e.g.*, *Elkind v. Bennett*, 958 So. 2d 1088, 1091 (Fla. 4th DCA 2007) (discussing duty of attorney to maintain client information as confidential and noting that disclosure of confidential information from a client may expose attorney to liability); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 153 (Fla. 1st DCA 1995) ("attorneys owe a duty of confidentiality and loyalty to all their clients, including present and former co-clients").

**Competitive Information**

With respect to Roche Freedman LLP's compensation formula described in Exhibit 2 and in Roche and Freedman's memorandum of law, courts recognize that sealing may be proper where "public disclosure" of "information 'might harm a litigant's competitive standing.'" *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting *In re Parmalat Securities Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). For example, in *Oliver Wyman*, the court sealed information relating to partner compensation, where the proponent of sealing argued that "public disclosure would result in great harm, since its competitors would know the average compensation of [firm] partners and be able to more efficiently hire them away." *Id.*; *see also*

KAPLAN HECKER & FINK LLP                                                                                                       3

*United States v. Ahmed*, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing information relating to "compensation and bonus structure"). That is the case here. Moreover, public disclosure of the Firm's formula compensation would further harm the Firm because it would help other law firms better compete with the Firm in recruiting attorneys in the lateral market.

Thank you for your consideration of this request.

Respectfully,

Sean Hecker

cc:   Counsel of Record (via ECF)