# EXHIBIT 3

**From:** Kyle Roche kyle@rcfllp.com
**Subject:**
**Date:** February 12, 2021 at 8:03 AM
**To:** Jason Cyrulnik jcyrulnik@rcfllp.com
**Cc:** Velvel Freedman vel@rcfllp.com, Ted Normand tnormand@rcfllp.com, Nathan Holcomb nholcomb@rcfllp.com, Amos Friedland afriedland@rcfllp.com

Jason –

We are writing to inform you that, pursuant to the December 2019 MOU, Kyle, Vel, Ted, Amos, and Nate have voted to remove you for cause from the firm's partnership.

You have breached the 2019 MOU by, *inter alia*, failing to work together and co-operate in good faith and to fully participate to develop the Firm. You have also engaged in a pattern of conduct that has made it not reasonably practicable to carry on the firm and its operations with your involvement. This conduct includes:

- Repeated instances of unprofessional, unhealthy, and extended verbal abuse to other partners, evidencing your unwillingness or inability to operate the firm in a professional, respectful way with other members of the partnership, including the July 21, 2020 conversation among you, Kyle, and Vel where you screamed at both of them at the top of your lungs; and the December 30, 2020 conversation among you, Nate, and Katherine where you also screamed and mocked Nate for his concerns over diversity and the MOU's obligation to enter into a definitive partnership agreement; and multiple instances at partner meetings of you talking over, refusing to listen, and being antagonistic to other partners.

- Repeated instances of your stated intent to exercise unilateral control over the staffing of the firm's matters, to the point of countermanding your partners' efforts to staff their own matters, including when time was of the essence. You have wrongly dictated to other partners at the firm that you control staffing. You have then weaponized this fictional power to direct associates to bill only to your matters at times when other partners required resources to ensure the firm's clients are properly serviced.

- Creating unsustainable environments for associates to the point that multiple associates have expressed their intent to leave the firm should they continue to be staffed to your matters.

- Taking repeated action in an attempt to undermine the intent of the MOU and marginalize other founding partners from meaningfully participating in the firm's operations and your sustained attempt to exercise unilateral control.

- Your refusal to participate in firm-related discussions in good faith, and instead  consistently leveraging adversarial tactics, like temporizing, to the detriment of the firm. As but one example, when Kyle explained that the formula compensation committee needed to make a decision on formula compensation, you refused to engage in any compromise because you weren't yet sure whether the other members were "at their breaking point."

This list is by no means comprehensive, but it illustrates some of the ways in which you have not acted in good faith, not fully participated in developing the firm, and the reasons why it's simply not reasonably practicable to carry on the firm and its operations with your involvement. Your position, attitude, and conduct is directly and irreconcilably at odds with the goals, direction, and method of management envisioned by the other five signatories to the 2019 MOU.

Notwithstanding our decision, we intend to work with you on a transition plan to ensure that (i) your future endeavors are a success, and that (ii) the firm's clients are not prejudiced by your removal. To minimize the disruption to both of our continued business endeavors, we believe the Firm and you should enter into an agreement that encompasses the following points:

- A mutual agreement to treat all communications relating to your removal as confidential with accompanying mutual non-disparagement provisions.
- An agreed-upon communication to be sent to firm clients pursuant to the rules of professional conduct and a separate agreed-upon statement that will be provided to anyone inquiring as to the reason of your departure.
- An agreed transition plan for work related to firm clients that you are responsible for. We fully intend to ensure that the firm's matters you have originated continue to receive the resources needed for their cases. We believe Paul is in best position to continue to manage that workflow through the transition.
- An agreement on compensation owed to you.
- An agreement to confidentially arbitrate any dispute that may arise among you, us, and/or the firm.

At this point, we believe it would be most productive if we keep our communications in writing. You will continue to have access to your email and client files until at least February 25, 2021. Please let us know if you are amenable to entering into an agreement as detailed above.

Finally, we expect to hear from you on your preferred path forward by February 15, 2021. If we do not hear from your by then, we will suspend your firm accounts under the assumption that you have refused to work with us in good faith and for a peaceful transition.

Kyle Roche
Vel Freedman
Amos Friedland
Nathan Holcomb
Ted Normand

**Kyle Roche**
Partner
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 970-7509

(m) (716) 348-6003
(@) kyle@rcfllp.com