# EXHIBIT 4

**From:** Kyle Roche ky e@rcfl p.com
**Subject:** Re:
**Date:** February 19, 2021 at 5:28 PM
**To:** Jason Cyru n k  jcyru n k@rcfl p.com
**Cc:** Ve ve  Freedman  ve @rcfl p.com, Nathan Ho comb  nho comb@rcfl p.com, Amos Fr ed and  afr ed and@rcfl p.com, Ted Normand tnormand@rcfl p.com

Jason –

Please see attached confidential settlement correspondence.

**Kyle Roche**
Partner
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 970-7509
(m) (716) 348-6003
(@) kyle@rcfllp.com

**From:** Kyle Roche <kyle@rcfllp.com>
**Date:** Tuesday, February 16, 2021 at 9:57 PM
**To:** Jason Cyrulnik <jcyrulnik@rcfllp.com>
**Cc:** Velvel Freedman <vel@rcfllp.com>, Nathan Holcomb <nholcomb@rcfllp.com>, Amos Friedland <afriedland@rcfllp.com>, Ted Normand <tnormand@rcfllp.com>
**Subject:** <no subject>

Jason,
Thanks for the call on Friday. We will provide the response contemplated in our call this coming Friday.

Best,

**Kyle Roche**
Partner
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 970-7509
(m) (716) 348-6003
(@) kyle@rcfllp.com



2021-02-19 - Letter t…lnik.pdf

**Confidential Communication Pursuant to FRE 408, Fl. Stat. § 90.408 and Other Equivalent State Rules**

Jason,

We are writing you in the hope of amicably settling the monetary consequences of your removal from the firm's partnership. As we articulated in our February 12, 2021 correspondence, we believe that it is best for both you and the firm to work out a transition plan that ensures that (i) the firm's clients are not prejudiced by your removal, and that (ii) your future endeavors are a success. Regardless of whether we agree on the economic terms of your disassociation, we believe that a transition plan can be negotiated to avoid any disruption to the firm's clients.

The terms set forth in this letter are for the purposes of settlement discussions only.  This is aimed at enabling all to move on expeditiously and we reserve all rights and remedies.

- **The Side Letter**

    o   The Firm will pay you the unpaid amounts that have vested, *i.e.*, $408,000.

    o   You are not legally entitled to any contingent recovery for the ▓▓▓▓ litigation. Nevertheless, for the sake of resolving this, we will commit to paying you 12.5% of any net contingent recovery paid by ▓▓▓▓ ▓▓▓▓. If enforcement is required that necessitates diluting the firm's interest to fund the litigation, you will be diluted pro-rata. Given that the Firm still needs to expend significant resources to litigate this matter through trial, we believe this offer is more than fair.

- **The MOU**

    o   We will pay you all formula compensation earned as of the date of your removal.

    o   You are not legally entitled to the entirety of the ▓▓▓▓ In furtherance of a peaceful transition, the Firm would be willing to waive any claim to the ▓▓▓▓.

    o   You are not legally entitled to any ▓▓▓ tokens. Nevertheless, given that you spent one year at the Firm, the Firm is prepared to offer you a pro-rated portion of the 15% token allocation as set forth in Kyle's July 22, 2020 email to you.  Based on the legal services performed thus far on behalf of ▓▓▓, this is calculated as being 5% of the total amount of ▓▓▓ tokens the Firm will earn during its four-year commitment to provide legal services to ▓▓▓, with the understanding that any such conveyance will be as is, where is, and without any representations or warranties, express or implied, of any kind or nature whatsoever.

**This offer will expire by close of business on February 22, after which time we will conclude that you are not interested in an amicable financial resolution. If you believe it would be productive, the Firm is open to discussing these issues in a confidential mediation.**