USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCHE CYRULNIK FREEDMAN LLP,

    Plaintiff,

v.

JASON CYRULNIK,

    Defendant.

---

JASON CYRULNIK,

    Counterclaim-Plaintiff,

v.

ROCHE CYRULNIK FREEDMAN LLP,
KYLE ROCHE, DEVIN FREEDMAN, AMOS
FRIEDLAND, NATHAN HOLCOMB, and
EDWARD NORMAND,

    Counterclaim-Defendants.

Case No. 1:21-cv-01746 (JGK) (SN)

**STIPULATED PROTECTIVE ORDER**

---

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1.    All information of any kind provided in the course of discovery in this action ("Discovery Material") shall be used solely for purposes of the above-captioned action and shall

be destroyed or returned to the party that produced it within 30 days following the termination of the action.  Counsel for the parties may, however, retain copies of work product produced in the action for their files. Within 30 days after the termination of this action, a party may ask the producing party or the Court for relief from the provisions of this paragraph that requires destruction of documents by naming the specific bates labels the recipient wants to preserve and the legal authority the receiving party believes entitles it to preserve the documents, but may only maintain such documents if the Court orders it or the producing party agrees, which consent shall not be unreasonably withheld.

2. Any person or party subject to this Order who receives from any other person any Discovery Material that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. For purposes of this Stipulation the term "Confidential Discovery Material" shall mean any information that the producing Party believes in good faith contains non-public, sensitive or confidential information which that Party believes should not be disclosed publicly.

4. With respect to Discovery Material other than deposition transcripts and exhibits, a party or a producing person or that person's counsel may designate the Discovery Material Confidential by stamping or otherwise clearly marking it as "Confidential" in a manner that will not interfere with legibility or audibility.  Deposition transcripts shall be treated as Confidential under the terms of this Order for 30 days after the receipt of the transcript, after which time the transcript shall no longer be treated as Confidential unless a party or a producing person or that person's counsel, at the deposition or up to 30 days after receipt of the transcript, notifies all parties in writing that the entire transcript, or a portion thereof, is Confidential, after which the transcript

or such portions shall thereafter be treated as Confidential under the terms of this Order.

5.      If at any time prior to the trial of this action, a party or producing person realizes that Discovery Material that that person previously produced should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential to any other person, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, and any third-party vendors engaged by counsel for the purpose of managing documents and/or data related to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

8. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself.

9. Any party who either (i) objects to any designation of confidentiality, or (ii) requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court or, if directed by the Court, submit one or more letters to the Court, to obtain a ruling.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event that Discovery Material designated as "Confidential" is disclosed to someone not authorized to receive such information under this Protective Order, counsel of record

for the party involved shall immediately give notice of such unauthorized disclosure to counsel of record for the party who initially so designated the Discovery Material as "Confidential" and shall also describe the circumstances of the unauthorized disclosure.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. If the receiving party discovers that it has received Inadvertently Disclosed Information, it shall immediately inform the Disclosing Party.

13. Within ten business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The moving party must send a letter to the Court requesting permission to file the motion under seal and allowing the opposing party time to support the sealed treatment of the motion. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

14. This Protective Order shall survive the termination of the litigation. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

Dated: June 16, 2022

/s/ *Sean Hecker*
Sean Hecker
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0889
shecker@kaplanhecker.com

*Attorneys for Plaintiff and Counterclaim-Defendants*

Dated: June 16, 2022

/s/ *Gavin Douglas Schryver*
Gavin Douglas Schryver
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
gschryver@kasowitz.com

*Attorneys for Defendant and Counterclaim-Plaintiff*

---

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 17, 2022
          New York, New York