# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0889
DIRECT EMAIL    shecker@kaplanhecker.com

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
6/29/22

June 28, 2022

**Via ECF**
The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *Roche Cyrulnik Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

We represent Plaintiff and Counterclaim-Defendants (the "RF Parties") in this matter and write pursuant to the Court's Individual Practices Rule VI.A.2 to request permission to file under seal Exhibits 1, 2, 3, 4, 6, 9, and 10 to the RF Parties' opposition to Cyrulnik's motion to compel, which is being filed concurrently herewith. Each of these exhibits contain confidential client information that the Court has previously found was appropriately sealed. (*See, e.g.*, Dkt. Nos. 68, 99, 111.) The RF Parties respectfully request that such information be sealed again here.

"Notwithstanding the presumption of access under both the common law and the First Amendment," documents may be sealed to the extent "necessary to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). One such "higher value" is the "attorney-client privilege." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *see Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 161-62 (S.D.N.Y. 2003) (characterizing preservation of privileged information as "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"). Courts have thus approved requests to "keep privileged documents under seal." *Moshell v. Sasol Ltd.*, 2021 WL 67107, at *1-2 (S.D.N.Y. Jan. 4, 2021); *see also Diversified Grp.*, 217 F.R.D. at 162 (ordering redaction of privileged information).

Here, the RF Parties request that the Court seal information that relates to specific firm clients and their fee arrangements. Under Florida law—which Cyrulnik argues governs this action—such information is privileged and confidential. *See Tumelaire v. Naples Estates Homeowners Ass'n, Inc.*, 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) (citing Fla. Stat. §90.502(2)) ("As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by attorney-client privilege"); *Corry v. Meggs*, 498 So. 2d 508, 511 (Fla. 1st DCA 1986) ("The identity of a client and payment of a fee appear to be within the

# KAPLAN HECKER & FINK LLP

2

ambit of the statutory privilege and are not expressly or impliedly excluded exceptions."). Indeed, the Firm and its attorneys have an obligation to maintain information relating to clients as confidential, including details regarding ongoing litigation pursued on behalf of firm clients. *See, e.g., Elkind v. Bennett*, 958 So. 2d 1088, 1091 (Fla. 4th DCA 2007) (discussing duty of attorney to maintain client information as confidential and noting that disclosure of confidential information from a client may expose attorney to liability); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 153 (Fla. 1st DCA 1995) ("attorneys owe a duty of confidentiality and loyalty to all their clients, including present and former co-clients").

Thank you for your consideration.

Respectfully,

Sean Hecker

cc: Counsel of Record (via ECF)

# KASOWITZ BENSON TORRES LLP

|  | 1633 BROADWAY | ATLANTA |
|---|---|---|
|  | NEW YORK, NEW YORK 10019 | HOUSTON |
|  |  | LOS ANGELES |
| GAVIN D. SCHRYVER | (212) 506-1700 | MIAMI |
| DIRECT DIAL: (212) 506-1891 |  | NEWARK |
| DIRECT FAX: (212) 835-5291 | FAX: (212) 506-1800 | SAN FRANCISCO |
| GSCHRYVER@KASOWITZ.COM |  | SILICON VALLEY |
|  |  | WASHINGTON DC |

June 28, 2022

**By ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Re: *Roche Cyrulnik Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK)

Dear Judge Koeltl:

Pursuant to Rule 6.A.2 of Your Honor's Individual Practices, I write on behalf of Counterclaim-Plaintiff Jason Cyrulnik to request permission to file under temporary seal certain exhibits attached to Cyrulnik's letter, which is being filed concurrently herewith, responding to the June 17, 2022 and June 21, 2022 letters from Counterclaim-Defendants Roche Cyrulnik Freedman LLP, Kyle Roche, Devin Freedman, Amos Friedland, Nathan Holcomb, and Edward Normand (collectively, the "RCF Parties") concerning various discovery disputes.

Cyrulnik intends to reference and/or exhibit certain documents and information that the RCF Parties contend are confidential and warrant sealing. Although Cyrulnik does not believe the materials warrant sealing, we make this request in the interest of affording the RCF Parties the opportunity to file a motion for longer-term sealing, to which motion Cyrulnik will respond in due course. In accordance with Rule 6.A.2 of your Honor's Individual Practices, we have notified the RCF Parties of their obligation to file a letter within three days explaining the need to seal the materials.

We thank the Court for its consideration of this request.

Respectfully,

/s/ *Gavin D. Schryver*

Gavin D. Schryver

cc:   Counsel of Record (via ECF)