# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

GAVIN D. SCHRYVER
DIRECT DIAL: (212) 506-1891
DIRECT FAX: (212) 835-5291
GSchryver@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 15, 2022

**VIA ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

      Re: *Roche Cyrulnik Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK)

Dear Judge Koeltl:

      We represent Counterclaim-Plaintiff Jason Cyrulnik in this action.  On April 26, 2022, Counterclaim-Defendants Nathan Holcomb, Edward Normand and Amos Friedland moved to dismiss the claims against them on the theory that Cyrulnik failed "to 'plead[] factual content that allows the court to draw the reasonable inference' that Holcomb, Normand, or Friedland ever had an expectation of receiving a benefit for themselves" when they improperly and secretly conspired and voted to "remove" founding partner Cyrulnik from the Firm without warning, and that such a failure requires that Cyrulnik provide a more definite statement or "necessitates dismissal." (Dkt. 107-08.)  For the reasons set forth in our opposition brief (Dkt. 126), the motion is meritless as a matter of law.  However, we write to apprise the Court of new evidence – in the form of a document Cyrulnik located in Counterclaim-Defendants' limited document productions to date – that establishes that the motion is meritless as a matter of fact as well.

      Specifically, attached as Exhibit A is a copy of an "Amended Memorandum of Understanding" that Normand, Friedland and Holcomb executed (together with Counterclaim-Defendants Velvel Freedman and Kyle Roche) on the *very same night* of the February 10, 2021 secret meeting at which they improperly voted to exclude Cyrulnik from the Firm.  Through their secret agreement, Counterclaim-Defendants agreed that each of Holcomb, Freedman and Normand would receive at least the following benefits: (i) each of them would receive more than 30% more equity in the firm; (ii) each was given a written guarantee that they would receive "at least 5%" of the enormously valuable Tokens (worth many millions of dollars), with additional Tokens to be distributed to them at Freedman's and Roche's discretion; and (iii) in light of the impending loss of most of the firm's clients, who were Cyrulnik's clients, a commitment by the Conspiring Partners to liquidate portions of the enormously valuable Tokens to fund the Firm's operations. (*See* Ex. A at RF_0418990-91 (Holcomb increasing his equity in the firm by more than 30% and specifying guarantee of 5% Token share and liquidation of some Tokens for funding firm operations); *id.* (Friedland increasing his equity in the firm by more than 30% and

KASOWITZ BENSON TORRES LLP

July 15, 2022
Page 2

specifying guarantee of 5% Token share and liquidation of some Tokens for funding firm operations); and *id.* (Normand increasing his equity in the firm by more than 30% and specifying guarantee of 5% Token share and liquidation of some Tokens for funding firm operations).)

     Cyrulnik respectfully submits that this new evidence (i) is fully consistent with the allegations in Cyrulnik's pleading and the reasonable inferences drawn therefrom, and if anything reveals with more specificity the nature of the benefits Normand, Friedland and Holcomb were securing for themselves *at the very same time* that they voted to remove him, and (ii) establishes that Holcomb, Normand and Friedland were not speaking truthfully when they told the Court in their motion that Cyrulnik "cannot allege" that they "took a benefit at Cyrulnik's expense," and that any allegation that "Holcomb, Normand, and Friedland had an expectation of receiving some benefit in exchange for their votes … would be demonstrably false" (Dkt. 108 at 2, 16)), putting to rest their arguments for dismissal.

     We thank the Court for its attention to this matter.

     Sincerely,

     */s/ Gavin D. Schryver*

     Gavin D. Schryver

cc:    Counsel of record (via ECF)