# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL        212-763-0883
DIRECT EMAIL       shecker@kaplanhecker.com

July 20, 2022

**Via ECF**
The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.
7/20/22

Re:   *Roche Cyrulnik Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

We represent Plaintiff and Counterclaim-Defendants (the "RF Parties") and write in response to Defendant Jason Cyrulnik's July 15, 2022, letter seeking permission to file under temporary seal an exhibit attached to his letter of the same day. (Dkt. Nos. 170, 171.)

RF respectfully requests that the Court seal the information that Defendant sought to seal temporarily, which concerns confidential information exchanges and agreements between RF and a client. RF's request is thus substantially similar to (i) its previous requests in this action regarding sealing, which were granted by this Court (*see* Dkt. Nos. 30, 52), and (ii) its previous request regarding the sealing of identical information in Defendant's now-stayed Florida lawsuit against RF, which was granted by the Florida court (*see* Dkt. Nos. 48, 48-1, 48-2). As explained below, the same result is appropriate here.

Indeed, "[n]otwithstanding the presumption of access under both the common law and the First Amendment," documents may be sealed to the extent "necessary to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). One such "higher value" is the "attorney-client privilege." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *see Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 161-62 (S.D.N.Y. 2003) (characterizing preservation of privileged information as "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"). Courts have thus approved requests to "keep privileged documents under seal." *Moshell v. Sasol Ltd.*, 2021 WL 67107, at *1-2 (S.D.N.Y. Jan. 4, 2021); *see also Diversified Grp.*, 217 F.R.D. at 162 (ordering redaction of privileged information).

Here, the RF Parties request that the Court seal information that relates to a specific firm client and its fee arrangement. Under Florida law—which Cyrulnik argues governs this action—such information is privileged and confidential. *See Tumelaire v. Naples Estates Homeowners*

KAPLAN HECKER & FINK LLP                                                                    2

*Ass'n, Inc.*, 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) (citing Fla. Stat. §90.502(2)) ("As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by attorney-client privilege"); *Corry v. Meggs*, 498 So. 2d 508, 511 (Fla. 1st DCA 1986) ("The identity of a client and payment of a fee appear to be within the ambit of the statutory privilege and are not expressly or impliedly excluded exceptions."). Indeed, RF and its attorneys have an obligation to maintain information relating to clients as confidential. *See, e.g., Elkind v. Bennett*, 958 So. 2d 1088, 1091 (Fla. 4th DCA 2007) (discussing duty of attorney to maintain client information as confidential and noting that disclosure of confidential information from a client may expose attorney to liability); *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 153 (Fla. 1st DCA 1995) ("attorneys owe a duty of confidentiality and loyalty to all their clients, including present and former co-clients").

       Thank you for your consideration.

                                                        Respectfully,

                                                        Sean Hecker

cc:    Counsel of Record (via ECF)