UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCHE CYRULNIK FREEDMAN LLP,

    Plaintiff,

v.

JASON CYRULNIK,

    Defendant.

---

JASON CYRULNIK,

    Counterclaim-Plaintiff,

v.

ROCHE CYRULNIK FREEDMAN LLP,
KYLE ROCHE, DEVIN FREEDMAN, AMOS
FRIEDLAND, NATHAN HOLCOMB, and
EDWARD NORMAND,

    Counterclaim-Defendants.

Case No. 1:21-cv-01746 (JGK)(SN)

**PLAINTIFF'S REPLY
IN SUPPORT OF ITS MOTION TO AMEND THE CAPTION**

    Plaintiff Roche Freedman LLP (Plaintiff or the "Firm") respectfully submits this reply in support of its Motion to Amend the Caption.

    As set forth in its opening brief, Plaintiff requests the Court amend the case caption to reflect its actual name, which is now Roche Freedman LLP. (*See* Dkt. No. 157 at 2-3.). This should not be controversial. The ethical rules require renaming. 22 NYCRR, Part 1200, Rule 7.5(b). The Florida Department of State has processed the Firm's name change. (Dkt. No. 158-1.) The simple fact is that the case caption does not reflect reality and therefore should be amended.

Instead of consenting to this ministerial amendment, Cyrulnik opposes it (while, at the same time, chiding Plaintiff for "burden[ing] the Court"). It's unclear why he opposes it beyond personal animus. Cyrulnik does not claim the change would cause any confusion or prejudice. And his claim that Counterclaim Defendants breached a contractual obligation by renaming the firm both (i) concedes the name change occurred, and (ii) would not be affected in any way by the granting of this motion as renaming the case caption is "merely ministerial" and has no effect on the substantive claims. *See Gramm v. Deere & Co.*, 2021 WL 8321873, at *2 (N.D. Ind. Nov. 15, 2021) (quoting *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 2016 WL 10839543, at *5 (D.D.C. Mar. 31, 2016)).

Cyrulnik cites no case law in support of his opposition. Indeed, although Cyrulnik suggests (at 1-2) that Plaintiff's motion comes too late, he does not argue that Plaintiff waived its right to request that the caption be changed or that Plaintiff's purported delay caused any harm. And although Cyrulnik asserts that Plaintiff has "repeatedly" used the name Roche Cyrulnik Freedman LLP "throughout the body of [its] filings," Plaintiff has, to the contrary, consistently referred to itself as "Roche Freedman LLP" or "RF." (*See, e.g.*, Dkt. Nos. 48, 50, 54, 55, 70, 84, 95, 97.)

As a fallback, Cyrulnik proposes the caption be changed to *Roche Cyrulnik Freedman LLP n/k/a Roche Freedman LLP v. Jason Cyrulnik*. Cyrulnik does not offer any explanation as to why this unwieldy alternative—which includes the little-used abbreviation "n/k/a"—would promote clarity, why Plaintiff's proposed caption is inadequate, or why such an odd construction should be used. Indeed, courts routinely amend the caption to reflect changes to a party's name without retaining the party's old name in the caption. *See, e.g.*, *Applera Corp. v. MJ Research Inc.*, 2004 WL 5683983, at *1 n.1 (D. Conn. Dec. 17, 2004) (amending caption). Moreover, if Cyrulnik is demanding the case caption reflect a history of the firm's name changes, it would actually need to

say: "Roche Freedman LLP *f/k/a* Roche Cyrulnik Freedman LLP *f/k/a* Roche Freedman LLP." This is obviously silly and unwieldly. The case caption should simply reflect the parties' names and Plaintiff's name is Roche Freedman LLP.

 For the foregoing reasons, Plaintiff respectfully requests the case caption be changed to *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-01746 (JGK)(SN) (S.D.N.Y.).

Dated: July 28, 2022

By: /s/ Sean Hecker
Sean Hecker
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
Email: shecker@kaplanhecker.com

Eric Rosen
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
Tel.: (646) 350-0527
Email: erosen@rochefreedman.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to the word count feature of the word processing program used to prepare this brief, the brief contains 564 words (exclusive of the cover page, certificate of compliance, table of contents, and table of authorities), and complies with Local Civil Rule 11.1 of the Southern District of New York, as well as with this Court's Individual Practice Rule 2.D.

Sean Hecker