# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHE CYRULNIK FREEDMAN LLP,<br><br>        Plaintiff,<br><br>v.<br><br>JASON CYRULNIK,<br><br>        Defendant.<br><br>JASON CYRULNIK,<br><br>        Counterclaim-Plaintiff,<br><br>v.<br><br>ROCHE CYRULNIK FREEDMAN LLP, KYLE ROCHE, DEVIN FREEDMAN, AMOS FRIEDLAND, NATHAN HOLCOMB, and EDWARD NORMAND,<br><br>        Counterclaim-Defendants. | Case No. 1:21-cv-01746-JGK-SN |

**NOTICE OF 30(b)(6) DEPOSITION OF**
**ROCHE CYRULNIK FREEDMAN LLP**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30(b)(6), and pursuant to the Court's Scheduling Orders (Dkt. 92, 169), Defendant/Counterclaim-Plaintiff Jason Cyrulnik, by and through his undersigned counsel, will take the deposition upon oral examination, before a notary public or some other officer authorized by law to administer oaths, of one or more designated representatives of the Roche Cyrulnik Freedman LLP, on August 8, 2022, commencing at 10:00 a.m. at the offices of Kasowitz Benson Torres LLP, 1633 Broadway, New York, New York 10019, and continuing from day to day until completed.  Such deposition will be taken for purposes of discovery, for use as evidence at trial, and for any other permissible

purpose under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The deposition will take place before a court reporter and will be transcribed by stenographic means, and may be videotaped.

**PLEASE TAKE FURTHER NOTICE** that Rule 30(b)(6) of the Federal Rule of Civil Procedure requires that Roche Cyrulnik Freedman LLP designate one or more officers, directors, managing agent or other persons to testify on behalf of itself with regard to all matters known or information reasonably available to it on each of the subject matters set forth in Exhibit A attached hereto.

Dated:  July 29, 2022
        New York, New York

*/s/ Gavin D. Schryver*
Marc E. Kasowitz
Gavin D. Schryver
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
Email: mkasowitz@kasowitz.com
       gschryver@kasowitz.com

*Attorneys for Jason Cyrulnik*

**EXHIBIT A**

**DEFINITIONS**

The following definitions apply to these Topics, and shall have the following meanings and rules of construction, unless the context otherwise requires. Nothing set forth below is intended to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure ("FRCP") or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and the definitions and Topics should be construed as broadly as permitted by those rules.

1. The Uniform Definitions in Discovery Requests, including the rules of construction, set forth in Local Rule 26.3 are incorporated by reference.

2. The terms "all," "any," and "each" shall be construed as encompassing any and all.

3. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of its scope. Similarly, references to the singular shall include the plural and references to the plural shall include the singular.

4. The term "Amended Engagement Letter" shall refer to any amendment to the Engagement Letter.

5. The term "Amended MOU" shall mean the amended memorandum of understanding entered into by Kyle Roche, Velvel Freedman, Edward Normand, Amos Friedland, and Nathan Holcomb on or about February 10, 2021.

6. The term ▮▮▮▮▮ means ▮▮▮▮▮ as well as any and all of its parents, subsidiaries, predecessors, successors, affiliates, directors, executives, officers, employees, agents, representatives, and other persons or entities acting or purporting to act on its behalf.

7. The terms "concerning" and "in connection with" mean regarding, relating to, referring to, describing, evidencing, constituting, alluding to, reflecting, identifying, supporting or contradicting, containing, embodying, commenting upon, discussing, involving, showing, comprising, referencing, bearing upon, pertaining to, affecting, associated with, in whole or in part, or in any way pertinent to the referenced subject matter.

8. The term "Counterclaim-Defendants" means the Firm, Kyle Roche, Devin Freedman, Amos Friedland, Nathan Holcomb, and Edward Normand.

9. The term "Cyrulnik" means Defendant/Counterclaim-Plaintiff Jason Cyrulnik.

10. The term "Document" means any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form that is in Counterclaim-Defendants' possession, custody, or control. The term includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations. The term shall have its broadest possible meaning afforded under federal, state or other applicable law.

11. The term "Engagement Letter" shall refer to the September 30, 2019, engagement letter with ▇▇▇▇ attached as Exhibit B to the MOU.

12. The term "February 10, 2021 Meeting" shall mean the meeting of Counterclaim-Defendants that occurred on February 10, 2021, at which a vote was purportedly taken to remove Cyrulnik, as referenced in paragraph 66 of the Amended Complaint.

13. The term "February 12, 2021 Email" shall mean the email sent by Kyle Roche to Jason Cyrulnik on February 12, 2021, as referenced in paragraph 67 of the Amended Complaint.

14. The term "Firm" means Roche Cyrulnik Freedman LLP, any predecessors or successors to Roche Cyrulnik Freedman LLP (including Roche Freedman LLP), as well as Roche Cyrulnik Freedman LLP's (and its predecessors' and successors') current and former partners, associates, employees, agents, or other persons acting on its behalf or at its direction.

15. All phrases following the terms "including but not limited to" are intended to illustrate the kinds of matters that are responsive to the Request. Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of the Request.

