# Kasowitz Benson Torres LLP

GAVIN D. SCHRYVER
DIRECT DIAL: (212) 506-1891
DIRECT FAX: (212) 835-5291
GSchryver@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 5, 2022

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

      Re:    <u>*Roche Cyrulnik Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK)</u>

Dear Judge Netburn:

      We write briefly in response to the letter Plaintiff/Counterclaim-Defendant RCF filed yesterday requesting an emergency conference with the Court to avoid sitting for its duly noticed 30(b)(6) deposition next week. We respectfully submit that RCF has no valid basis for refusing to appear, or for its blanket refusal to accept one of ***six different dates*** we offered to accommodate their preferred vacation schedules and other claimed commitments.

      For context, RCF has done everything it can to delay Cyrulnik's receipt of discovery – hoping to run out the clock and force him to take depositions without the documents and other discovery he is entitled to. Remarkably, since the parties' last conference with the Court one month ago, RCF has produced only a handful of documents, and ***none*** from the additional search terms the Court ordered them to run. And having repeatedly objected to written discovery requests on the grounds that Cyrulnik can obtain that information at deposition, RCF now seeks to avoid even that – unilaterally demanding that its deposition be put off until just four weeks before the current close of fact discovery (and at a time Counterclaim-Defendants know Cyrulnik cannot take the deposition due to a conflicting trial in which he is serving as lead trial counsel).

      RCF's 30(b)(6) deposition – for which RCF has had months and months to prepare – was duly noticed on July 29 to take place on August 8. That constitutes reasonable notice. *See, e.g.*, *Herstgaard v. Cherryden, LLC*, No. 1:07CV02-MP/AK, 2009 WL 2191862, at *2 (N.D. Fla. July 22, 2009) ("if depositions need to be scheduled because deadlines are running then reasonable notice of the deposition, **typically ten days**, is all that is required") (emphasis added); *Subair Sys., LLC v. Precisionaire Sys., Inc.,* No. 08–60570–CIV, 2008 WL 1914876, at *2 n.4 (S.D. Fla. Apr. 26, 2008) (rejecting argument that ten days' notice of a subpoena was not reasonable). Four days later, RCF's counsel told us that RCF was objecting to the noticed deposition and that he had a conflict on the noticed date of August 8. We offered to accommodate the professed conflict and to take the deposition on August 5, August 9, August 10, August 11, or

Kasowitz Benson Torres LLP

Hon. Sarah Netburn
August 5, 2022
Page 2

August 12 instead (which also provided RCF the 14 days' notice they have argued to be presumptively reasonable, in any case). **Counterclaim-Defendants rejected all of those dates –** along with every date the following week, and the beginning of the week after that.

RCF's refusal to sit for deposition is highly prejudicial. Under the current schedule, less than two months remain for completion of discovery. Cyrulnik has made clear that he needs the company's deposition responses to inform basic issues – such as which 30(b)(1) depositions to take (and which depositions to forego), which additional documents he needs to seek, and what other fact discovery issues we will need to raise with the Court. Cyrulnik has sought to do each of these things for weeks (he has been waiting for a proper production of Counterclaim-Defendants' documents for at least two months now), and RCF's refusal to sit for deposition for more weeks is fundamentally unfair. RCF's gamesmanship is particularly pronounced in light of the fact that *they* are the ones who pressed for this compressed discovery schedule, yet they have not been willing (or prepared) to provide or participate in the requisite discovery necessary to meet it.

Notwithstanding all of those facts, when RCF requested to delay the deposition for weeks, Cyrulnik *still* offered to accommodate the vacation schedule of Velvel Freedman (apparently the only witness who can possibly serve as RCF's corporate representative) – provided that Counterclaim-Defendants work cooperatively on proposing an adjusted schedule to the Court to account for RCF's request. RCF flat out refused that accommodation as well (and then proceeded to cite Cyrulnik's willingness to accommodate them as part of their false claim that, for some unidentified reason, Cyrulnik wishes to delay adjudication of his claims). RCF's response further confirms that their goal is to prejudice Cyrulnik and hide information until it is too late to do anything about it – not to work to accommodate scheduling conflicts and preferences they have.

Not surprisingly, RCF's letter also seeks to limit the topics that Cyrulnik can cover *at a deposition*. Notwithstanding the minimal burden associated with preparing for deposition, counsel for Cyrulnik spent considerable time during a meet and confer this past Tuesday reviewing each of the topics about which RCF raised questions and explaining what was being sought and the topic's relevance. We also agreed to further narrow certain topics based on requests RCF made during the meet and confer. Remarkably, RCF then proceeded to *ignore* all of that, instead sending a letter to the Court that pretends none of those efforts and the compromises occurred.

For example, RCF complains to the Court that Topic 20 concerns "investigations about 'employee' misconduct (as opposed to partner misconduct)" – but ignores that Cyrulnik had offered to limit Topic 20 to "any complaints that were raised by or made to the firm (or one of its principals) about misconduct **by an RCF partner**." (Ex. A at 2 (August 4, 2022 email) (emphasis added).) Similarly, RCF states that some topics are too vague to prepare for, such as their complaint that "Topic 11 simply states: '[o]wnership interests in RCF.' RF does not understand what kind of information Cyrulnik seeks concerning this topic and thus can't prepare for it." But RCF raised this issue during the meet and confer, and we offered to help them understand the topic, explaining that it referred to ownership and equity interests in the firm. RCF confirmed during the

KASOWITZ BENSON TORRES LLP

Hon. Sarah Netburn
August 5, 2022
Page 3

meet and confer that they now understood the topic, and we proceeded to confirm this in writing. (*Id.* ("Topic 11 - We confirmed for you that the reference to ownership in Topic 11 meant ownership of, or equity in, the firm – including who owned what when, and if/when/how that changed.").) Yet now they tell the Court the opposite of what they said on the meet-and-confer, and appear to demand that the topic be quashed. These are just two examples of the remarkable mischaracterizations in RCF's letter.

RCF's bid to further postpone its day of reckoning and to continue to conceal information from discovery by limiting the questions Cyrulnik can pose at deposition should be rejected. The Counterclaim-Defendants perpetrated a reprehensible scheme against Cyrulnik without notice or justification, and the time has come for them to answer for their misconduct.

Cyrulnik is available to address any of the specific subject matter issues that RCF seeks to raise to the extent the Court would like him to do so.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Gavin D. Schryver*

Gavin D. Schryver

cc:    Counsel of Record (via ECF)