KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0889
DIRECT EMAIL    shecker@kaplanhecker.com

August 10, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square, Room 430
New York, New York  10007

Re:     *Roche Cyrulnik Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (JGK)(SN)

Dear Judge Netburn:

We represent Plaintiff in this matter and write pursuant to Rule III.F of the Court's Individual Practices.

Earlier today, Plaintiff filed a letter motion with the Court seeking permission to serve certain subpoenas. As part of that motion, Plaintiff cited from the deposition transcript of Ms. Ilana Miller, the former co-general counsel of Boies Schiller Flexner LLP. The quoted language constitutes Ms. Miller's description of an interaction she had with Cyrulnik and her reaction to reading the allegations of the complaint in this matter. There is no good faith basis to maintain that the quoted language should be confidential or sealed.

Nonetheless, the parties' stipulated protective order (DE 137) provides that deposition transcripts "shall be treated as Confidential" for a period of 30-days. While no party had designated any portion of the July 26 deposition "confidential," Plaintiff inadvertently included the quoted language in its letter motion to the Court before 30-days had elapsed.

On receipt of Plaintiff's filing, Cyrulnik demanded that Plaintiff "withdraw your letter immediately and re-file without violating the protective order." Plaintiff responded that the filing was inadvertent and that it would seek to seal if Cyrulnik stood on the highly technical violation.

Plaintiff advised Cyrulnik that "[t]o avoid the unnecessary filing of documents under seal," this Court's individual rules require the parties to discuss whether material really needs to be filed under seal. Rule III.F of the Court's Individual Practices. Plaintiff also advised Cyrulnik that the protective order itself requires the parties to use "their best efforts to minimize" sealing. (DE 137 ¶8.) Finally, Plaintiff advised Cyrulnik that "on review of the quoted language, we see no

good faith basis to maintain it is confidential. Consequently, we request you confirm the material does not need to be maintained under seal so we can avoid filing [a] sealing letter."

Cyrulnik declined to agree that the quoted language could remain public without identifying a good faith basis for sealing it. He then requested that Plaintiff proceed with this sealing request. Consequently, to fulfil its obligations under the protective order, Plaintiff files this sealing request, but notes its objection and intention to oppose any letter from Cyrulnik seeking to seal this critical, relevant, and non-confidential testimony from Ms. Miller.

Thank you for your consideration.

KAPLAN HECKER & FINK LLP

Sean Hecker
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Email: shecker@kaplanhecker.com

*Attorneys for Plaintiff*