# Kasowitz Benson Torres llp

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

Gavin D. Schryver
Direct Dial: (212) 506-1891
Direct fax: (212) 835-5291
GSchryver@kasowitz.com

Atlanta
Houston
Los Angeles
Miami
Newark
San Francisco
Silicon Valley
Washington DC

August 15, 2022

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

      Re:    *Roche Cyrulnik Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK)

Dear Judge Netburn:

      We write pursuant to the Court's August 14, 2022 Order (Dkt. No. 200). As the Court knows, on May 5 and 6, 2022 – nearly a month before Cyrulnik's document production in this case – Counterclaim-Defendants served a barrage of 14 subpoenas on Cyrulnik's clients and their principals (the "Client Subpoenas"). Counterclaim-Defendants justified the Client Subpoenas on the theory that they were seeking Cyrulnik's communications with his clients to confirm RCF's nonsensical (and false) theory that Cyrulnik must have advised clients not to pay their RCF bills – even though most of that revenue would go to Cyrulnik.

      Counterclaim-Defendants refused to withdraw the Client Subpoenas, and Cyrulnik was forced to seek relief from this Court. The Court quashed the Client Subpoenas and directed Counterclaim-Defendants to seek the documents from Cyrulnik instead (Dkt. No. 125). In addressing RCF's continued desire to subpoena their former clients for their communications rather than getting them from Cyrulnik, the Court made clear:

> **I think it's really disruptive. It's a bad look. I'd like to avoid that at all costs. We don't want those clients to have to get lawyers to represent them on subpoenas**. So I'm going to direct that Mr. Cyrulnik search for these documents and provide responsive documents.

July 5, 2022 Conference Transcript ("July 5, 2022 Tr.") at 74:7-11.

      Cyrulnik had already agreed to search for all communications with his clients during the relevant time period concerning payment of RCF invoices and produced all such documents on July 11, 2022. RCF then demanded that Cyrulnik search a different, expanded time period for more communications, even though the parties had agreed on a time period for their document

KASOWITZ BENSON TORRES LLP

Hon. Sarah Netburn
August 15, 2022
Page 2

productions. The Court granted that request, and Cyrulnik made yet another production of documents reflecting those communications on July 22, 2022. In an effort to simplify (and end) this dispute, Cyrulnik has not withheld a single one of those documents on the grounds of privilege, even though the Court offered to review the documents in camera to the extent privilege concerns arose. RCF has had the complete production since July 22, 2022. And Cyrulnik will be sitting for deposition to address any other questions Counterclaim-Defendants have about their invented theory. There is nothing more to be done.

Still undeterred, Counterclaim-Defendants advised Cyrulnik last week that they were reinitiating their attempt to burden 10 clients by serving subpoenas on them notwithstanding the Court's guidance and Cyrulnik's productions. RCF's persistence confirm that the subpoenas are a manifestly improper attempt to harass Cyrulnik and his clients (who Counterclaim-Defendants unsuccessfully tried to convince to remain clients of theirs in the wake of their improper actions) and harm Cyrulnik's business.

In seeking to justify their new request, RCF expressed surprise that the communications they assumed existed do not in fact exist. Apparently, it still has not occurred to RCF that "there is not a single email reflecting Mr. Cyrulnik's statements about [RCF's] invoices" because Mr. Cyrulnik did not make any such statements – *i.e.*, he *declined* to advise his clients with respect to invoices they received from RCF because it was a matter between those clients and the firm. The frivolous allegations RCF made in its amended complaint are simply false. We certified that Cyrulnik's production was complete and that he did not withhold a single document for privilege. That should end the matter. In opposing various document requests at the July 5, 2022 hearing, RCF's counsel made representations to the Court, and the Court denied the document requests based on those representations. *See, e.g.*, July 5, 2022 Tr. at 32:9-33:19 (RCF counsel stating "I've made that representation that she [Eskovitz] left [RCF] voluntarily multiple times" and Court accepting RCF's representation in denying Cyrulnik's request for document discovery on that subject). Cyrulnik has produced all of the relevant communications, including for the extended period, and without withholding any for privilege. RCF's application in the face of all of those facts should be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Gavin D. Schryver*

Gavin D. Schryver

cc:     Counsel of Record (via ECF)