# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL       212-763-0883
DIRECT EMAIL   shecker@kaplanhecker.com

August 17, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square, Room 430
New York, NY 10007

Re:   *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (JGK)(SN)

Dear Judge Netburn:

Pursuant to the Court's order dated August 14, 2022 (DE 199), we write on behalf of Plaintiff and Counterclaim-Defendants (the "RF Parties") to provide our position with respect to Defendant Jason Cyrulnik's proposed topics for Plaintiff Roche Freedman LLP's upcoming Rule 30(b)(6) deposition. Although the parties have been able to resolve their dispute regarding the vast majority of the topics, a few remain outstanding.

**Topic 16**. This topic concerns the "[a]llocation of associate time at RCF." The RF Parties have indicated to Cyrulnik that they do not object "to questions about how allocations worked, who was involved in decisions, and policies about allocations," but that they did not believe that it was proper to require the 30(b)(6) witness to "memorize all time spent by any lawyer at the Firm across any matter that bears no relevance to the case." Reviewing specific hours is burdensome, disproportionate to the needs of the case, and its relevance is tenuous, at best. Nonetheless, to compromise and avoid further briefing, the RF Parties asked Cyrulnik's counsel whether Cyrulnik would be willing to identify particular matters in which he was interested; he refused.

The RF Parties respectfully request that this topic be limited to exclude questions about how much time specific associates spent on particular matters. It is both unreasonable to expect RF's 30(b)(6) witness to memorize such information and far more efficient for Cyrulnik to obtain that information through document discovery. *See Blackrock Allocation Target Shares v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) ("A court should strike notice topics that would result in a witness merely testifying to information readily available through document production."). Indeed, the RF Parties produced such information up through the date of his removal months ago; there is no need to require RF to tell Cyrulnik what he already knows based on those documents.

**Topics 23, 25 & 26**. Topic 23 concerns "RCF's financials, including revenues and profitability, and distributions or payments to RCF Partners or employees." Topic 25 concerns "all actual or contemplated contingency cases commenced by the Firm or its attorneys, including

**KAPLAN HECKER & FINK LLP**
2

anticipated expected recoveries and actual or potential financing arrangements relating to such cases." Topic 26 concerns "RCF's value, including but not limited to any valuations (preliminary or final) of any of its contingency cases or portfolios of cases, and efforts to value and/or secure funding for any of its cases or portfolios of cases."

The RF Parties object to each of these topics, but only to the extent that the topics seek financial information about the Firm from more than ninety days after Cyrulnik's removal (*i.e.*, on or after May 10, 2021). Cyrulnik has previously argued that such post-removal information is relevant for calculating damages for his dissociation claim. (DE 142 at 4.) But for that claim, the relevant valuation date is the date of Cyrulnik's removal, February 10, 2021. *See* Fla. Stat. § 620.8701 cmt. 3 (explaining that "the buyout price is based on the value of the business at the time of dissociation"). Events occurring after that date have no bearing on valuation despite the temptation to look at them and see how things "shook out."  This is not RF's opinion, but is the generally accepted standard for valuation experts. Specifically, the American Institute of Certified Public Accountants publishes standards for how to value a business and it instructs appraisers to "consider only circumstances existing at the valuation date and events occurring up to the valuation date," subsequent events "are not relevant to the value determined as of that date," and "[t]he valuation would not be updated to reflect those events or conditions." DE 149-11 (excerpts of AICPA standards). Nonetheless, to compromise with Cyrulnik, RF has offered information for 90 days after his removal. Cyrulnik, however, demands RF be ready to testify about financial information and contingency cases filed through the end of 2021, *i.e.,* for 10-months after Cyrulnik was removed. That just isn't relevant and should not be permitted.

**Topic 29**. Topic 29 concerns "RCF's indemnification of partners for legal expenses." Whether the Firm indemnifies partners for legal expenses, and to what extent, has no bearing on the parties' respective claims in this action. *See Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019) ("The deposition topics must be 'relevant to any party's claim or defense.'" (quoting Fed. R. Civ. P. 26(b)(1))). The Firm should not have to testify about this matter.

Thank you for your consideration.

Respectfully,

Sean Hecker

cc:    Counsel of Record (via ECF)