# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

KEVIN A. CYRULNIK
DIRECT DIAL: (212) 506-3368
DIRECT FAX: (212) 656-1792
KCyrulnik@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

October 3, 2022

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

> Re:   *Roche Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK) (SN)

Dear Judge Netburn:

We write to respectfully request reconsideration of that portion of the Court's September 28, 2022 Order (Dkt. No. 262) that included a subpoena served on Christen Ager-Hanssen (the "CAH Subpoena") among three subpoenas being quashed.

*First*, the recipients of the other two subpoenas addressed by the Court's Order, attorneys Jeroen van Kwawegen and Mark D. Richardson, both moved to quash on the ground that the subpoenas were burdensome and improper.  But Mr. Ager-Hanssen, the recipient of the subpoena at issue here, did *not* move to quash and did not claim undue burden with respect to responding to the CAH Subpoena.  Instead, it was *Counterclaim-Defendants* – obviously desiring to avoid the harmful testimony about Kyle Roche's damning admissions to Mr. Ager-Hanssen – who filed a letter requesting a pre-motion conference to address their request to file a motion to quash, or in the alternative seeking discovery.  Counterclaim-Defendants will not be burdened by a short, remote deposition of Mr. Ager-Hanssen, and they lack standing to complain about any burden to Mr. Ager-Hanssen himself.

*Second*, while the subpoenas to Mr. van Kwawegen and Mr. Richardson sought irrelevant and inadmissible purported character testimony, the CAH Subpoena seeks testimony from Mr. Ager-Hanssen – a percipient witness who possesses highly relevant information regarding core issues in the case.  Specifically, Counterclaim-Defendant Kyle Roche made candid admissions to Mr. Ager-Hanssen that he participated in a scheme to deprive Cyrulnik of the Tokens to which Cyrulnik was entitled under the MOU – the scheme that is at the heart of this case. Particularly given the dearth of Counterclaim-Defendants' written communications concerning their secret meeting and efforts to remove Cyrulnik from the firm (and their admissions that any such communications were destroyed because they were exchanged on a "disappearing message" platform), Cyrulnik should be afforded the opportunity to obtain Mr. Ager-Hanssen's testimony

KASOWITZ BENSON TORRES LLP

Hon. Sarah Netburn
October 3, 2022
Page 2


under oath.  Notably, this Court has already expressly made clear in its July 14, 2022 Order, that "[t]he Court will not otherwise limit either party in its selection of deponents."  (Dkt No. 169.)

Accordingly, we respectfully ask the Court to reconsider the inclusion of the CAH Subpoena in its recent ruling, and deny Counterclaim-Defendants' request for a conference.  To the extent Your Honor's schedule does not permit resolution of this reconsideration motion prior to the time for filing a FRCP Rule 72 objection to the September 28 ruling (*i.e.*, October 12, 2022), we respectfully request that the time for filing objections be extended until ten days following the Court's resolution of this motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Kevin A. Cyrulnik*

Kevin A. Cyrulnik

cc:      Counsel of Record (via ECF)