# KASOWITZ BENSON TORRES LLP

|  | 1633 BROADWAY | ATLANTA |
|---|---|---|
|  | NEW YORK, NEW YORK 10019 | HOUSTON |
| KEVIN A. CYRULNIK |  | LOS ANGELES |
| DIRECT DIAL: (212) 506-3368 | (212) 506-1700 | MIAMI |
| DIRECT FAX: (212) 656-1792 | FAX: (212) 506-1800 | NEWARK |
| KCyrulnik@Kasowitz.com |  | SAN FRANCISCO |
|  |  | SILICON VALLEY |
|  |  | WASHINGTON DC |

November 9, 2022

**VIA ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

      Re: *Roche Cyrulnik Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK)

Dear Judge Koeltl:

      We represent Counterclaim-Plaintiff Jason Cyrulnik in this action. We write to respond briefly to the letter filed on October 12, 2022 by the individual Counterclaim-Defendants in this action (ECF No. 268), attaching a decision by Florida's Third District Court of Appeal in *Bedoyan v. Samra*, No. 3D21-821, 2022 WL 4587419 (Fla. 3d DCA Sept. 30, 2022).

      The post-trial decision cited by Counterclaim-Defendants does not remotely support Counterclaim-Defendants' pending motion to dismiss, and, to the contrary, further confirms the propriety of Mr. Cyrulnik's claims and Counterclaim-Defendants' liability for their misconduct. Conspicuously missing from the Counterclaim-Defendants' description of the cited case is the fact that the appellate court *affirmed* the trial court's multi-million-dollar judgment against the individual partner in that case for breach of the parties' oral partnership agreement. Slip Op. at 6-8. Once the plaintiff had secured those damages, the trial court found (and the appellate court agreed) that on the facts of that case "there was no difference between what [the partner] was entitled to recover for breach of the partnership agreement and what he would have been entitled to recover for a statutory buyout of his half of the partnership assets" – where the disassociation claim that carried those same damages was properly collectable from the partnership, and the breach damages were properly collectible from the individual partner. *Id.* at 12.[1] Counterclaim-Defendants here plainly breached the parties' operative agreement (in this case, a written agreement – the parties' MOU) in addition to their fiduciary duties as they conspired to secretly steal Mr. Cyrulnik's assets, and Mr. Cyrulnik is entitled to pursue a direct

---

[1] In *Bedoyan*, the non-breaching partner voluntarily withdrew from the partnership, and was *still* entitled to compel a buyout of his partnership interest under his statutory buyout claim against the partnership. On those facts, the court observed that the right to compel the buyout could be asserted against the partnership, but that the individual defendant was liable for the same damages under the remaining legal claims, including breach of contract.

KASOWITZ BENSON TORRES LLP

Hon. John G. Koeltl
November 9, 2022
Page 2

claim against those breaching partners for damages equal to the assets (including the cryptocurrency tokens) that they sought to take away from Mr. Cyrulnik in connection with their breaches.

    We thank the Court for its attention to this matter.

                                                Sincerely,

                                                */s/ Kevin A. Cyrulnik*

                                                Kevin A. Cyrulnik

cc:    Counsel of record (via ECF)