```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ROCHE FREEDMAN LLP,<br>　　　　　　　　Plaintiff, | 21-cv-1746(JGK) |
| - against - | MEMORANDUM<br>OPINION & ORDER |
| JASON CYRULNIK,<br>　　　　　　　　Defendant. | |
| JASON CYRULNIK,<br>　　　　　　　　Counterclaim-<br>　　　　　　　　Plaintiff, | |
| - against - | |
| ROCHE FREEDMAN LLP, ET AL.,<br>　　　　　　　　Counterclaim-<br>　　　　　　　　Defendants. | |

JOHN G. KOELTL, District Judge:

　　The defendant-counterclaim-plaintiff, Jason Cyrulnik, objects pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to a discovery ruling in a September 28, 2022 Order by Magistrate Judge Netburn. ECF No. 262 (the "Order"). In response to a letter motion by plaintiff-counterclaim-defendant Roche Freedman LLP ("Roche Freedman" or the "Firm") and the other counterclaim-defendants, the Order quashed a subpoena by Cyrulnik to depose non-party Christen Ager-Hanssen. The Magistrate Judge found that the subpoena and two others that are not at issue on this objection were "burdensome, seek information not likely to be relevant or admissible at trial, and appear to have been issued for improper purposes." ECF No.

262. The Magistrate Judge repeated that description without further explanation in denying a motion for reconsideration. ECF No. 271. For the following reasons, Cyrulnik's objection is **sustained**.

Objections to a magistrate judge's ruling should be sustained only if the ruling was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Janik v. Spin Media, Inc., 16-cv-7308, 2017 WL 6021644, at *1 (S.D.N.Y. Dec. 4, 2017). Although the party seeking to overturn a magistrate judge's decision bears a "heavy burden," U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No. 04-cv-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007), the burden is not insurmountable. An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, No. 00-cv-5004, 2001 WL 1142231, at *1 (S.D.N.Y. Sept. 27, 2001). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.[1]

In this case, the Court is left with the definite and firm conviction that the Magistrate Judge erred in quashing

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

Cyrulnik's subpoena to depose Ager-Hanssen. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The subpoena at issue here was intended to elicit testimony that plainly would be relevant to Cyrulnik's counterclaim. The thrust of the counterclaim is that Cyrulnik's former partners at the Firm – then called Roche Cyrulnik Freedman LLP – schemed to oust Cyrulnik from the Firm pretextually and take for themselves Cyrulnik's share of a valuable asset of the Firm. Cyrulnik subpoenaed Ager-Hanssen after Ager-Hanssen allegedly told Cyrulnik that Roche effectively had admitted to Ager-Hanssen that Cyrulnik's allegations were true. Ager-Hanssen's presumed testimony therefore goes to the heart of the counterclaim and easily meets the "relatively low bar of relevance" imposed by Rule 401 of the Federal Rules of Evidence. United States v. Ray, 585 F. Supp. 3d 445, 459 (S.D.N.Y. 2022); see also Fed. R. Evid. 401.[2]

---

[2] The counterclaim-defendants contend that "Cyrulnik's relevance argument is based on a purported written statement from Ager-Hanssen" that was attached to Cyrulnik's objection that was submitted to this Court but that the Magistrate Judge never saw. ECF No. 279, at 15. The counterclaim-defendants are correct that "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge." Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013). But the relevance of Ager-Hanssen's subpoena is

3

Roche's alleged statements to Ager-Hanssen also likely would be admissible against Roche as the non-hearsay statement of a party-opponent, Fed. R. Evid. 801(d)(2)(A), and also may be admissible against the Firm as the statement of the Firm's "agent or employee on a matter within the scope of that relationship and while it existed," Fed. R. Evid. 801(d)(2)(D). The counterclaim-defendants argue that "Ager-Hanssen's testimony would inevitably be excluded under" Rule 403 of the Federal Rules of Evidence, which allows courts to "exclude relevant evidence if its probative value is substantially outweighed by" the danger of unfair prejudice and other risks. ECF No. 279, at 15-16; Fed. R. Evid. 403. The Court cannot determine at this point that any of Ager-Hanssen's presumed testimony would be excluded at trial under Rule 403. In any event, "[i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

---

plain even on the factual record before the Magistrate Judge. Cyrulnik advised the Magistrate Judge of the substance of Ager-Hanssen's presumed testimony, namely, that "Roche apparently admitted to Mr. Ager-Hanssen" that "Roche implemented the scheme at the heart of this lawsuit to accomplish his objective of taking back Cyrulnik's Tokens." ECF No. 260, at 1; see also id. ("At bottom, Counterclaim-Defendants ask the Court to quash a subpoena because they know that damning testimony from a third-party witness will further expose the pretextual scheme they perpetrated. . . . Mr. Ager-Hanssen has come forward to attest to Roche's damning admissions about what Roche and his partners sought to do to Cyrulnik in 2021, when the Tokens skyrocketed in value.").

4

There is no reasonable argument that the subpoena served on Ager-Hannsen would be unduly burdensome. The counterclaim-defendants claim that they will be forced to take extensive discovery to show the bias of Ager-Hanssen, but this burden cannot outweigh the potential significance of the alleged testimony. The Magistrate Judge is well-positioned to control any such discovery that goes solely to impeachment matters. Indeed, Roche Freedman and the individual counterclaim-defendants originally had sought discovery if the motion to quash were denied, a request that the Magistrate Judge could rule upon in connection with the deposition.

Finally, there is no basis to find that the deposition is being sought for an improper purpose. Ager-Hanssen has come forward with allegations that are highly relevant to the case, and it is reasonable that Cyrulnik would seek to preserve that testimony. To the extent the counterclaim-defendants contend that Ager-Hanssen is "likely to provide false testimony," ECF No. 279, at 4-6, the counterclaim-defendants may challenge Ager-Hanssen's credibility at the deposition or seek to exclude his deposition testimony before trial.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are

either moot or without merit. Cyrulnik's objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure is **sustained**.

**SO ORDERED.**

Dated: **New York, New York**
**November 22, 2022**

/s/ John G. Koeltl
**John G. Koeltl**
**United States District Judge**