

500 Fifth Avenue, 40th Floor  New York, NY 10110
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

December 21, 2022

**Via ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square, Room 430
New York, NY 10007

Re:   *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to the Court's December 7, 2022 Order (Dkt. 298), we write on behalf of all parties to apprise the Court of the status of discovery associated with the third-party deposition of Christen Ager-Hanssen.

### Document Requests to Defendant/Counterclaim-Plaintiff Jason Cyrulnik:

*RF Parties' Position.*  Plaintiff Roche Freedman LLP and the Counterclaim-Defendants (the "RF Parties") served document requests on Defendant Jason Cyrulnik concerning Mr. Ager-Hanssen.  Mr. Cyrulnik made a production of responsive documents on December 2, 2022. Separately, the parties have yet to resolve a dispute concerning whether documents in the possession of Mr. Cyrulnik's counsel must be produced. The RF Parties have today filed a motion to compel (Dkt. 300).  The RF Parties do not agree with Mr. Cyrulnik's characterizations of the communications concerning that dispute, and will address those issues in connection with the pending motion, if necessary.

*Mr. Cyrulnik's Position.*  As discussed during the parties' meet and confer, although it is his position that he is under no obligation to do so, Mr. Cyrulnik has agreed to produce three previously produced documents (one of which contains an attachment) with additional metadata that the RF Parties requested.  As for the motion to compel, Mr. Cyrulnik's counsel will address that plainly improper filing in a separate submission to the Court, but, in short, the improper filing violated the Court's rules to meet and confer in good faith before making any such filing and made express misrepresentations about the issue raised therein.  The issue raised in the letter was raised for the *very first time* during a meet and confer just *last night*, December 20, at which time Mr. Cyrulnik's counsel advised that he would take the RF Parties' request (made orally for the very first time) back to Mr. Cyrulnik and revert.  This morning, December 21, Mr. Cyrulnik's counsel then spoke with the RF Parties' counsel, Matt Leto, twice -- once at 10:14 am and then again at 10:32 am.  On that last call, Mr. Cyrulnik's counsel asked Mr. Leto to provide the authority on which he was relying for making the request, something the RF Parties have asked Mr. Cyrulnik to do regularly in this case, which he agreed to do, but has not yet sent anything.

During that same call, Mr. Cyrulnik's counsel made clear to Mr. Leto that he would discuss the issue with Mr. Cyrulnik and revert, which Mr. Leto acknowledged by virtue of his additional request that Mr. Cyrulnik's counsel revert "in short order," which he agreed to do. Just *65 minutes later*, the RF Parties filed the referenced letter with the Court, fraudulently misrepresenting to the Court what Mr. Cyrulnik's counsel said as well as the status of the meet and confer, which Mr. Cyrulnik and his counsel believe constitute serious misconduct. Minutes later, Mr. Cyrulnik's counsel demanded that the RF Parties withdraw the letter they improperly filed, and which contained misrepresentations, until Mr. Cyrulnik was given an adequate opportunity to consider an issue raised for the very first time less than 24 hours before this filing. The RF Parties flatly refused, instead demanding that Mr. Cyrulnik agree to their request in exchange for withdrawing the improper letter motion, doubling down on their improper conduct.

**Subpoena to Mr. Ager-Hanssen**:

*RF Parties' Position.* The RF Parties recently sent a document subpoena to Mr. Ager-Hanssen by email, asking him to accept service in that form. He has so far declined to respond or communicate at all, despite the fact that he appears to be in communication with Mr. Cyrulnik and his counsel. The RF Parties will continue to attempt to deliver the subpoena to Mr. Ager-Hanssen in compliance with the Federal Rules and will revert to the Court if that effort fails. As explained during the parties' meet and confer, the RF Parties cannot commit to a "deadline" for completing discovery concerning Mr. Ager-Hanssen until we obtain any response or production from him, and from the other parties discussed below.

*Mr. Cyrulnik's Position.* During the parties' recent meet and confer concerning discovery relating to Mr. Ager-Hanssen, Mr. Cyrulnik's counsel noted that if the RF Parties are unable to obtain voluntary compliance from Mr. Ager-Hanssen, they should promptly and expeditiously proceed through the proper legal channels to avoid dragging out this discovery, and noted that it is unclear what, if anything, the RF Parties have done to ensure they are ready to proceed with those channels of discovery. Mr. Cyrulnik requested that the RF Parties commit to a deadline for moving forward with those channels, but the RF Parties have refused.

**Subpoenas to other entities and individuals**:

*RF Parties' Position.* The RF Parties recently served, or are in the process of attempting to serve, subpoenas to three additional entities and one individual expected to have documents related to Mr. Ager-Hanssen. These subpoenas call for the production of documents in early January, but no recipient has yet confirmed that it will comply with that deadline. In addition, the RF Parties previously served a subpoena on Microsoft, to which Microsoft objected. The RF Parties anticipate filing a motion to compel Microsoft's production of responsive documents in the Western District of Washington shortly.

*Mr. Cyrulnik's Position.* While Mr. Cyrulnik does not understand (and submits that Counterclaim-Defendants have not adequately explained) the basis for believing that all four non-parties possess documents relevant to this case, Mr. Cyrulnik does not oppose Counterclaim-Defendants' attempts to pursue discovery provided it is done expeditiously. As with the subpoena to Mr. Ager-Hanssen referenced above, counsel for Mr. Cyrulnik made clear during

the same meet and confer that the RF Parties should promptly and expeditiously proceed through the proper legal channels if they cannot obtain any or all of this discovery by voluntary means, and requested a deadline by which the discovery must be obtained so the deposition can proceed; the RF Parties refused to commit to a deadline for doing so.

        Respectfully submitted,

        *Jonathan P. Bach*

        Jonathan P. Bach

cc:    Counsel of Record (via ECF)