# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

KEVIN A. CYRULNIK
DIRECT DIAL: (212) 506-3368
DIRECT FAX: (212) 656-1792
KCyrulnik@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

December 22, 2022

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

Re:   *Roche Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK) (SN)

Dear Judge Netburn:

We write to respectfully request reconsideration of a single portion of the Court's December 9, 2022 ruling (Dkt. No. 299) concerning Counterclaim-Defendants' refusal to respond to written discovery or produce documents in response to certain interrogatories, RFAs, and RFPs.

Counterclaim-Defendants' deficient production concerning the Firm's contingency practice.

At the initial conference, the Court noted the utility of having damages experts engaged and involved in tailoring the damages-related discovery that is needed for this case. The expert we engaged to value the Firm's pending Contingency Matters, Eric Jenkins, Managing Director and Head of Disputes Advisory at Hilco Global, has noted the remarkable absence of basic documentation that is typically available and used for such valuations. Specifically, for dozens of contingency cases, Counterclaim-Defendants have produced no (i) case engagement letters; (ii) co-counsel agreements, joint prosecution agreements, or any other fee splitting agreements; (iii) litigation financing agreements; (iv) estimated damages or provable damages for the underlying cases, supported by expert reports, other third-party support, or counsel's estimate as presented to litigation funders; (v) internal memorandum describing the merits of the matters; (vi) projections or forecasts of any cases; (vii) funding memoranda used to raise litigation funding; and (viii) documentation of any settlement offers. These are the documents an expert would typically use to construct projections of the value of each case to the Firm (and then, in turn, the value of the 27% equity interest owed to Mr. Cyrulnik).

In its December 9 Order, the Court noted that "The RF Parties report that they have already produced responsive discovery and the Firm's litigation funder has been deposed." The RF

KASOWITZ BENSON TORRES LLP

Hon. Sarah Netburn
December 22, 2022
Page 2

Parties' report regarding their production is incredible, given the absence of *any* of the foregoing documents for more than 50 contingency cases. With respect to the Court's observation that "the Firm's litigation funder" has already been deposed, that too is based on a misrepresentation of the facts by Counterclaim-Defendants. The Firm does not have a single "litigation funder." The only third party deposed regarding litigation funding was the individual who had initially invested in founding the Firm in 2019, and who to our knowledge has not funded *any* cases since. As noted, the Firm has more than 50 active contingency matters, and none of the funders who were pitched to fund or who agreed to fund any of those cases was deposed or even subpoenaed for documents. The reason for that is that we sought to obtain these documents from the parties to this case in the first instance, consistent with the Court's prior guidance to Counterclaim-Defendants that they should first attempt to obtain discovery from the parties before serving third-party discovery.

Accordingly, we respectfully ask the Court to reconsider that portion of its ruling concerning Mr. Cyrulnik's requests relating to the Firm's contingency matters,[1] and direct Counterclaim-Defendants to produce all (i) case engagement letters; (ii) co-counsel agreements, joint prosecution agreements, or any other fee splitting agreements; (iii) litigation financing agreements; (iv) estimated damages or provable damages, supported by expert reports, other third-party support, or counsel's estimate as presented to litigation funders; (v) internal memorandum describing the merits of the matters; (vi) projections or forecasts of any cases; (vii) funding memorandum used to raise litigation funding; and (viii) documentation of any settlement offers, concerning their 2020 and 2021 contingency cases.[2]

To the extent Your Honor's schedule does not permit resolution of this reconsideration motion prior to the time for filing a FRCP Rule 72 objection (*i.e.*, December 23), we respectfully request that the time for filing objections be extended until ten days following the Court's resolution of this motion.[3]

We thank the Court for its attention to this matter.

---

[1] These include Request 7 of Cyrulnik's Fifth Set of Document Requests, as well as Requests 33-34, 36-39 and 45 from Cyrulnik's First Set of Document Requests. Mr. Cyrulnik did not cite these latter requests in his initial letter to the Court because it was a pre-motion conference letter, seeking a conference to get permission to move, as opposed to a fulsome motion.

[2] To the extent Counterclaim-Defendants represent that no such documents exist, at a minimum we respectfully request that they be directed to certify that they have produced all of the documents set forth above for each of the cases that the firm commenced and or pursued in 2020 and 2021.

[3] With respect to the Court's ruling concerning the Token-related discovery, we reserve the right to request targeted discovery to the extent the Counterclaim-Defendants submit any expert testimony on the valuation of the Tokens that implicates the discovery they have not provided.

KASOWITZ BENSON TORRES LLP

Hon. Sarah Netburn
December 22, 2022
Page 3

                                                  Respectfully submitted,

                                                  /s/ *Kevin A. Cyrulnik*

                                                  Kevin A. Cyrulnik

cc:     Counsel of Record (via ECF)