# KASOWITZ BENSON TORRES LLP

KEVIN A. CYRULNIK
DIRECT DIAL: (212) 506-3368
DIRECT FAX: (212) 656-1792
KCyrulnik@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

December 27, 2022

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

   Re: *Roche Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746 (JGK) (SN)

Dear Judge Netburn:

  We write in response to Counterclaim-Defendants' December 21 letter to the Court (Dkt. No. 300) requesting a pre-motion conference to compel production of documents in the possession of Kasowitz Benson. In filing their letter, the RF Parties thumbed their noses at the Court's rules, and declined the opportunity to cure their plainly improper filing. In short, the RF Parties decided that the Court's unambiguous rules requiring the parties to act in good faith and seek to resolve disputes before burdening the Court with discovery disputes – let alone one as unorthodox as this one – simply do not apply to them.

  The RF Parties' latest letter concerns an issue that remarkably was raised ***for the very first time*** during a December 20 evening meet and confer, just ***hours*** before they filed their December 21 morning letter. To make matters worse, in response to the belated oral request they made during that meet and confer (which issue was not even listed on the agenda for that meet and confer, but that we nevertheless agreed to discuss at their urging), we agreed to consider the request, speak with our client, and revert. Consistent with that, the following morning, we asked the RF Parties' counsel, Matthew Leto, to provide the authority on which he was relying for seeking outside counsel's communications, so that we and our client could consider the request. Mr. Leto agreed to do so. But instead of following through on that commitment, just 65 minutes later, the RF Parties filed a letter with the Court, fraudulently misrepresenting the status of Mr. Cyrulnik's position on their request (purporting that Mr. Cyrulnik refused to produce the communications at issue when in reality they knew full well that he was considering their request). Rather than burden the Court with the RF Parties' misconduct, we wrote minutes later to request that the RF Parties withdraw the letter they improperly filed while we considered their request. The RF Parties refused, demanding that Mr. Cyrulnik immediately agree to their belated request in exchange for withdrawing the improper letter motion, doubling down on their improper conduct.

KASOWITZ BENSON TORRES LLP

Hon. Sarah Netburn
December 27, 2022
Page 2

      Turning briefly to the substance of the RF Parties' request, the RF Parties have received all of Mr. Cyrulnik's communications with Mr. Ager-Hansen (including a second production of those same documents and communications with the metadata requested by the RF Parties). During the meet and confer, they demanded that the Kasowitz Benson law firm  produce its communications with Mr. Ager-Hansen as well.  Setting aside that Kasowitz Benson is not a party to this lawsuit and no subpoena was served on it seeking these communications (which itself renders their request invalid), demanding that attorneys search, review and produce their own communications is highly unorthodox, and the RF Parties have failed to cite any authority supporting such a request; the only two cases cited by the RF Parties in their letter merely hold that a *client's documents* in the possession of his attorney are considered in the possession, custody or control of the client, but *do not* hold (or even discuss) that the *attorney's communications* would also be considered in the possession, custody or control of the client.  This is especially true here, where the RF Parties concede that this discovery is designed solely to impeach Mr. Ager-Hanssen, but do not (because they cannot) explain how Mr. Ager-Hanssen's communications with Kasowitz Benson have any bearing on that issue.

      Although the RF Parties violated the Court's rules, in the spirit of lessening the burden on the Court, we have reviewed our own communications with Mr. Ager-Hansen and will represent to the Court that all such communications are limited to scheduling Mr. Ager-Hanssen's deposition with the exception of one, in which Mr. Ager-Hanssen emailed a copy of a document he prepared, which is duplicative of an email he sent to Mr. Cyrulnik attaching the very same document, and which of course was produced in its entirety to the RF Parties.

      We respectfully request that the Court admonish the RF Parties for their continued flagrant violations of the Court's rules and the Court's August 19, 2022 Order (Dkt. No. 212) reminding the parties "that the Court may sanction a party and/or counsel if a litigation position is determined to be unreasonable or taken in bad faith."

      Respectfully submitted,

      /s/ *Kevin A. Cyrulnik*

      Kevin A. Cyrulnik

cc:    Counsel of Record (via ECF)