UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROCHE FREEDMAN LLP,

                         **Plaintiff,**

      -against-                                  21-CV-01746 (JGK)(SN)

                                                      **ORDER**

JASON CYRULNIK,

                        **Defendant.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On December 9, 2022, the Court ordered Plaintiff Roche Freedman and Counter-Claim Defendants (together, the "RF Parties") to produce for *in camera* inspection ten documents listed at Log Nos. 3 & 4. The RF Parties argued to the Court that these documents reflected communications between law partners where each one is acting as the other's attorney and providing legal—not business—advice.

      The attorney-client privilege attaches "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." United States v. Bein, 728 F.2d 107, 112 (2d Cir. 1984) (quoting United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961)). "Obtaining or providing such legal advice must be the 'predominant purpose' of a privileged communication." Koumoulis v. Independent Financial Marketing Group, Inc., 295 F.R.D. 28, 37 (E.D.N.Y. 2013).

Additionally, the privilege is triggered only when a client is seeking legal, as opposed to business advice. See In re John Doe Corp., 675 F.2d 482, 488 (2d Cir. 1982) ("The Upjohn privilege is clearly limited to communications made to attorneys solely for the purpose of the corporation seeking legal advice and its counsel rendering it."). Thus, when an attorney is used as a business consultant, the resulting attorney-client communications is not privileged. See In re Cnty. of Erie, 473 F.3d 413, 421 (2d Cir. 2007) ("When an attorney is consulted in a capacity other than as a lawyer, as (for example) a policy advisor, media expert, business consultant, banker, referee or friend, that consultation is not privileged.").

There is absolutely nothing in the withheld documents to suggest that the predominant purpose of the communications between the RF Parties was to provide legal advice. The documents are edits to a draft Memorandum of Understanding to establish the partnership, but none of the edits reflects legal advice. Even if the Court were to accept the fanciful idea that Kyle Roche and Velvel Freedman believed they were acting as each other's attorney during the drafting process, the advice rendered plainly concerned business interests and not legal counsel.

Accordingly, the RF Parties are ORDERED to produce the withheld documents (including any additional documents withheld on similar grounds) by no later than December 29, 2022.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   December 28, 2022
         New York, New York