USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/3/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROCHE FREEDMAN LLP,

                                        **Plaintiff,**

       -against-                                           21-CV-01746 (JGK)(SN)

                                                                       **ORDER**

JASON CYRULNIK,
                             **Defendant.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On December 22, 2022, Defendant/Counter-Claim Plaintiff ("Cyrulnik") moved for reconsideration of part of this Court's December 9, 2022 Order, which denied further discovery into the Law Firm's contingency practice. The motion is denied.

       The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. <u>Abrahamson v. Bd. of Educ.</u>, 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.</u>, 729 F.3d 99, 104 (2d Cir. 2013). The standard for granting a motion for reconsideration is strict. <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 256-57 (2d Cir. 1995). Accordingly, reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked." <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citing <u>Shrader</u>, 70 F.3d at 257).

       Fact discovery has been closed since September 30, 2022. The Court is unwilling to reopen it at this stage. Moreover, Cyrulnik has not demonstrated any change in law, new

evidence, or clear error that would justify reconsideration. To the extent that Cyrulnik's expert is only now realizing that the record is incomplete, Cyrulnik was able to consult with that expert before the close of fact discovery to avoid the current scenario. Furthermore, the record suggests that Cyrulnik deposed at least one litigation funder in addition to the individual Counter-Defendants and obtained documents related to case valuation. Thus, Cyrulnik has not been precluded from obtaining discovery on this topic and denial of Cyrulnik's motion will not create manifest injustice.

Cyrulnik's request for certification by the Roche Freedman parties is also denied, and all parties are reminded that discovery on discovery is disfavored absent a showing of abuse.

Because Cyrulnik has failed to carry the high burden required to prevail on such a motion, Cyrulnik's Motion for Reconsideration is DENIED. Any objections under Rule 72(a) to this Order or the Court's December 9 Order shall be filed within 14 days from today.

The Clerk of Court is respectfully requested to terminate the gavel at ECF No. 302.

**SO ORDERED.**

                                                              _____
                                                              SARAH NETBURN
                                                              United States Magistrate Judge

DATED:   January 3, 2023
               New York, New York