**Shapiro Arato Bach** LLP

500 Fifth Avenue, 40th Floor  New York, NY 10110
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

January 31, 2023

APPLICATION GRANTED
SO ORDERED
John G. Koeltl, U.S.D.J.
1/31/23

**Via ECF**
The Honorable John G. Koeltl
United States District Judge
500 Pearl Street, Room 14A
New York, NY 10007

Re: *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

    We write on behalf of Plaintiff and Counterclaim-Defendants Roche Freedman LLP, Devin Freedman, Edward Normand, and Amos Friedland (the "RF Parties"), pursuant to Rule VI.A.2 of the Court's Individual Practices, to request permission to file under seal Exhibits 1–5, 7, and 8 to the Declaration of Jonathan Bach, filed simultaneously with the RF Parties' Response to Defendant's Objection to Judge Netburn's Order Dated December 9, 2022.

    There is good cause to seal these exhibits. Exhibits 1–5 are appropriately sealed because they reflect the Counterclaim-Defendants Freedman, Normand, Friedland, Roche, and Holcomb's testimony regarding private financial transactions, which the RF Parties contend have no bearing on the merits of this action. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) (explaining that a "party's interest in the confidentiality of its general financial records is a countervailing factor that can outweigh the public's right of access," and finding that party's "banking records" should be sealed). Exhibit 8, which contains information about the specific amounts of Tokens received by the Firm and the date of that transfer, should properly be sealed for the same reason, and also because it reflects the payment terms of an agreement between the Firm and a Firm client, which are privileged. *See Tumelaire v. Naples Estates Homeowners Ass'n, Inc.*, 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) ("As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by the attorney-client privilege.").

    Exhibit 7 is appropriately sealed because it reflects Plaintiff Roche Freedman LLP's testimony regarding confidential information about pending litigation, including the merits of certain cases, the status of those cases (including information about recoveries obtained in those cases), and the extent to which funding has been sought or obtained in connection with those cases. *See, e.g., PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. Of Pharm.*, 2022 WL 4956050, at *3 (S.D.N.Y. Aug. 26, 2022) ("Confidential client or customer information is commonly sealed by courts applying the *Lugosch* standard.").

    Finally, sealing these exhibits will not substantially impede the public's ability to understand the parties' arguments regarding the merits of this dispute or any judicial resolution. These documents, submitted in connection with a discovery dispute, "play only a negligible role in the performance of Article III duties" and are therefore "accorded only a low presumption that

amounts to little more than a prediction of public access absent a countervailing reason.'" *In re SunEdison Securities Litig.*, 2019 WL 12043498, at *1 (S.D.N.Y. Sept. 25, 2019) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)); *see also id.* ("the presumption of public access is 'generally somewhat lower' for documents submitted in connection with a discovery dispute or an *in limine* motion." (quoting *Brown*, 929 F.3d at 50)).

Respectfully,

/s/ *Jonathan P. Bach*

Jonathan P. Bach

cc: Counsel of Record (via ECF)