UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCHE FREEDMAN LLP,

    Plaintiff,

v.

JASON CYRULNIK,

    Defendant.

---

JASON CYRULNIK,

    Counterclaim-Plaintiff,

v.

ROCHE FREEDMAN LLP, KYLE ROCHE, DEVIN FREEDMAN, AMOS FRIEDLAND, NATHAN HOLCOMB, and EDWARD NORMAND,

    Counterclaim-Defendants.

---

Case No. 1:21-cv-01746 (JGK)

**DECLARATION OF ERIC ROSEN**

I, Eric Rosen, declare as follows:

1. I am a partner at the law firm Freedman Normand Friedland LLP, f/k/a Roche Freedman LLP (the Firm), and counsel of record for that entity in the above-captioned matter. I am familiar with the pleadings in this matter and, unless otherwise indicated, I have personal knowledge of the facts herein.

2. I submit this declaration in connection with the Firm's privilege assertions.

3. I had no involvement in the decision to terminate Jason Cyrulnik.

4. At the time of Cyrulnik's termination, I was not an equity partner in the Firm, and I had no personal financial stake in the Firm's dispute with Cyrulnik.

5. In February 2021, and continuing through the present, I was the Firm's General Counsel.

6. After a dispute with Cyrulnik arose in early February 2021, he made certain demands on the Firm.

7. At that time, the Firm consulted me, solely in my capacity as General Counsel, to provide legal advice to the Firm to oversee a settlement overture, a FRE 408 communication, and to otherwise act as counsel to the Firm in its dispute with Cyrulnik.

8. Solely in my capacity as the Firm's General Counsel, the Firm asked me to (i) assess the legal merits of Cyrulnik's demands, (ii) ensure any offers properly reflected risks and the Firm's legal obligations, (iii) advise on settlement strategy (including the language of the offer), (iv) help the Firm understand the legal and strategic ramifications of its actions, and (v) generally guide it through the dispute with Cyrulnik.

9. I was not consulted on business decisions related to Cyrulnik.

10. As mentioned above, I was asked to advise the Firm on a FRE 408 communication. This settlement communication went through several draft iterations, with both myself and the Firm exchanging comments and edits via email as I worked toward revising the draft communication toward its final form with the assistance of my client (the Firm) and the advice of outside counsel to the Firm.

11. Throughout this process, I understood myself to be acting solely in my role as General Counsel for the purpose of providing the Firm with legal advice, as well as for the purpose of liasing with the Firm's outside counsel.

12. A final version of the settlement communication was sent to Cyrulnik on February 19, 2021.

I declare under penalty of perjury that the above is true and correct.

Dated: New York, New York
February 2, 2023

/s/ *Eric Rosen*
Eric Rosen