```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――

ROCHE FREEDMAN LLP,

            Plaintiff,          21-cv-1746(JGK)

    - against -               **MEMORANDUM**
                                              **OPINION & ORDER**
JASON CYRULNIK,

            Defendant.
―――――――――――――――――――――――――――――

JASON CYRULNIK,

            Counterclaim-
            Plaintiff,

    - against -

ROCHE FREEDMAN LLP, ET AL.,

            Counterclaim-
            Defendants.
―――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

The defendant-counterclaim-plaintiff, Jason Cyrulnik, objects to two rulings by Magistrate Judge Netburn in a December 9, 2022 order refusing to compel responses to interrogatories and requests for production relating to the transfer or disposition of Tokens and information relating to the plaintiff-counterclaim-defendant's contingency practice. See ECF No. 299 (Magistrate Judge's order); ECF No. 311 (Magistrate Judge's denial of motion for reconsideration); ECF No. 330 (Fed. R. Civ. P. 72(a) objection). For the following reasons, Cyrulnik's objection is **overruled**.

When considering objections to an order issued by a Magistrate Judge concerning discovery-related matters, the Court

must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Lastra v. City of New York, No. 16-cv-3088, 2020 WL 5596100, at *1 (S.D.N.Y. Sept. 18, 2020). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes," including discovery disputes, and "reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No. 04-cv-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).[1]

In this case, the Magistrate Judge concluded that no further discovery was warranted with respect to the transfer or

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

disposition of Tokens because "[t]he Court has previously ruled that [the counterclaim-defendants] have satisfied their discovery obligations with respect to the Tokens," while no further discovery was warranted into Roche Freedman's contingency practice because the counterclaim-defendants "already produced responsive discovery and the Firm's litigation funder has been deposed." ECF No. 299 at 1; see also ECF No. 311 at 2 ("Cyrulnik deposed at least one litigation funder in addition to the individual Counter[claim]-Defendants and obtained documents related to case valuation. Thus, Cyrulnik has not been precluded from obtaining discovery on this topic and denial of Cyrulnik's motion will not create manifest injustice."). Cyrulnik argues that additional discovery into these topics would have been "highly relevant and tailored," ECF No. 330 at 3, but the Magistrate Judge's contrary conclusion was neither clearly erroneous nor contrary to law. Rather, it was well within the Magistrate Judge's "broad discretion in resolving discovery disputes." Williams, 236 F. Supp. 3d at 804.

Moreover, Cyrulnik's discovery requests were untimely. "[A] party seeking to file a motion to compel after discovery has closed must . . . establish good cause." Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011). Cyrulnik filed his motions to compel nearly two months after the close of fact discovery and has not established good cause for the delay.

3

The untimeliness of the requests is reason enough to uphold the Magistrate Judge's denial of the motion to compel. See Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009) ("[T]he district court did not abuse its discretion in denying Plaintiff's motion to compel discovery, which was filed over one month after the close of discovery, as untimely.").

Because the Court cannot conclude that the Magistrate Judge's rulings on Cyrulnik's untimely and burdensome requests were clearly erroneous or contrary to law, Cyrulnik's objection is overruled.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. Cyrulnik's objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure is **overruled**. The Clerk is directed to close ECF No. 330.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **February 21, 2023**

                                          _____
                                              John G. Koeltl
                                         **United States District Judge**