

500 Fifth Avenue, 40th Floor  New York, NY 10110
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

March 2, 2023

**Via ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Koeltl:

We respectfully submit this pre-motion letter on behalf of Plaintiff Roche Freedman LLP and Counterclaim Defendants Devin Freedman, Edward Normand, and Amos Friedland (the "RF Parties") in anticipation of submitting a short motion that would challenge, purely as a matter of law, the viability of several causes of action asserted by Plaintiff Jason Cyrulnik. We note the RF Parties' motions to dismiss remain pending (Dkts. 102, 107) and therefore anticipate filing a motion for judgment on the pleadings.[1]

The motion's central argument would be that, having asserted a cause of action for breach of contract, Cyrulnik's breach of fiduciary duty, conversion, and conspiracy claims based on the same allegations are barred by the independent tort doctrine. "Under New York law, a breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012).

The motion would serve dual purposes. First, if granted in whole or in part, it could resolve entire claims or claimed categories of damages, thereby facilitating resolution of the case as a whole. (*See* Dkt. 361). Second, by resolving these narrow legal issues, the parties' summary judgment briefing could focus more on issues concerning the factual record.

The argument, as noted above, is straightforward. "To bring a tort action alongside a contract claim, the alleged breach of duty must be distinct from, or in addition to, the breach of contract." *Alitalia Linee Aeree Italiane, S.p.A. v. Airline Tariff Pub. Co.*, 580 F. Supp. 2d 285, 293 (S.D.N.Y. 2008). Cyrulnik cannot satisfy this standard. He asserts a breach of contract claim based

---

[1] To that end, the RF Parties would answer first, but do so without waiver of their already-filed motion to dismiss. *See Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619, at *2 (S.D.N.Y. Dec. 18, 2020) (holding filing an answer after a motion to dismiss was not improper based on the Second Circuit's endorsement of a simultaneous motion to dismiss and answer in *Beary v. W. Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985)); *Lifeguard Licensing Corp. v. Kozak*, 2016 WL 3144049, at *4 (S.D.N.Y. May 23, 2016) (finding that Rule 12(b) does not "prohibit filing the answer after a motion to dismiss has been filed but before it has been decided").

The Honorable John G. Koeltl  
March 2, 2023

Page 2

on two written agreements—an MOU and a side letter—alleging that both are valid and binding agreements. (Counterclaim ¶¶ 38, 127-28). None of his tort claims is distinct from his alleged breach of contract. His conversion claim expressly incorporates the allegations that underlie his contract claim and otherwise just restates those same allegations. (*Id.* ¶¶ 130-31, 149, 150). *See Advanced Oxygen Therapy Inc. v. Orthoserve Inc.*, 572 F. Supp. 3d 26, 38 (S.D.N.Y. 2021) (dismissing conversion claim "where the underlying facts are not sufficiently distinguishable from a breach of contract claim"). The same is true of his breach of fiduciary duty claim. (*Compare* Counterclaim ¶¶ 147–48, 171, 174 *with* Counterclaim ¶¶ 130, 142). *See N. Shipping Funds I, LLC v. Icon Cap. Corp.*, 921 F. Supp. 2d 94, 106 (S.D.N.Y. 2013) (dismissing fiduciary duty claim). Finally, each of Cyrulnik's tort claims seeks the identical measure of damages as his contract claims. (*Compare* Counterclaim ¶ 137 *with* Counterclaim ¶¶ 144, 148, 155, 161 166, and 174). "Generally, a tort cause of action that is based upon the same facts underlying a contract claim will be dismissed as a mere duplication of the contract cause of action particularly where . . . both seek identical damages. *MVP Health Plan, Inc. v. OptumInsight, Inc.*, 2014 WL 5475287, at *2 (N.D.N.Y. Oct. 29, 2014), *aff'd*, 765 Fed. Appx. 615 (2d Cir. 2019).

Cyrulnik's conspiracy claim should be dismissed on the additional ground that New York does not recognize conspiracy as an independent tort. *See Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 369 (S.D.N.Y. 2009) ("Civil conspiracy is not an independent tort in New York, and this claim is therefore dismissed."). Relatedly, Cyrulnik's promissory estoppel claims sounds in quasi-contract and thus cannot be asserted alongside a contract claim. *Celle v. Barclays Bank P.L.C.*, 851 N.Y.S.2d 500, 501 (1st Dep't 2008) ("In the absence of a duty independent of the agreement, the promissory estoppel claim was duplicative of the breach of contract claim.").

Please note that the RF Parties expressly reserve the right to argue in summary judgment that Cyrulnik has no final binding contract but at best only a preliminary "Type II" agreement. *See, e.g., Brown v. Cara*, 420 F.3d 148, 153 (2d Cir. 2005). Case law is clear, however, that even a Type II preliminary agreement is sufficient to defeat the assertion of torts that derive from the duties associated with the agreement. *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 227 (S.D.N.Y. 2012) (dismissing fraud claim as duplicative of claim for breach of type II preliminary agreement); *Gas Nat., Inc. v. Iberdrola, S.A.*, 33 F. Supp. 3d 373, 381 (S.D.N.Y. 2014) (dismissing promissory estoppel claim as duplicative of claim for breach of a type II preliminary agreement); *New York Metro Peterbilt, Inc. v. Peterbilt Motors Co.*, 2015 WL 1469212, at *4–6 (E.D.N.Y. Mar. 30, 2015) (dismissing fraud claim as duplicative of claim for breach of a preliminary contract).

For these reasons, the RF Parties respectfully seek leave to file their motion.

Respectfully,

*/s/ Jonathan P. Bach*

Jonathan P. Bach

cc:   Counsel of Record (via ECF)