**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

March 29, 2023

<u>Via ECF</u>
The Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square, Room 430
New York, NY 10007

Re:   *Roche Freedman LLP v. Jason Cyrulnik*, No. 1:21-cv-1746 (S.D.N.Y.)

Dear Judge Netburn:

We write on behalf of Plaintiff and Counterclaim-Defendant Roche Freedman LLP ("RF") to respectfully request a limited amendment to one sentence of the Court's order of yesterday, March 28, 2023. (Dkt. No. 375.)[1]

Specifically, the Order states: "In October 2022, these videos led to the *disqualification* of Roche Freedman as class counsel in a substantial class action litigation." (*Id.* at 2 (emphasis added). RF respectfully requests this sentence be amended to reflect that Judge Failla did not issue a disqualification order, so that it reads in sum and substance as follows: "In October 2022, these videos led to the *removal* of Roche Freedman as *interim class counsel* in a substantial class action litigation."

While this correction may seem minor, it is of consequence to RF. Judge Failla specifically stated that she did not regard "the issue" in the Tether litigation "as one of disqualification of a firm." (Ex. 1, *Tether* Tr. at 3:20-4:1.) Instead, she found that RF's continued involvement, "actually [arose] under Federal Rule of Civil Procedure 23(d)(2), which allows an order under Rule 23(d)(1) to be altered or amended from time to time and to be combined with an order under Rule 16." (*Id.*) Her order emphasized that the class in the *Tether* case would face additional litigation burdens as a result of the videos and Mr. Roche's continued involvement, and that the potential distraction outweighed the benefit of RF's continued role as one of three interim lead counsel in the case. This finding is markedly different from an order of disqualification based on specific findings of fact and legal conclusions, which Judge Failla expressly stated she was not making. (*Tether* Tr. at 10:20-11:1.)

RF respectfully requests the proposed amendment, or any similar language the Court sees fit to use, so that its counterparties in other litigation cannot seize upon this Order to wrongly claim the firm has been "disqualified," which is untrue and has other implications. Notably, RF does not

---

[1] "Provided a district court has jurisdiction over a case, it possesses 'inherent power' to reconsider interlocutory orders 'when it is consonant with justice to do so.'" *Hassan v. Fordham Univ.*, 533 F. Supp. 3d 164, 166-67 (S.D.N.Y. 2021).

believe this modification would have any substantive effect on the Court's Order; it merely corrects a small, but consequential, error in the recitation of the history of this issue.

Respectfully,

*/s/ Jonathan Bach*

Jonathan Bach

cc:   Counsel of Record (via ECF)