quinn emanuel  trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7228

WRITER'S EMAIL ADDRESS
lukenikas@quinnemanuel.com

April 18, 2023

VIA ECF

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *Roche Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746

Dear Judge Koeltl:

My firm represents Nathan Holcomb in the above-captioned action, having recently replaced the counsel engaged by Plaintiff Roche Freedman LLP (the "Firm") to represent him. Cyrulnik's counsel has consented to an extension until April 24 of Holcomb's time to file an Answer. I write now regarding Holcomb's intention to file a motion for summary judgment in this case

No claims against Holcomb should survive summary judgment. As this Court acknowledged in ruling on the motion to dismiss filed by Holcomb, Normand, and Friedland, each of the common-law claims that Cyrulnik asserts against Holcomb has "as an essential element either (1) damages to the plaintiff or (2) the defendant's taking some benefit from the plaintiff." (Dkt. #374 at 19.) The Court held that Cyrulnik had offered allegations sufficient to withstand a motion to dismiss by alleging that "the Individual Counterclaim-Defendants conspired and then voted to remove him from the Firm without cause in order to deprive him of compensation to which he was entitled under the MOU and the Side Letter" and that "the Individual Counterclaim-Defendants continue to withhold the rest of the assets to which he claims he is entitled, namely, the value of his equity interest in the Firm, his share of the Tokens as contemplated in the MOU, and his stake in [a] major cryptocurrency matter." (*Id.* at 20.) The Court further held that "Cyrulnik plausibly alleges that the Individual Counterclaim-Defendants, including Holcomb, Friedland, and Normand, benefited financially from Cyrulnik's removal." (*Id.* at 22.)

In his summary judgment motion, Holcomb will show that his vote to remove Cyrulnik was lawful and that Holcomb neither expected to nor did benefit financially from Cyrulnik's removal. Nor did Holcomb's vote cause any damages to Cyrulnik. Put simply, Holcomb did not receive a single

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Token from the Firm that Cyrulnik is seeking to recover in this case. Following the vote, Cyrulnik's entitlement to compensation, if any, was controlled by the terms of the parties' MOU and the applicable law. Holcomb had neither a personal obligation to pay Cyrulnik whatever he might be owed nor the power to cause the Firm to pay Cyrulnik. To the extent the Firm may owe Cyrulnik compensation, Holcomb's vote to remove Cyrulnik was not the cause of the Firm withholding compensation from Cyrulnik, and Holcomb did not otherwise cause the Firm to withhold the Tokens that Cyrulnik is seeking or benefit financially from that happening. To hold Holcomb personally liable on these facts would require imputing to Holcomb the acts and obligations of the Firm. This would defeat the protections of a limited liability partnership.[1]

Holcomb is also entitled to summary judgment on the statutory claims that survived his motion to dismiss. As the Court has recognized, the remedy Cyrulnik seeks through his dissolution claim is a judgment dissolving the firm, with orders directing that the Firm wind up its activities and directing that Cyrulnik participate in this windup. (*Id.* at 14–15.) Cyrulnik's dissolution claim can provide no remedy against Holcomb because Holcomb has renounced his partnership in the Firm.

The Court has also recognized that Cyrulnik's accounting claim does not allow for compensatory damages against Holcomb, while allowing that Holcomb may be required to provide information concerning the partnership's business and affairs. (*Id.* at 15–16.) Holcomb will demonstrate that throughout the time he was an equity partner of the Firm, he was denied access to information about the Firm's finances that Cyrulnik seeks through his accounting claim. Therefore, Holcomb is not a proper target of the accounting claim.

In sum, Holcomb requests (1) an extension until April 24 of his time to file an Answer, per agreement with Cyrulnik's counsel; (2) a reasonable extension of the deadlines for summary judgment briefing affording time to review the discovery record and case file after the Firm produces it; and (3) permission to file a summary judgment motion that disposes of all claims against Holcomb. Holcomb respectfully reserves the right to add additional grounds to his summary judgment motion after receiving the full discovery record.

Respectfully submitted,

*/s/ Luke Nikas*

Luke Nikas

Cc:     All Counsel of Record (via ECF)

---

[1] Holcomb is entitled to summary judgment on the tort claims against him on the additional ground that they are barred under the independent tort doctrine.