UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROCHE FREEDMAN LLP,

                           Plaintiff,

-against-                            21-CV-01746 (JGK)(SN)

**ORDER**

JASON CYRULNIK,
                           **Defendant.**
-------------------------------------------------------------

**SARAH NETBURN, United States Magistrate Judge:**

      This order follows a protracted exchange between the parties and the Court regarding the sealing of numerous documents filed in connection with the parties' cross motions for summary judgment. See ECF Nos. 422, 426, 436, 439, 440, 444, 445, 451, 459, 469, and 478.

      The Court is skeptical of the propriety of sealing most of the filings at issue. All parties are reminded that a party seeking sealing bears the burden of overcoming the presumption of public access, a presumption that is particularly strong at the summary judgment stage. See Brown v. Maxwell, 929 F.3d 41, 49-50 (2d Cir. 2019). The Court of Appeals has observed that such public access "is integral to our system of government." United States v. Erie Cnty., N.Y., 763 F.3d 235, 238-39 (2d Cir. 2014). For this reason, the parties' mutual insistence on exploiting what is typically a routine matter to find some marginal strategic edge is as disappointing as it is frustrating. Moreover, the parties' various submissions have done little to adequately frame or narrow the issues before the Court, despite direction from both myself and Judge Koeltl. See ECF Nos. 449, 455.

      For these reasons, and in the interest of judicial economy, the Court declines, without prejudice, the parties' varied sealing requests. However, the documents already filed under seal shall remain sealed pending further order of the Court. As explained below, the Court will hold a

hearing to provide the parties with final rulings on what may or may not be sealed in this matter, after which the parties will be given the opportunity to withdraw their current exhibits and refile more concise versions with considerably more limited redactions.

In advance of that hearing, the parties are ORDERED to reevaluate their submissions and designations and ensure that their amended proposals are both narrowly tailored and appropriate under the law. The parties are further ORDERED to deliver two (2) bound copies of their proposed amended summary judgment filings with highlighted redactions to my chambers no later than 5:00 p.m. on Thursday, August 10, 2023. No written argument should accompany these submissions. The Court intends to walk through every designation with the parties and has set aside two hours for that purpose. Should that prove insufficient the Court will hold an additional hearing at a later date.

Accordingly, a hearing is scheduled for Friday, August 11, 2023, at 4:00 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. At this hearing the parties will present to the Court, with specificity and *direct* supporting authority, what portions of their amended summary judgment papers they believe should be filed under seal. To facilitate the parties' preparation for this hearing, the Court makes the following preliminary observations of law:

Any sealing request made pursuant to attorney-client privilege must properly invoke that privilege. Communications that happen to be between lawyers or made in the presence of lawyers, or that merely occur at a law firm or in the context of ongoing litigation are not inherently privileged. Further, "the fact of representation is generally neither privileged nor confidential" and "attorney-client privilege and the duty to preserve client confidences and secrets are not co-extensive[.]" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 145 (2d Cir. 2016) (internal quotation marks omitted). "The burden of establishing the

existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." Allianz Glob. Invs. GmbH v. Bank of Am. Corp., 609 F. Supp. 3d 287, 289 (S.D.N.Y. 2022) (quoting United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 119 F.3d 210, 214 (2d Cir. 1997)). The privilege "should be strictly confined within the narrowest possible limits consistent with the logic of its principle." Id.

With regard to so-called confidential business information, "[p]urported trade secrets and other confidential commercial information enjoy no automatic protection from disclosure." Turick by Turick v. Yamaha Motor Corp., USA, 121 F.R.D. 32, 35 (S.D.N.Y. 1988). "With respect to proof of competitive harm, vague and conclusory allegations will not suffice[,]" and a "[m]ovant must prove that disclosure would work a clearly defined and very serious injury. Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc., 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) (internal quotation marks omitted). In addition, "[t]he mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis in itself to overcome the presumption in favor of public access to judicial documents." Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 413 (S.D.N.Y. 2015).

As to the privacy interests of non-parties, such as employees, the Court is amenable to *narrowly tailored* redactions to protect the disclosure of sensitive information. By narrowly tailored the Court means the redaction of names and identifying information, not the wholesale sealing of any document that contains potentially embarrassing information.

Finally, Defendant is warned that the filing of exhibits such as deposition transcripts in their entirety, rather than in relevant excerpted part, has done nothing but complicate this issue and generate needless work for the Court. The Court fully anticipates that all parties' amended filings will be limited to what is actually cited in their respective briefs and 56.1 statements.

The Clerk of Court is respectfully directed to terminate the gavels at ECF Nos. 469 and 478.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   August 4, 2023
         New York, New York

4