**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ROCHE FREEDMAN LLP,**
**Plaintiff,**

**- against -**

**JASON CYRULNIK,**
**Defendant.**

**JASON CYRULNIK,**
**Counterclaim-Plaintiff,**

**- against -**

**ROCHE FREEDMAN LLP, ET AL.,**
**Counterclaim-Defendants.**

**21-cv-1746(JGK)**

**MEMORANDUM OPINION & ORDER**

**JOHN G. KOELTL, District Judge:**

The counterclaim-defendants -- Roche Freedman LLP ("Roche Freedman" or the "Firm"), Edward Normand, Devin Freedman, Amos Friedland, and Kyle Roche -- object pursuant to Federal Rule of Civil Procedure 72(a) to an order by Magistrate Judge Netburn denying, in relevant part, the counterclaim-defendants' request to reopen discovery. ECF No. 453 (Magistrate Judge's order); ECF No. 458 (Rule 72(a) objection). For the following reasons, the objection is **overruled.**

Fact discovery closed on September 30, 2022. See ECF No. 311 at 1. On June 26, 2023, the counterclaim-defendants sought "leave to reopen discovery for the limited purpose of uncovering recent communications and agreements between Defendant Jason

Cyrulnik and former Counter-Defendant Nathan Holcomb." ECF No. 448 at 1. The impetus of the request was that Holcomb, a former founding partner of Roche Freedman against whom Cyrulnik had brought counterclaims (see Cyrulnik Answer & Counterclaims, ECF No. 73) and who in April 2023 advised the Court of his intent to seek dismissal of those counterclaims (see ECF No. 397), had suddenly "switched sides" by signing a May 4, 2023 declaration in support of Cyrulnik's motion for summary judgment (see Cyrulnik Decl., Ex. 3 ("Holcomb Decl."), ECF No. 477-3), shortly after which Cyrulnik dismissed his claims against Holcomb (see ECF No. 447). See generally ECF No. 448 at 1.

In their request to reopen, the remaining counterclaim-defendants sought "documents relating to any agreement between Holcomb and Cyrulnik, and to the various iterations of Holcomb's declaration as exchanged between Holcomb and Cyrulnik, as well as related communications bearing on the evolving relationship between them." Id. at 2. The counterclaim-defendants argued that they were "entitled to discovery concerning [these] recent developments," which would go "to the substance of Holcomb's anticipated testimony and to his bias and credibility." Id. Cyrulnik opposed the request to reopen, noting that the counterclaim-defendants "already took the position that no discovery may be had after the end of discovery -- even if discovery is sought into new events or information." ECF No. 450

at 1. Cyrulnik also noted that the counterclaim-defendants "had an opportunity to ask questions of Holcomb at his deposition (which took place after he gave notice of his departure from the firm, and after he retained individual counsel to represent him)." Id. at 2.[1] Cyrulnik asked that, if discovery were reopened, it be limited to "production of (i) any settlement agreements entered by any witnesses in this case after the close of discovery, (ii) the deposition transcript that Cyrulnik sought after the close of discovery from [a related] case, and (iii) Cyrulnik be permitted to take targeted discovery relating to the facts that he learned of for the very first time in recent weeks." Id.

Magistrate Judge Netburn denied both parties' requests in the following text order:

> The RF Parties' request to reopen discovery is DENIED, and Cyrulnik's cross-motion to reopen is also DENIED. Upon review of the parties['] letters, as well as the declaration that is the genesis of this dispute, it appears likely that the RF parties had reason to believe that Holcomb had become adverse to them prior to his deposition. Moreover, his declaration concerns communications with the RF Parties and their agents and therefore no discovery is warranted. To the extent Holcomb is ever called as a witness in this matter, he of course may be subject to cross-examination regarding the circumstances of his settlement with Cyrulnik, but the RF parties' desire to gather additional impeachment evidence, in and of itself, does not justify reopening discovery.

[1] As proffered in his declaration, Holcomb gave notice of his departure from the Firm on September 18, 2022; Holcomb's deposition in this action was September 29, 2022; and October 18, 2022 was his last day at the Firm. Holcomb Decl. ¶¶ 105-106.

ECF No. 453. The counterclaim-defendants timely objected to this ruling. ECF No. 458.

When considering objections to an order issued by a Magistrate Judge concerning discovery, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Lastra v. City of New York, No. 16-cv-3088, 2020 WL 5596100, at *1 (S.D.N.Y. Sept. 18, 2020). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes," including discovery disputes, and "reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No. 04-cv-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).[2]

In this case, the Magistrate Judge's decision not to reopen discovery at this late stage was not contrary to law or clearly erroneous but rather a reasonable exercise of discretion in controlling discovery. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

rules of procedure." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). The counterclaim-defendants point to no authority requiring that discovery be reopened in this case. The counterclaim-defendants do cite cases that have allowed discovery of settlement agreements to show "the potential bias of prejudice of a pivotal witness." ECF No. 458 at 7; see Ferguson v. Ruane Cunniff & Goldfarb Inc., No. 17-cv-6685, 2020 WL 4586800, at *4 (S.D.N.Y. Aug. 10, 2020); Morgan Art Found. Ltd. v. McKenzie, No. 18-cv-4438, 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020); Gov't Emps. Ins. Co. v. Cean, No. 19-cv-2363, 2020 WL 9812909, at *1-2 (E.D.N.Y. Nov. 12, 2020). But none of those cases involved whether the requisite "good cause" existed to reopen discovery after it had closed. See Bakalar v. Vavra, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011). And in none of those cases did a party satisfy the heavy burden needed to overcome the exercise of a magistrate judge's discretion not to reopen discovery.

The counterclaim-defendants also have not shown that the Magistrate Judge's order was "clearly erroneous." Fed. R. Civ. P. 72(a). An order is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). Having presided over the extensive discovery process in this long-running dispute, the

Magistrate Judge was well-positioned to decide whether good cause existed to reopen discovery. The Magistrate Judge's determination that no good cause existed was well within her broad discretion and certainly was not clear error, especially in view of Holcomb's departure from the Firm in advance of his deposition, as well as the fact that Holcomb's declaration in support of Cyrulnik concerned communications with the counterclaim-defendants, such that no discovery into those communications would be necessary. To the extent that versions of any settlement agreement between Holcomb and Cyrulnik would be useful to the counterclaim-defendants at trial, it was not clear error for the Magistrate Judge to note that Holcomb "of course may be subject to cross-examination regarding the circumstances of his settlement with Cyrulnik." ECF No. 453. The counterclaim-defendants also may seek to obtain documents they believe are relevant with a trial subpoena.

Because the Court cannot conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law, the counterclaim-defendants' objection is overruled.

**CONCLUSION**

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. The counterclaim-defendants' July 19, 2023 objection pursuant to Rule 72(a) of the Federal Rules

of Civil Procedure is **overruled**. The Clerk is respectfully directed to close ECF No. 458.

**SO ORDERED.**

**Dated: New York, New York**
**August 8, 2023**

**John G. Koeltl**
**United States District Judge**