UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROCHE FREEDMAN LLP,

                                  Plaintiff,

      -against-

JASON CYRULNIK,

                                  Defendant.
-----------------------------------------------------------------

21-CV-01746 (JGK)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On August 30, 2023, the Court held a hearing on the RF parties' applications to seal significant portions of their summary judgment materials as well as those submitted by Defendant.[1] While several non-parties expressed a desire to seal various documents or portions thereof, either themselves[2] or through the RF parties' counsel, none appeared at the hearing.

Before the hearing, at the Court's direction, the parties submitted in hard copy a narrowed set of summary judgment materials with proposed redactions. The Court issued rulings on a number of those sealing requests, and reserved ruling on others. The Court memorializes the former and addresses the latter below:

- The RF Parties' requests to seal personal information, including telephone numbers, home addresses, personal email addresses, Social Security numbers, personal medical information, airline account numbers, credit card numbers, and bank account and routing numbers, see, e.g., RF 56.1 ¶ 34, RF Exs. 22, 45, Cyrulnik. Opp. Ex. 9 at 242-43, are GRANTED.

- The RF Parties' requests to seal associate names and identifying information, see, e.g., RF Brief at 28, RF 56.1 ¶¶ 30, 32-72, RF Ex. 2, are DENIED. To the extent the publication of these materials works any reputational harm on these attorneys, such harm

---

[1] That hearing followed a "a protracted exchange between the parties and the Court" on the issue. See ECF No. 497 (citing ECF Nos. 422, 426, 436, 439, 440, 444, 445, 451, 459, 469, and 478).
[2] See ECF Nos. 493, 494.

does not rise to the level necessary to justify sealing.[3] If anything, the allegations made regarding discrimination within the firm are most embarrassing to the parties themselves, rather than any third party. Moreover, these materials are more akin to typical "office chatter" than the "personnel file" type of information that typically justifies sealing.[4]

- The RF Parties' requests to seal various mentions of firm or partner compensation, voting, equity percentages, the allocation, distribution, and purchase of tokens, the sale of those tokens, etc., see, e.g., RF Brief at 3, RF 56.1 ¶ 96, RF Ex. 64 at 163-67, are DENIED. As discussed at length at the hearing, these details are central to this case and not at all analogous to the private personal financial information, such as bank account balances or personal debts, that can potentially justify sealing.

- The RF Parties' requests to seal names of firm clients that are wholly unrelated to this action are GRANTED. As exemplars the parties are directed to RF Ex. 10 at 354:8, Cyrulnik Ex. 23 at 302:23, Cyrulnik Ex. 65 (deponent's name only), Cyrulnik Decs. ¶¶ 5, 10.

- The RF Parties' numerous requests to seal the entirety of business communications with a client pursuant to a confidentiality agreement are DENIED. The RF Parties are not asserting an attorney-client privilege and, as counsel acknowledged at the hearing,[5] there is no basis in law for the proposition that private agreements alone can justify sealing. To the extent these requests were motivated by the RF Parties' desire to act with diligence in maintaining client confidentiality, they should not be seen as voluntarily waiving that confidentiality.

- Relatedly, the RF Parties' request to seal the entirety of their retention agreement with AVA Labs, see, e.g., RF Ex. 21, Memorandum of Understanding, Ex. B, as well as other discussion of AVA Labs within the Memorandum and elsewhere, see, e.g., RF 56.1 ¶ 102, RF Ex. 13 at 367, 394, Cyrulnik Ex. 70, Art. III, is DENIED

- The RF Parties' requests to seal the entirety of Ex. A to the Memorandum of Understanding, see, e.g., RF Ex. 21 and Cyrulnik Ex. 2, is without basis in law and is therefore DENIED. Exhibit A is a financial agreement not subject to any confidentiality. However, the Court will permit redaction of the identity of the "Buyer" as well as paragraph 2 of the Prepaid Forward Purchase Agreement.

- The RF Parties' request to seal the entirety of the compensation package offered to Defendant by a third party, see, e.g., RF Ex. 93 is GRANTED, as it tends to reveal highly

---

[3] See Under Seal v. Under Seal, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) ("A possibility of future adverse impact on employment . . . is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006))); see also Lytle v. JPMorgan Chase, 810 F. Supp. 2d 616, 626 (S.D.N.Y. 2011) ("While the conduct at issue may be potentially embarrassing to these employees (and [Defendant]) and may negatively impact their career prospects, any injury the employees may suffer by release of the information is insufficient to rebut the strong presumption of access to the information at issue here.").
[4] See, e.g., Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 72-73 (S.D.N.Y. 2010).
[5] See Hearing Transcript at 45:8-47:15.

- sensitive commercial information of a third party and is not directly relevant to any claim or defense.[6]

- As discussed at the hearing,[7] the RF Parties' requests to seal the dollar amounts contained within client invoices, see, e.g., RF Exs. 55, 104, are GRANTED, as they tend to reveal the private personal financial information of third parties.

- Similarly, the RF Parties' requests to seal firm payroll information and attorney billable hours compensation, Cyrulnik Exs. 28, 53-54, are GRANTED.

- The RF Parties' requests to seal information covered by attorney-client privilege are GRANTED as follows: RF Exs. 13 at 290:21-22, 30, 71 at 355-356, Cyrulnik Exs. 11, 41, 42, 45, 57.

- The RF Parties' requests to seal portions of Nathanial Holcomb's Declaration, see, e.g., Cyrulnik Ex. 3, pursuant to attorney-client privilege are DENIED. As discussed at the hearing, Holcomb's Declaration does not tend to reveal the contents of communications between the RF Parties and their counsel, and instead deals largely with business communications between members of the firm. Put another way, Holcomb's observations of events within the firm before and during this litigation were made as a percipient witness, not an attorney or client. However, the communication with outside counsel at paragraph 108 of the Declaration may be redacted.

The parties are directed to coordinate with each other to modify their redactions in accordance with these rulings and refile their summary judgment materials no later than September 12, 2023. No new submissions or redactions may be made beyond those included in the materials submitted to the Court on August 24, 2023.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    September 5, 2023
         New York, New York

---

[6] See, e.g., In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig., No. 18-MC-2859 (PAC), 2021 WL 4706199, at *2 (S.D.N.Y. Oct. 8, 2021).
[7] See Hearing Transcript at 62:6-63:10.