UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHE FREEDMAN LLP,<br><br>  Plaintiff,<br><br>v.<br><br>JASON CYRULNIK,<br><br>  Defendant.<br><br>JASON CYRULNIK,<br><br>  Counterclaim-Plaintiff,<br><br>v.<br><br>ROCHE FREEDMAN LLP, KYLE ROCHE, DEVIN FREEDMAN, AMOS FRIEDLAND, NATHAN HOLCOMB, and EDWARD NORMAND,<br><br>  Counterclaim-Defendants. | Case No. 1:21-cv-01746 (JGK) |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE COUNTERCLAIM-PLAINTIFF'S USE OF INFLAMMATORY TERMS OR PHRASES**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ........................................................................................................................................ 1

CONCLUSION ..................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*,
2009 WL 3111766 (S.D.N.Y. Sept. 28, 2009) .................................................................. 3

*Magelky v. BNSF Ry. Co.*,
579 F. Supp. 2d 1299 (D.N.D. 2008) .............................................................................. 5

*MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*,
232 F. Supp. 3d 558 (S.D.N.Y. 20177) ........................................................................... 3

*Oracle USA, Inc. v. Rimini Street, Inc.*,
2015 WL 5089779 (D. Nev. Aug. 27, 2015) ................................................................... 4

*Plew v. Ltd. Brands, Inc.*,
2012 WL 379933 (S.D.N.Y. Feb. 6, 2012) ...................................................................... 3

*Ramachandran v. City of Los Altos*,
2022 WL 316679 (N.D. Cal. Feb. 2, 2022) ..................................................................... 4

*Shannon v. Koehler*,
2011 WL 10483366 (N.D. Iowa Oct. 18, 2011) .............................................................. 5

*Speedfit LLC v. Woodway USA, Inc.*,
2020 WL 130423 (E.D.N.Y. Jan. 9, 2020) ...................................................................... 4

*United States v. Kaplan*,
490 F.3d 110 (2d Cir. 2007) ............................................................................................ 3

**Other Authorities**

Fed. R. Evid. 402 ....................................................................................................................... 2

Fed. R. Evid. 403 ....................................................................................................................... 3

Pursuant to Federal Rules of Civil Procedure 401, 402, and 403, Plaintiff and Counterclaim-Defendant Roche Freedman LLP, and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand (the "RF Parties") respectfully move to preclude Cyrulnik from using inflammatory and pejorative language. Specifically, the RF Parties move to preclude Cyrulnik from (1) using terms such as "stole," "stolen," "steal," "converted," "theft," "thief," and other synonymous terms or phrases to refer to or describe the RF Parties or their conduct at issue in this litigation, and (2) accusing Counterclaim-Defendant Devin Freedman of witness tampering.

## ARGUMENT

Cyrulnik has described the RF Parties' conduct at issue in this litigation using inflammatory and pejorative terms, such as accusing them of stealing or converting his alleged assets. *See, e.g.*, ECF No. 508, at 9 ("the RF Parties . . . perpetrated their scheme to **steal** Cyrulnik's assets"); ECF No. 509 ¶¶ 31 ("Roche . . . needed to figure out a way to **steal** back my Tokens"); 39 ("Roche and Freedman's desire to **steal** back my Tokens . . ."); ECF No. 510 at ¶ 87 ("Roche had been plotting with Normand and Freedman to **steal** Cyrulnik's Tokens for many months"); ECF No. 511, at 22 ("The RF-Parties effectuated an unlawful scheme to . . . **steal** the many assets and rights [Cyrulnik] was promised under the MOU"); ECF No. 505, at 6 ("Defendants incredibly memorialized their deplorable plan to **convert** Cyrulnik's Tokens for themselves").[1]

Cyrulnik and his counsel have also baselessly accused Freedman, counsel of record in this litigation, of "witness tampering" and using "illegal" influence on witnesses. *See e.g.,* ECF No. 508 at 9 ("the RF Parties exert undue influence . . . through improper witness tampering"); ECF No. 510, at 30, 35, 37 ("one or more of the Conspiring Partners attempted to tamper with the

