**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROCHE FREEDMAN LLP,

Plaintiff,

v.

JASON CYRULNIK,

Defendant.

JASON CYRULNIK,

Counterclaim-Plaintiff,

v.

ROCHE FREEDMAN LLP, KYLE ROCHE, DEVIN FREEDMAN, AMOS FRIEDLAND, NATHAN HOLCOMB, and EDWARD NORMAND,

Counterclaim-Defendants.

Case No. 1:21-cv-01746 (JGK)

**PLAINTIFF AND COUNTERCLAIM-DEFENDANTS' MOTION IN LIMINE TO PROHIBIT CYRULNIK FROM INTRODUCING EVIDENCE OF THEIR PRIOR STATEMENTS THAT THE MOU IS NOT BINDING AND THAT HE IS NOT AN EQUITY PARTNER**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 1

CONCLUSION ........ 4

# TABLE OF AUTHORITIES

**Cases**

*Breitenbach v. United States*,
2019 WL 5727476 (N.D.N.Y. Nov. 5, 2019) ..... 3

*Cary Oil Co. v. MG Ref. & Mktg.*,
257 F. Supp. 2d 751 (S.D.N.Y. 2003)..... 2

*Elston v. UPMC-Presbyterian Shadyside*,
2008 WL 682494 (W.D. Pa. Mar. 7, 2008) ..... 3

*Foley v. Town of Marlborough*,
2023 WL 122040 (D. Conn. Jan.6, 2023)..... 4

*Gorbea v. Verizon N.Y., Inc.*,
2014 WL 2916964 (E.D.N.Y. June 25 2014) ..... 3

*Hewlett-Packard Co. v. Mustek Sys., Inc.*,
2001 WL 36166855 (S.D. Cal. June 11, 2001)..... 4

*Jones. v. N.Y. City Health & Hosp. Corp.*,
2003 WL 21262087 (S.D.N.Y. May 29, 2003) ..... 2

*Miranda v. U.S. Sec. Assocs., Inc.*,
2019 WL 2929966 (N.D. Cal. July 8, 2019)..... 2

*Monroe v. Cnty. Of Orange*,
2016 WL 5394745 (S.D.N.Y. Sept. 27, 2016)..... 2

*Moore v. Bannon,*
2012 WL 2154274 (E.D. Mich. June 13, 2012)..... 3

*Morales v. N.Y. State Dep't of Labor*,
530 F. App'x 13 (2d Cir. 2013) ..... 3

*Murray v. Town of Stratford*,
2014 WL 3700982 (D. Conn. July 25, 2014) ..... 4

*Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*,
937 F. Supp. 276 (S.D.N.Y. 1996)..... 2

*Raymond v. U.S.A. Healthcare Ctr.-Fort Dodge, L.L.C.*,
2007 WL 1455858 (N.D. Iowa Apr. 5, 2007)..... 4

*Sentry Ins. a Mut. Co. v. Brand Mgmt. Inc.*,
2016 WL 11430443 (E.D.N.Y. May 18, 2016) ..... 2

*UMG Recordings, Inc. v. Escape Media Grp., Inc.*,
2015 WL 1873098 (S.D.N.Y. Apr. 23, 2015) ..... 2

**Other Authorities**

Fed. R. Evid. 402 ..... 3

Fed. R. Evid. 403 ..... 3

Plaintiff Roche Freedman LLP and Counterclaim-Defendants Roche, Freedman, Friedland and Normand (the "RF Parties") respectfully move to preclude Cyrulnik from introducing evidence or eliciting testimony concerning the RF Parties' historic positions about (1) the non-binding nature of the MOU and (2) Cyrulnik's position as a non-equity partner. On summary judgment, this Court ruled that the MOU was a binding partnership agreement, which means Cyrulnik was an equity partner. As such, neither issue can be disputed at trial, evidence about the enforceability of the MOU is irrelevant, and the only purpose of such evidence would be to discredit the RF Parties with the Court's order rejecting their position. This evidence should therefore be excluded pursuant to Federal Rules of Civil Procedure 401, 402, and 403.

