Marc E. Kasowitz (mkasowitz@kasowitz.com)
Kevin A. Cyrulnik (kcyrulnik@kasowitz.com)
Gavin D. Schryver (gschryver@kasowitz.com)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel.:   (212) 506-1700
Fax:   (212) 506-1800

*Attorneys for Defendant/Counterclaim-Plaintiff Jason Cyrulnik*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROCHE FREEDMAN LLP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASON CYRULNIK,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01746-JGK |
| JASON CYRULNIK,<br><br>　　　　　Counterclaim-Plaintiff,<br><br>　　v.<br><br>ROCHE FREEDMAN LLP, KYLE ROCHE,<br>DEVIN FREEDMAN, AMOS FRIEDLAND,<br>NATHAN HOLCOMB, and<br>EDWARD NORMAND,<br><br>　　　　　Counterclaim-Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT/COUNTERCLAIM-PLAINTIFF JASON CYRULNIK'S**
<u>**MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ILANA MILLER**</u>

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.     Legal Standard ................................................................................................... 2

II.    Miller's Testimony Should Be Excluded Because It Is Irrelevant .................................... 3

III.   Miller's Testimony Constitutes Prohibited Evidence Of Cyrulnik's Other Alleged Acts ............................................................................................................ 4

IV.   Miller's Testimony Is Unfairly Prejudicial, Confusing, Misleading, And Likely To Waste The Time Of The Court And The Jury ............................................... 5

CONCLUSION ................................................................................................................ 7

i

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*DeAngelis v. City of Bridgeport*,
  2018 WL 429156 (D. Conn. Jan. 15, 2018) ................................................................................6

*Evans v. Port Auth. of New York & New Jersey*,
  2005 WL 2427890 (S.D.N.Y. Oct. 3, 2005) ...............................................................................6

*Government of the Virgin Islands v. Pinney*,
  967 F.2d 912 (3d Cir. 1992) .......................................................................................................4

*Guida v. Inter-Continental Hotels Corp.*,
  2003 WL 1907904 (S.D.N.Y. April 16, 2003) ..........................................................................2

*Park W. Radiology v. CareCore Nat. LLC*,
  675 F. Supp. 2d 314 (S.D.N.Y. 2009) ........................................................................................6

*Potenza v. City of New York, Dep't of Transp.*,
  2009 WL 2156917 (E.D.N.Y. July 15, 2009) ............................................................................5

*Republic of Turkey v. Christie's Inc.*,
  527 F. Supp. 3d 518 (S.D.N.Y. 2021) ........................................................................................4

*Richmond v. Gen. Nutrition Ctrs. Inc.*,
  2012 WL 762307 (S.D.N.Y. Mar. 9, 2012) ................................................................................5

*U.S. v. Bankman-Fried*,
  2024 WL 477043 (S.D.N.Y. Feb. 7, 2024) .................................................................................3

*United States v. Graham*,
  2019 WL 2366724 (S.D.N.Y. May 31, 2019), *aff'd,* 51 F.4th 67 (2d Cir. 2022) ......................4

*United States v. Ray*,
  2022 WL 558146 (S.D.N.Y. Feb. 24, 2022) ...............................................................................2

**Other Authorities**

Fed. R. Evid. 105 ..............................................................................................................................5

Fed. R. Evid. 401 ....................................................................................................................1, 2, 3

Fed. R. Evid. 402 .................................................................................................................1, 2, 3, 5

Fed. R. Evid. 403 ..................................................................................................1, 2, 5, 6

Fed. R. Evid. 404 ..................................................................................................1, 2, 4, 5

Defendant/Counterclaim-Plaintiff, Jason Cyrulnik, respectfully submits this memorandum of law in support of his motion, pursuant Federal Rules of Evidence 401, 402, 403 and 404(b), to exclude the testimony of Ilana Miller in the trial of the above-captioned action.

