Marc E. Kasowitz (mkasowitz@kasowitz.com)
Kevin A. Cyrulnik (kcyrulnik@kasowitz.com)
Gavin D. Schryver (gschryver@kasowitz.com)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel.:   (212) 506-1700
Fax:   (212) 506-1800

*Attorneys for Defendant/Counterclaim-Plaintiff Jason Cyrulnik*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROCHE FREEDMAN LLP,<br><br>            Plaintiff,<br><br>    v.<br><br>JASON CYRULNIK,<br><br>            Defendant. | Case No. 1:21-cv-01746-JGK |
| JASON CYRULNIK,<br><br>            Counterclaim-Plaintiff,<br><br>    v.<br><br>ROCHE FREEDMAN LLP, KYLE ROCHE,<br>DEVIN FREEDMAN, AMOS FRIEDLAND,<br>NATHAN HOLCOMB, and<br>EDWARD NORMAND,<br><br>            Counterclaim-Defendants. | |

**PROPOSED VOIR DIRE**

Defendant/Counterclaim-Plaintiff ("Cyrulnik") submits the following set of proposed voir dire questions for the Court's use during jury selection. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instances, to include an inquiry as to whether the particular fact or circumstance would affect the juror's ability to render a fair and impartial verdict, or influence the juror in favor of or against either party.

### Proposed Questions[1]

1. If there are any matters that you would rather discuss privately with me that may affect your ability to be a fair and impartial juror in this matter, please let the Court know.

2. Do you have difficulty reading, hearing, or understanding the English language?

3. This case is called *Roche Freedman LLP v. Jason Cyrulnik*, and *Jason Cyrulnik v. Roche Freedman LLP, Kyle Roche, Devin Freedman, Amos Friedland,* and *Edward Normand*, Case No. 1:21-cv-01746-JGK. The plaintiff and counterclaim-defendant is Roche Freedman LLP; the defendant and counterclaim-plaintiff is Jason Cyrulnik; and Jason Cyrulnik has also asserted counterclaims against counterclaim-defendants Kyle Roche, Devin "Velvel" Freedman, Edward Normand and Amos Friedland.

4. I will now read you a brief description of this case. [Following the court's reading of the statement of the case]:

5. Have any of you read or heard anything about this case from any source whatsoever?

6. Given this brief description of the facts, is there anything about this case, or your own beliefs or life experiences, that would cause any of you to believe that you could not consider the evidence fairly and impartially accordingly to the law?

---

[1] These proposed questions are based on the currently anticipated trial issues. Cyrulnik respectfully reserves the right to amend these proposed questions based on any rulings or directions from the Court regarding which claims should be properly put before the jury or any ruling from the Court on the pending motions.

7. Have you, a member of your family, or a close friend, ever been involved in any way in a case similar to this one, based on what you presently understand the case to be about?

8. Do any of you believe you have any personal knowledge as to any of the facts on which this case is based? If so, what?

9. Do any of you have any opinions or feelings as to the merits of either side in this case? If so, what are they?

10. I am Judge John Koeltl. I will now introduce you to my courtroom staff. [Introductions.] Do any of you know me or any member of my staff on any basis: social, professional or otherwise?

11. The Plaintiff in this case is Roche Freedman LLP, and the Counterclaim-Defendants here are Roche Freedman LLP and certain individual partners, Kyle Roche, Velvel Freedman, Amos Friedland and Edward Normand. Do any of you know Roche Freedman LLP or any of these individuals on any basis: socially, professionally or otherwise?

    a. Do any of you know any companies or individuals who have worked for or with Roche Freedman LLP or any of these individuals on any basis?

    b. Roche Freedman LLP and its partners are represented in this case by Randy Mastro, Mark Adam Kirsch, Shaila Rahman Sayma Diwan, Lauren Kobrick Myers and Camilla Akbari, of the law firm of King & Spalding LLP in New York, New York, and Matt Leto of the Leto Law Firm in Miami, Florida.

    c. Do any of you know any of the attorneys or employees of King & Spalding or the Leto Law Firm on any basis, social, professional, or otherwise?

    d. Have you, a member of your family, or a close friend ever been represented by Randy Mastro, Mark Adam Kirsch, Shaila Rahman Sayma Diwan, Lauren Kobrick Myers, Camilla Akbari, or their firm King & Spalding or Matt Leto of the Leto Law Firm in Miami, Florida?

    e.    Have you, a member of your family, or a close friend ever been involved in litigation where the other party was represented by Randy Mastro, Mark Adam Kirsch, Shaila Rahman Sayma Diwan, Lauren Kobrick Myers, Camilla Akbari, or their firm King & Spalding, or Matt Leto of the Leto Law Firm in Miami, Florida?