16. The term "MOU" means the Memorandum of Understanding, dated December 26, 2019 and entered into on or about December 27, 2019 by Jason Cyrulnik, Kyle Roche, Devin Freedman, Amos Friedland, Nathan Holcomb, and Edward Normand.

17. The term "Partnership Agreement" means the partnership agreement referenced in the MOU.

18. The term "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity or association.

19. The term "Side Letter" means the Memorandum of Understanding, dated January 4, 2019 and entered into by Jason Cyrulnik, Kyle Roche, and Devin Freedman.

20. The term "Signal" means the instant messaging service known as "Signal" and developed by Signal Foundation and Signal Messenger LLC.

21. The term "Tokens" means any digital assets or cryptocurrency issued by ▮ ▮

## TOPICS OF EXAMINATION

1. The Firm's formation and recruitment of Cyrulnik.

2. The MOU (including all attachments), including the drafting and negotiation thereof.

3. The Side Letter, including the drafting and negotiation thereof.

4. The drafting and negotiation of any partnership agreement governing RCF or RF, including all efforts to draft or negotiate a partnership agreement governing RCF or RF.

5. The purported removal of Cyrulnik from the firm, including the timing of any and all discussions concerning removing Cyrulnik, and the substance of any such communications.

6. Every event, action or conduct on which RCF based its purported "for cause" termination of Cyrulnik or that RCF claims constituted "cause" as set forth in the February 12, 2021 Email.

7. The February 10, 2021 Meeting, including any communications leading up to or following the February 10, 2021 Meeting that relate thereto.

8. The February 12, 2021 email, including any communications leading up to or following the email that relate thereto.

4

9. Complaints or criticisms of the conduct of any partner at the firm lodged by employees or partners of RCF.

10. Billing rates for RCF attorneys or paralegals, including the variation of rates, discounts, and the use of different rates for contingency or class-action matters.

11. Ownership interests in RCF.

12. The decision to withhold K-1 tax forms from any partner of RCF or to characterize Cyrulnik as a non-equity partner of RCF, including the timing of such decision and conduct, the basis for such decision and conduct, and the persons involved in such decision and conduct.

13. The actual or potential removal of any partner, or the termination of any employee, from RCF.

14. Actions that constitute "cause" for removal of a partner, as referenced in Paragraph VI.G of the MOU.

15. Time billed by RCF attorneys to ▮▮▮▮▮ matters and to any matters originated by Jason Cyrulnik from January 1, 2020 through February 10, 2021.

16. Allocation of associate time at RCF.

17. The hiring of associates to staff cases at RCF.

18. The allocation of responsibility for managing and administration of RCF, including decisions with respect to allocation of associate time at RCF, retention of client files, allocation and application of client payments, opening of new matters in the RCF billing system, conflict checks, and associated processes or requirements for managing matters at RCF.

19. The work performance (including hours billed) of RCF attorneys from January 1, 2020 through March 14, 2021.

20. RCF efforts to investigate alleged misconduct by firm employees, including process for such investigations and any investigations that have been conducted to date.

21. The timing of filing of any contingency cases in 2021.

22. The departure of Katherine Eskovitz from RCF.

23. RCF's financials, including revenues and profitability, and distributions or payments to RCF Partners or employees.

24. RCF's assets as of February 10, 2021, including but not limited to (i) any cryptocurrency assets held by the Firm as of the date, (ii) any contingent or unliquidated interests in any cryptocurrency assets held by the Firm as of the date, (iii) all work in progress (WIP) and outstanding receivables, whether billed or unbilled, collected or uncollected; and (iv) actual or contemplated contingency cases commenced or to be commenced by the Firm or its attorneys.

25. To the extent not covered by Topic No. 22, all actual or contemplated contingency cases commenced by the Firm or its attorneys, including anticipated expected recoveries and actual or potential financing arrangements relating to such cases.

26. RCF's value, including but not limited to any valuations (preliminary or final) of any of its contingency cases or portfolios of cases, and efforts to value and/or secure funding for any of its cases or portfolios of cases.

27. RCF firm policies and procedures, including the adoption of any such policies and procedures or firm manuals setting forth such policies or procedures.

28. The firm's relationship with, duties owed to, and discussions with Derek Rundell.

29. RCF's indemnification of partners for legal expenses.

30. The Amended MOU, including the drafting and negotiation thereof, and any and all communications relating thereto.

31. The Tokens, including any agreements concerning or involving the Tokens, the value of the Tokens, the remittance of the Tokens, allocation of the Tokens, disposition of the Tokens, and any actual or contemplated efforts to sell or liquidate some or all of the Tokens.

32. All agreements with ▇▇▇▇ concerning scope of work, billing, payment arrangements and compensation, including but not limited to the Engagement Letter and the Amended Engagement Letter.

33. The Firm's retention of documents.

34. Use of Signal messages by the Firm's employees.

35. The Signal message produced at RF__0425682.

36. The basis for claims asserted and allegations made in RCF's Amended Complaint regarding the non-payment of RCF invoices by Cyrulnik's clients, Cyrulnik's directions to his clients regarding the same, and efforts to collect outstanding invoices.