---

[1] Unless otherwise noted, emphasis is added and internal quotations/citations are omitted.

testimony of RCF's associates"). The only basis for this accusation is Nathan Holcomb's statement that he "believed that Freedman was trying to influence witness' testimony and that this was improper."[2] Cyrulnik's counsel doubled down on this absurd accusation in a comment to Law360 where he falsely stated that:

> Mr. Holcomb has also exposed that, in furtherance of the scheme, Mr. Freedman tampered with witnesses in an illegal attempt to influence their testimony and manipulated the discovery process to try and conceal what he and his co-conspirators had done.[3]

The RF Parties expect Cyrulnik and his counsel to continue accusing them of stealing or converting his assets by using pejorative terms such as "theft," "thief," "thievery," "robbed," etc. The RF Parties also expect that Cyrulnik and his counsel intend to baselessly accuse Freedman of witness tampering. This Court should preclude Cyrulnik from using inflammatory language because it has no bearing on Cyrulnik's remaining claims, and even if it did, the language's probative value is substantially outweighed by the unfair prejudice it would cause the RF Parties.

"[I]rrelevant evidence is not admissible." Fed. R. Evid. 402. In light of this Court's order dismissing Cyrulnik's conversion claim, he should be precluded from accusing the RF Parties of converting, stealing, or being thieves, or using similar language because these terms are irrelevant to Cyrulnik's remaining claims of dissolution (Count 1), buyout (Count 2), accounting (Count 3), breach of contract (Count 4), and breach of fiduciary duty (Count 6). *See* ECF No. 539, at 28-29. Moreover, and as described in the RF Parties' motion in limine to exclude Holcomb's additional

---

[2] To be clear, Holcomb's "belief" was based on just two facts: (1) that Freedman (acting as counsel to the firm) assisted with deposition preparation in conjunction with outside counsel; and (2) his inadmissible hearsay testimony that an unnamed attorney at the firm approached him and "expressed concern that Freedman was trying to influence that attorney's testimony to support his discrimination accusations, and was uncomfortable as well." *Id.*

[3] Available at https://www.law360.com/pulse/articles/1692471/ousted-roche-freedman-atty-settles-some-counterclaims

improper testimony, the accusation of witness tampering is inadmissible for a host of reasons, including because statements of "belief" aren't relevant.

But even if this Court finds the pejorative and inflammatory words relevant, this Court should exclude them under Rule 403. Specifically, where language has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," it may be excluded under Rule 403. *See* Advisory Committee's Note on Fed. R. Evid. 403; *see also United States v. Kaplan,* 490 F.3d 110, 122 (2d Cir. 2007) (the "unfair prejudice" addressed by Rule 403 is "the risk that the jury would draw improper inferences"). Consequently, "courts often prohibit the use of certain 'pejorative terms when such categorizations were inflammatory and unnecessary to prove a claim' and such statements 'do not bear on the issues being tried.'" *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 570 (S.D.N.Y. 20177) (prohibiting use of the terms "vulture funds" or "treasure hunters"); *see also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009) (precluding the use of the phrase "tax haven" on the ground that it is inflammatory, and cautioning the parties against using "inflammatory terms and making derogatory statements that do not bear on the issues being tried").

Courts in this Circuit have already recognized that the use of the pejorative words at issue here should be precluded from trial due to the risk that it prejudices the jury. *See Plew v. Ltd. Brands, Inc.*, 2012 WL 379933, at *2 (S.D.N.Y. Feb. 6, 2012) ("The Court agrees that characterizing Victoria's Secret actions as "stealing" risks prejudicing the jury and will not aid in its finding of facts."). The risk of prejudice is especially high where, as here, "theft" is not "an element of plaintiffs' . . . surviving . . . claim." *Speedfit LLC v. Woodway USA, Inc.*, 2020 WL 130423, at *7 (E.D.N.Y. Jan. 9, 2020) (precluding plaintiff's use of "fraud" or "theft" because

3

"[a]spersions of fraudulent conduct or theft are not potentially probative of any fact of consequence at trial" and the "the use of labels suggesting otherwise is irrelevant and carries a risk of unfair prejudice to defendant that substantially outweighs the probative value, if any, of the *ad hominem* remarks").