## ARGUMENT

As this Court is aware, throughout this litigation, the RF Parties have maintained that (1) Cyrulnik never became an equity partner of Roche Freedman LLP because he failed to satisfy a condition precedent and (2) the MOU was a non-binding Type-2 agreement. In deposition testimony, the RF Parties testified to that belief.

In its summary judgment order, this Court rejected those positions and found that "[t]he MOU unambiguously creates a binding partnership agreement."[1] ECF No. 539 at 13-24. It is now the law of the case that the MOU was binding. Thus, Cyrulnik's status as an equity partner and the binding nature of the MOU are not in dispute at trial, and evidence about those issues has no relevance or probative value. To the contrary, evidence about the RF Parties' position that Cyrulnik was not an equity partner or that the MOU was not binding can only be aimed at discrediting the RF Parties and confusing the jury. Moreover, excluding references to the Court's

[1] The RF Parties respectfully disagree and do not waive their right to appeal that finding at an appropriate time.

order would not cure the harm because there would be no way to explain why the RF Parties' position at trial is contrary to their previous sworn statements of belief.

Accordingly, since RF Parties cannot argue to the jury that the MOU was not binding or that Cyrulnik was not an equity partner, Cyrulnik should not be permitted to present those positions to the jury either. Doing so without context would result in the RF Parties' being unable to defend their historic positions and would only confuse the jury and unduly prejudice the RF Parties.

The purpose of summary judgment is "to narrow the issues for trial." *Monroe v. Cnty. Of Orange*, 2016 WL 5394745, at *9 (S.D.N.Y. Sept. 27, 2016) (citation omitted). Consequently, courts within this Circuit and others routinely exclude evidence or arguments that pertain to issues or claims decided on summary judgment. *See, e.g.*, *Jones. v. N.Y. City Health & Hosp. Corp.*, 2003 WL 21262087, at *1 (S.D.N.Y. May 29, 2003) (excluding evidence that went to a claim the court disposed of on summary judgment); *Cary Oil Co. v. MG Ref. & Mktg.*, 257 F. Supp. 2d 751, 764-65 (S.D.N.Y. 2003) (excluding evidence and arguments on issues decided on summary judgment); *UMG Recordings, Inc. v. Escape Media Grp., Inc.*, 2015 WL 1873098, at *3–4 (S.D.N.Y. Apr. 23, 2015) (precluding "defendants from offering argument or evidence contesting the court's determination" in its summary judgment decision).[2]

These decisions are unsurprising. Once a court resolves an issue on summary judgment, evidence about the underlying arguments is irrelevant because the issue cannot be submitted to the

[2] *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 284-86 (S.D.N.Y. 1996) (excluding "all evidence inconsistent with" the summary judgment order because the court's determination "need not be relitigated at trial" and therefore, "no issue remains for the trier of fact"); *Sentry Ins. a Mut. Co. v. Brand Mgmt. Inc.*, 2016 WL 11430443, at *2 (E.D.N.Y. May 18, 2016) (excluding evidence and finding that "[t]he irrelevancy of any evidence at trial relating to [the issue decided on summary judgment] could not be more plain"); *Miranda v. U.S. Sec. Assocs., Inc.*, 2019 WL 2929966, at *3 (N.D. Cal. July 8, 2019) ("Courts have granted motions in limine to exclude testimony on issues 'already . . . ruled on' at summary judgment.") (collecting cases).

jury. Hence, "irrelevant evidence is not admissible." Fed. R. Evid. 402; *Breitenbach v. United States*, 2019 WL 5727476, at *4 (N.D.N.Y. Nov. 5, 2019) (excluding as irrelevant "evidence or argument on issues previously decided on summary judgment"); *Gorbea v. Verizon N.Y., Inc.*, 2014 WL 2916964, at *2 (E.D.N.Y. June 25 2014) (excluding as irrelevant evidence pertaining to claims determined by summary judgment); *see also Morales v. N.Y. State Dep't of Labor*, 530 F. App'x 13, 15 (2d Cir. 2013) (affirming district court's exclusion of evidence related to a claim that "had already been dismissed at summary judgment").