## PRELIMINARY STATEMENT

Cyrulnik expects that Counterclaim-Defendants' non-party witness, Ilana Miller, will offer testimony at trial concerning a phone call wholly unrelated to this litigation, wholly unrelated to any of Counterclaim-Defendants, and the existence of which none of Counterclaim-Defendants even knew about until *after* this litigation had commenced, during which Miller perceived Cyrulnik to have "yelled" at her. The subject matter of Miller's testimony clearly falls outside the bounds of permissible testimony under the Federal Rules of Evidence for at least three reasons.

*First*, and most simply, Miller's testimony is not relevant under Rule 401. It will not make *any* fact at issue in this litigation "more or less probable" because it is entirely divorced from the facts of this case (and, in fact, Counterclaim-Defendants did not even know about the allegations until well after this case was commenced). *Second*, the only possible purpose of Counterclaim-Defendants' introduction of Miller's testimony would be to elicit impermissible "propensity" evidence, in an attempt to show that Cyrulnik must have acted in a similar manner in his interactions with attorneys at Roche Freedman LLP (the "Firm"). There can be no question that such evidence is improper and inadmissible under Federal Rule of Evidence 404 as character evidence. *Third*, even if Miller's testimony were otherwise relevant and admissible under Rule 404, her testimony should nevertheless be excluded because it would unfairly prejudice Cyrulnik, mislead the jury, confuse the issues, and cause undue delay, compelling exclusion under Rule 403.

Accordingly, Cyrulnik respectfully requests that this Court exclude testimony from Miller concerning Cyrulnik's alleged conduct during a phone call with Miller.[1]

## ARGUMENT

**I.      Legal Standard**

Rules 401 and 402 state that evidence that is not relevant is inadmissible. Under Rule 401, evidence is only relevant if it (a) "has any tendency to make a fact more or less probable" than it would otherwise be without the evidence, *and* (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401. If these requirements are not met, the evidence is inadmissible.

Under Rule 404(a), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Further, evidence of other acts is not admissible to prove a person's character. Fed. R. Evid. 404(b)(1).

Rule 403 provides that testimony, even if relevant, should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Evidence with "minimal probative value" should be excluded under Rule 403 where the "distraction" and "risk of confusing and misleading the jury" outweighs its probative value or where "introduction of the evidence would lead to a lengthy sideshow that would needlessly delay the case and waste time." *United States v. Ray*, 2022 WL 558146, at *8 (S.D.N.Y. Feb. 24, 2022); *see also Guida v. Inter-Continental Hotels Corp.*, 2003

---

[1] Citations to "Ex. __" refer to exhibits attached to the February 27, 2024 Omnibus Declaration of Marc E. Kasowitz in Support of Cyrulnik's February 27, 2024 Motions (the "Kasowitz Declaration"). Unless otherwise noted, all emphasis is supplied and internal citations and quotations are omitted.

2

WL 1907904, at *1-2 (S.D.N.Y. April 16, 2003) (excluding evidence under Rule 403 that was only "marginally relevant" because the "likelihood of jury confusion is great" and introduction of evidence would lead to "wasting significant trial time and diverting much of the jury's attention").

**II.    Miller's Testimony Should Be Excluded Because It Is Irrelevant**

During discovery, Counterclaim-Defendants disclosed Miller in their initial disclosures as someone who had knowledge of "Cyrulnik's conduct leading to his for-cause removal" and took her deposition primarily to elicit testimony concerning a phone call Miller had with Cyrulnik in or around March 2020, during which Cyrulnik allegedly "yelled" at her (Ex. 24 (Miller Dep. Tr.) 28:12-15).  As Miller testified during her deposition, the phone call with Cyrulnik concerned an unrelated matter stemming from a Cyrulnik client's request for work product that belonged to that client that was being held by that client's prior firm, Boies Schiller Flexner, LLP. (*Id.* 38:7-24.)  At the time, Miller was "working with Cyrulnik" because BSF had received a subpoena that "implicated his documents and were documents from his client." (*Id.* at 38:2-19.)  During one of their calls concerning that subpoena, Miller testified that Cyrulnik "proceeded to yell at [her]." (*Id.* 28:12-15.)[2]  This testimony is inadmissible.