12.    The Defendant/counterclaim-plaintiff in this case is Jason Cyrulnik.

    a.    Do any of you know Jason Cyrulnik on any basis: socially, professionally or otherwise?

    b.    Do any of you know any companies or individuals who ever worked for or with Jason Cyrulnik?

    c.    Jason Cyrulnik is represented by Marc Kasowitz, Kevin Cyrulnik, Gavin Schryver, Nicholas Rendino and Patrick McDonald of the law firm of Kasowitz Benson Torres LLP.

    d.    Do any of you know any of the attorneys or employees of Kasowitz Benson Torres LLP on any basis, social, professional, or otherwise?

    e.    Have you, a member of your family, or a close friend ever been represented by Marc Kasowitz, Kevin Cyrulnik, Gavin Schryver, Nicholas Rendino, Patrick McDonald or any attorney at Kasowitz Benson Torres LLP?

    f.    Have you, a member of your family, or a close friend ever been involved in litigation where the other party was represented by Marc Kasowitz, Kevin Cyrulnik, Gavin Schryver, Nicholas Rendino, Patrick McDonald or any attorney at Kasowitz Benson Torres LLP?

13.    During trial you may also hear testimony from the following persons.  After I have read the entire list of names, I would ask that any juror who knows, has heard of, or may know any such witness raise your hand:

    a.    [Court recites witnesses]

     i. How do you know them?

     ii. What do you know or what have you heard about them?

     iii. Have you discussed this lawsuit with him or her?

     iv. Will your acquaintance with them affect your ability to be a fair and impartial juror?

14. If, during trial, any other individuals are identified whom you believe you may know, will you let my Court Staff know as soon as possible?

15. We have handed you a sheet with several questions. Please stand and answer each question. (Topics addressed below.)

  a. Your juror number.

  b. The general location of your residence.

  c. Length of time at current residence.

  d. Education after high school, if any.

    i. State your major/concentration, if applicable.

  e. Marital status.

  f. Number of children.

    i. Ages of children if under 18.

  g. Employment:

    i. Yourself - current job, if applicable, and types of jobs throughout your lifetime.

    ii. Spouse/partner, if applicable – current job, if applicable, and types of jobs throughout lifetime.

  h. Any degrees, licenses or certifications held.

  i. Civil, political, social, fraternal, union or professional organizations or associations.

    i. Offices held in them, if any.

  j. Hobbies or recreational activities.

        k.        Have you ever served as a juror?

                i.        If so, where and when?

                ii.       What kind of case?

                iii.      What was the outcome?

                iv.      Were you the foreperson?

                v.       Is there anything about that previous experience as a juror that would make it difficult for you to be fair and impartial in this case?

16.     Have any of you ever been a witness in a court case or been asked to provide testimony under oath?

        a.        If so, where and when?

        b.        What kind of case?

        c.        What was the outcome?

17.     Have any of you ever been a party in a lawsuit?

        a.        If so, please describe the nature of the lawsuit, what court it was in, when the lawsuit took place, whether you were a plaintiff or defendant, and the outcome of the lawsuit.

        b.        Is there anything about that previous litigation experience which would make it difficult for you to be fair and impartial in this case?

18.     Have you ever been involved in a business dispute among partners?

19.     Do any of you know anyone else on this jury panel from before today?

        a.        If so, how do you know them?

20.     Do you now or have you ever worked as a lawyer or worked for a lawyer?

        a.        What kinds of legal practice do you/did you work in?

        b.        Have you ever handled or worked on a business dispute or employment case?  Please explain.

21.     The trial of this case is likely to take [___] days, starting July [___].  Do any of you have any physical condition, illness, or pressing personal, family or business issues that would

interfere with your ability to pay close attention to the proceedings and to serve on the jury for this amount of time?

22. Do any of you have strong feelings either for or against a party who brings a lawsuit?

23. Do any of you have strong feelings either for or against a party who is a defendant in a lawsuit?

24. Have you had any personal or business experience that has caused you to form an opinion or belief about civil lawsuits in general, or specifically about damages awards in civil lawsuits?