This exclusion is even more important when the inflammatory or pejorative words imply the RF Parties committed a crime—which, of course, they did not. *See Oracle USA, Inc. v. Rimini Street, Inc.*, 2015 WL 5089779, at *2 (D. Nev. Aug. 27, 2015) (granting defendants' motion in limine to preclude plaintiff from using inflammatory rhetoric by referring to defendants as "thieves" or arguing that defendants "stole" or "ripped off" plaintiff's work because "rhetoric that identifies defendants' conduct as criminal would be inflammatory and unfairly prejudicial to defendants"); *Ramachandran v. City of Los Altos*, 2022 WL 316679, at *3 (N.D. Cal. Feb. 2, 2022) (precluding plaintiff from using "words like 'conspiracy,' 'scheme,' and 'defraud'" because "use of such terms has no probative value in the case, and . . . these terms suggest not only criminal conduct but also theories of civil liability that are not at issue in this case").

Similarly, Cyrulnik should be precluded from accusing Freedman of witness tampering under Rule 403. The only basis for that false allegation is from Holcomb's declaration. *See* ECF No. 503-9 ¶ 49. However, Holcomb's testimony is based entirely on inadmissible hearsay and speculation. *See* Mem. of Law ISO Motion to Exclude Holcomb's Improper Testimony and Evidence Relating to the Fattaruso Litigation, at 4–6. Absent any admissible evidence, Holcomb's naked assertion has no probative value, and any probative value it may have is substantially outweighed by the unfair prejudice it would cause the RF Parties because it would create the appearance that Freedman "has used improper and deceitful means in securing evidence at trial[.]" *See Shannon v. Koehler*, 2011 WL 10483366, at *8 (N.D. Iowa Oct. 18, 2011) (excluding

4

testimony that plaintiff engaged in witness tampering); *Magelky v. BNSF Ry. Co.*, 579 F. Supp. 2d 1299, 11309 (D.N.D. 2008) (holding that the Court did not abuse its discretion excluding testimony concerning plaintiff's alleged intimidation of witnesses under Rule 403). To be clear, the RF Parties are not saying that Cyrulnik cannot obtain testimony, as he already did in deposition, that Freedman helped prepare witnesses for deposition. But he should not be entitled to accuse Freedman of illegal conduct without any basis whatsoever.

## CONCLUSION

For the reasons stated above, the RF Parties respectfully request that the Court preclude Cyrulnik from (1) using terms suggesting they committed a crime; (2) from using words such as "stole," "stolen," "steal," "converted," "theft," "thief," and other synonymous terms to refer to the RF Parties or their conduct; and (3) accusing Counterclaim-Defendant Freedman of witness tampering.

Dated: February 27, 2024  
        New York, NY

Respectfully submitted,

*/s/ Randy M. Mastro*  
Randy M. Mastro  
Lauren K. Myers  
King & Spalding LLP  
1185 Avenue of the Americas, 34th Floor  
New York, NY 10036  
Tel.: (212) 827-4019  
Email:  RMastro@kslaw.com  
          LMyers@kslaw.com

*Counsel for Plaintiff and Counterclaim-Defendant Roche Freedman LLP, and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand*

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to the word count feature of the word processing program used to prepare this brief, the brief contains 1,464 words (exclusive of the cover page, certificate of compliance, table of contents, and table of authorities), and complies with Local Civil Rule 11.1 of the Southern District of New York, as well as with this Court's Individual Practice Rule 2.D.

*/s/ Randy M. Mastro*
Randy M. Mastro