Even if the evidence concerning the binding nature of the MOU and Cyrulnik's equity status were relevant (they are not), this Court should nonetheless exclude it because any probative value (none) would be substantially outweighed by the unfair prejudice to the jury by hearing that the Court rejected the RF Parties' position. *See* Fed. R. Evid. 403.

The only possible reason for Cyrulnik to relitigate an issue he prevailed on at summary judgment is to attack the RF Parties' credibility by telling the jury this Court disagreed with the RF Parties' position. That would be unfairly prejudicial because it would unduly influence the jury. *See Moore v. Bannon*, 2012 WL 2154274, at *7 (E.D. Mich. June 13, 2012) (precluding defendant from attacking plaintiff's credibility based on previously dismissed claims and recognizing that the "practice of shielding claims and issues dismissed on summary judgment and other pretrial rulings are common practice, and motions requesting such exclusion should be granted" because "such evidence has little to do with establishing credibility, and is of little probative value, but instead carries significant risk of undue delay and waste of time") (internal quotation omitted); *Elston v. UPMC-Presbyterian Shadyside*, 2008 WL 682494, at *2 (W.D. Pa. Mar. 7, 2008) (granting plaintiff's motion in limine and precluding "reference to Plaintiff's dismissed claims" because of "its potential lack of relevance and danger of unfair prejudice,

confusion of the issues, or misleading the jury"); *Hewlett-Packard Co. v. Mustek Sys., Inc.*, No., 2001 WL 36166855, at *4 (S.D. Cal. June 11, 2001) (excluding "reference to or evidence of patents that have been dismissed from this litigation" as well as "reference to any statement, finding, or ruling in the Court's summary judgment orders"); *Raymond v. U.S.A. Healthcare Ctr.-Fort Dodge, L.L.C.*, 2007 WL 1455858, at *2 (N.D. Iowa Apr. 5, 2007) (granting plaintiff's motion in limine to exclude references to her dismissed claims and recognizing that it would be unfairly prejudicial "to impugn the sincerity of the plaintiff's assertion of one claim that the court has found sufficient to go to a jury with the plaintiff's original assertion of other claims that she has voluntarily dismissed"). There is no way to avoid this prejudice because there will be no way to explain (without reference to the Court's order) why the RF Parties have not denied Cyrulnik's equity status and the MOU's binding nature at trial.

Finally, because the jury cannot decide these issues, presenting evidence about them would confuse the "jury about the remaining issues for it to decide." *See Foley v. Town of Marlborough*, 2023 WL 122040, at *4 (D. Conn. Jan.6, 2023) (excluding evidence concerning issues decided on summary judgment under Rule 403); *Murray v. Town of Stratford*, 2014 WL 3700982, at *3 (D. Conn. July 25, 2014) ("Identifying what this case is 'not about' only serves to confuse the jury. . . . Similarly, evidence that this Court dismissed several of plaintiff's previous claims is not relevant to plaintiff's remaining claim, and will likely confuse the jury and distract them from the central issues remaining in this case.").

**CONCLUSION**

For the foregoing reasons, the RF Parties respectfully request that this Court preclude Cyrulnik from introducing evidence or eliciting testimony concerning Cyrulnik's status as an equity partner, including any reference to the RF Parties' litigation position concerning the

Cyrulnik's status as an equity partner, the non-binding nature of the MOU, and this Court's disagreement with those positions.

Dated: February 27, 2024
New York, NY

Respectfully submitted,

*/s/ Randy M. Mastro*
Randy M. Mastro
Lauren K. Myers
King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel.: (212) 827-4019
Email: RMastro@kslaw.com
LMyers@kslaw.com

*Counsel for Plaintiff and Counterclaim-Defendant Roche Freedman LLP, and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that according to the word count feature of the word processing program used to prepare this brief, the brief contains 1,374 words (exclusive of the cover page, certificate of compliance, table of contents, and table of authorities), and complies with Local Civil Rule 11.1 of the Southern District of New York, as well as with this Court's Individual Practice Rule 2.D.

*/s/ Randy M. Mastro*
Randy M. Mastro