Cyrulnik's conversations with Miller, a non-party who was not affiliated with or employed by the Firm, are irrelevant to the case at bar and should be excluded.  *See* Fed. R. Evid. 401, 402.  Just like her deposition testimony, Miller's likely trial testimony will do nothing to make the facts about what actually occurred at the Firm between Cyrulnik and other Firm employees any more or less probable, and it will not aid the jury in "determining the action."

---

[2]  Notably, Miller also testified during his deposition that that she and Cyrulnik "otherwise had a very good working relationship" (Ex. 24 (Miller Dep. Tr.) 61:18-19), and she described him as "friendly," and "always respectful" (*Id.*, 62:13-19).  She testified that the March 2020 phone call "seemed . . . out of character for Jason." (*Id.* 42:10-11.)

3

*See U.S. v. Bankman-Fried,* 2024 WL 477043, at *3 (S.D.N.Y. Feb. 7, 2024) (excluding as irrelevant testimony regarding involvement of attorneys in matters only tangentially related to charged conduct and defendant's intent); *United States v. Graham*, 2019 WL 2366724, at *6 (S.D.N.Y. May 31, 2019), *aff'd,* 51 F.4th 67 (2d Cir. 2022) (excluding as irrelevant evidence about defendant's beliefs regarding financial institution corruption when such beliefs were not relevant to elements of counts or defenses). Indeed, Miller conceded that none of Counterclaim-Defendants even knew about the alleged phone call until well *after* they improperly removed Cyrulnik, and well after this litigation commenced. This in and of itself requires exclusion of her testimony.

### III. Miller's Testimony Constitutes Prohibited Evidence Of Cyrulnik's Other Alleged Acts

Rule 404(b) unequivocally prohibits the use of evidence of past acts to prove a person's character in order to show that the person acted in accordance with the character. Fed. R. Evid. 404(b). To the extent Counterclaim-Defendants intend to elicit Miller's testimony about this phone call, it clearly would be for the improper purpose of establishing Cyrulnik's (non-existent) propensity for yelling, including that because Cyrulnik (allegedly) raised his voice in speaking with Miller on one occasion, he must have yelled at Firm employees (almost all of whom denied ever being yelled at by Cyrulnik). Putting aside the fact that one instance of purported yelling under specific circumstances would be insufficient to establish a character for yelling in any event, such testimony plainly is impermissible under Rule 404(b). *See Government of the Virgin Islands v. Pinney*, 967 F.2d 912, 915 (3d Cir. 1992) ("[U]nder Rule 404(b), a court must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material fact in issue, **and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts**.") (cleaned up); *see also Republic of Turkey v. Christie's Inc.*, 527 F. Supp. 3d 518, 524-25 (S.D.N.Y. 2021) (rejecting plaintiff's efforts to introduce "unrelated

4

evidence to establish Steinhardt's 'state of mind' and general attitude" because such evidence "amount[s] to no more than a veiled effort to establish Steinhardt's propensity"); *Potenza v. City of New York, Dep't of Transp.*, 2009 WL 2156917, at *6 (E.D.N.Y. July 15, 2009) (excluding under Rules 402, 403, and 404(b) third-party testimony regarding alleged retaliatory threats where purpose of evidence was to draw inference that similar retaliation occurred in the case at bar).

Given that Miller's testimony about Cyrulnik allegedly yelling at her is wholly unrelated to the claims in this case, it is evident that such testimony could be used only to prove Cyrulnik's character for yelling and to influence the jury to infer that he acted similarly in his dealings with Firm employees, which is expressly proscribed by Rule 404.[3] As such, her testimony should be excluded.