25. Is there anything about your own personal experiences and background that cause you to believe that you could not be fair and impartial in deciding a civil dispute that involves a law firm and people who worked in one?

26. Do any of you or any of the members of your immediate family have any legal education, training or experience?

    a. If so, please describe who has that education, training or experience and what it consists of.

    b. Will you agree not to apply your own legal education, training or experience, or that of your family member, to the facts as they are presented to you, but instead to follow the instructions I give you regarding your deliberations?

27. Have you heard of cryptocurrencies or crypto assets?

28. Have you, or a family member, or someone close to you ever traded in cryptocurrencies or crypto assets?

29. Have you, or a family member, or someone close to you ever lost money trading cryptocurrencies or crypto assets?

    a. If so, what do you believe caused that loss?

30. Do you have a negative opinion about cryptocurrency, the cryptocurrency markets, cryptocurrency businesses, or people who work in cryptocurrency?

   a. If so, what is your opinion and what is your reason or basis?

31. I will instruct you on the law at the conclusion of the case. If selected as a juror, you will take an oath to follow the law as instructed.

   a. Do any of you think you would have trouble following the law, even if you disagree with it?

32. This is a civil case. The claims in this case are to be decided by the preponderance of the evidence standard. This standard is different and lower than in a criminal case where the Government has to prove its case beyond a reasonable doubt. I will give you specific instructions on what this burden means. Does anyone have a problem applying a different burden of proof than the one used in a criminal case?

33. In this case there may be some conflict in the evidence. As a juror it will be your job to determine who you think is telling the truth and what evidence to accept or reject. We have all had the experience of trying to decide who is telling the truth at some point in our lives, and some people find they are very uncomfortable in those situations.

   a. Does that apply to any of you?

   b. Are any of you uncomfortable about accepting the responsibility to determine who is telling the truth?

   c. Do any of you feel that, regardless of the facts and opinions that will be presented during the trial of this case and in the instructions on the applicable law given to you by the Court, you might be inclined to give the one party more of the benefit of the doubt as to any conflict in the testimony than you would give to the others?

   d. The parties in this case may present conflicting verbal testimony from witnesses. Are you comfortable giving more weight to one witness's testimony over another if they present conflicting versions of events?

34. Before you hear any evidence, is there any one of you who feels that there is some amount of money that is the maximum amount that you believe jurors should award?

35. Before you hear any of the evidence, is there anyone who feels that there is some minimum amount that you believe jurors should award to a plaintiff or counterclaim-plaintiff who brings a lawsuit?

36. Is there anyone who would take issue with awarding punitive damages, if the law warrants them, that are meant to punish a party for wrongdoing?

37. Will you be able to render your verdict solely on the basis of the evidence presented during the trial, setting aside any personal beliefs, opinions or biases you might have?

38. Can you think of anything in your own life that reminds you of this case, based on what you presently know about the parties' dispute?

39. Is there anything that has occurred to any of you, or are there any facts that you think we should know, that might have a bearing on your judgment in this case?

40. Having heard the description of this case and all the questions that have been asked you, can you think of anything that might make it difficult for you to render a fair and impartial verdict in this case?

   a. Do any of you find yourself leaning toward or favoring one side or the other?

41. Is there any part of your personal background or any reason not addressed in these questions why any of you believe you may not be able to be fair and impartial in this case?

42. Is there anything that any of you think is important for the parties to know about you in considering you as a potential juror in this case?

43. Have you had any personal or business experience that has caused you to form an opinion or belief about observant members of the Jewish faith?

44. This is your last chance to tell me if there is any reason any of you believe you should not sit as a juror on this case, so please speak up.

45. Have you, or has any member of your family ever been disciplined, suspended, laid off or fired?

    a. If yes, please describe the circumstances and how you/they feel about it.

46. Have you, or has any member of your family ever contested any decision related to your employment through a grievance procedure or some other procedure?

    a. If yes, please describe the circumstances, how the decision was contested, and the outcome.

47. Have you, or has any member of your family to your knowledge, ever encountered difficulties on the job with a coworker or supervisor?

    a. If yes, please describe the circumstances and how you/they feel about it.

Dated: February 27, 2024
       New York, New York

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: /s/ Marc E. Kasowitz
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Kevin A. Cyrulnik (kcyrulnik@kasowitz.com)
Gavin D. Schryver (gschryver@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Defendant/Counterclaim-Plaintiff Jason Cyrulnik*