### IV. Miller's Testimony Is Unfairly Prejudicial, Confusing, Misleading, And Likely To Waste The Time Of The Court And The Jury

Even if Miller's testimony were relevant (it is not), and admissible under Rule 404(b) (it is not), it should still be excluded under Rule 403 as unfairly prejudicial, likely to mislead the jury and confuse the issues, and likely to cause undue delay.

Allegations of other acts (and in this case, one act) by Cyrulnik against non-parties (and not known to the parties until after the litigation commenced) are unfairly prejudicial and likely to confuse the jury. *See Richmond v. Gen. Nutrition Ctrs. Inc.*, 2012 WL 762307, at *9 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of documents reflecting other employees'

---

[3] Nor would such evidence fall within the narrow, expressly permitted uses listed in Rule 404(b)(2) (evidence of other acts admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," none of which are remotely present here). To the extent, however, the Court determines that the testimony is relevant for some permitted purpose, Cyrulnik requests pursuant to Rule 105 of the Federal Rules of Evidence that the Court restrict the testimony to only that purpose and instruct the jury that it is not to be considered as probative of Cyrulnik's character or actions as a Partner of the Firm.

5

allegations of discrimination because it created "the risk of unfair prejudice and confusion"). Muddying this trial with allegations of purported "bad acts" in an unrelated conversation with Miller risks confusing the jury, creating significant inefficiencies and prejudicing Cyrulnik. *Cf. DeAngelis v. City of Bridgeport*, 2018 WL 429156, at *2 (D. Conn. Jan. 15, 2018) (a court "should be vigilant to the risk that a plaintiff—by seeking to inject a trial with evidence of wrongful acts against others—may effectively seek to put an employer or supervisors on trial for presiding over a generally toxic or dysfunctional workplace, rather than on trial for acts of illegal discrimination or retaliation").

Moreover, if Counterclaim-Defendants are permitted to introduce other parties' allegations of bad acts, Cyrulnik will be forced to respond by calling some hundreds of witnesses with whom Cyrulnik interacted over the course of his professional career, including at the Firm, who experienced his positive, sensitive, and respectful demeanor that drew so many lawyers to come work with him, and introducing documents to rebut the notion that he has a propensity for yelling, which would lead to mini-trials that would unduly delay the trial of this action and waste the Court's, and the jury's, time. *See Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009) ("inclusion of the nonparty fraud allegations here pose the risk of turning the trial into a 'multi-ringed sideshow of mini-trials on collateral issues'" and any probative value was "substantially outweighed by the possible confusion of the issues"); *Evans v. Port Auth. of New York & New Jersey*, 2005 WL 2427890, at *3 (S.D.N.Y. Oct. 3, 2005) ("[I]ntroduction of other alleged incidents of retaliation involving other employees presents the substantial likelihood that this trial would consume a great deal of time litigating the merits of plaintiff's claims concerning each of those episodes."). In other words, pursuant to Rule 403, whatever probative value Miller's testimony has (and we submit it is none) is clearly outweighed by the unfair prejudice, risk of confusion, and waste of time it will cause.

**CONCLUSION**

For the foregoing reasons, this Court should exclude the testimony of Counterclaim-Defendants' witness Ilana Miller in the trial of the above-captioned action.

Dated: February 27, 2024
New York, New York

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: */s/ Marc E. Kasowitz*
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Kevin A. Cyrulnik (kcyrulnik@kasowitz.com)
Gavin D. Schryver (gschryver@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700
Fax:   (212) 506-1800

*Attorneys for Defendant/Counterclaim-Plaintiff Jason Cyrulnik*

**CERTIFICATE OF COMPLIANCE**

  I hereby certify that according to the word count feature of the word processing program used to prepare this brief, the brief contains 1,998 words (exclusive of the cover page, certificate of compliance, table of contents, and table of authorities), and complies with Local Civil Rule 11.1 of the Southern District of New York, as well as with this Court's Individual Practice Rule 2.D.

Dated: February 27, 2024
    New York, New York

                 */s/ Marc E. Kasowitz*
                 Marc E. Kasowitz