# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

February 29, 2024

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  <u>Roche Freedman LLP v. Cyrulnik,</u> No. 1:21-cv-01746 (JGK)

Dear Judge Koeltl:

On behalf of Plaintiff and Counterclaim-Defendant Roche Freedman LLP and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand (collectively, the "RF Parties"), I write to respectfully request that the Court promptly strike Defendant/Counterclaim-Plaintiff's Motion for Partial Judgment on the Pleadings. *See* ECF 591 (filed Feb. 27, 2024).  That dispositive motion is untimely, disregards the Court's express and repeated orders that there would be "***no further briefing***" on this exact issue, Nov. 6, 2023 Hr'g Tr. at 63:16–18 (emphasis added), and improperly seeks judgment on the pleadings based on information outside the pleadings.  For these reasons, the RF Parties should not be forced to respond to Cyrulnik's improper motion.  Alternatively, if the Court allows this dispositive motion to proceed, the RF Parties respectfully request a 30-day extension so that they can file their own dispositive motions and respond to Cyrulnik's motion.

## A.  Cyrulnik's Motion Is Untimely.

Cyrulnik's motion for partial judgment on the pleadings should be denied as untimely for two independent reasons.

*First*, the motion blatantly violates this Court's scheduling orders.  Cyrulnik filed this dispositive motion on February 27, 2024, even though the Court-ordered deadline for dispositive motions was nearly one year ago, *see* ECF 378 at 1 ("Any dispositive motions are due May 26, 2023."), and even though the Court's pre-trial scheduling order specified what was due yet made no mention of dispositive motions, *see* ECF 555 ("The parties should file any requests to charge, motions in limine, and voir dire requests by February 27, 2024.").  Thus, because Cyrulnik has "fail[ed] to obey a scheduling . . . order," the Court can and should strike his motion.  *See* Fed. R.

The Honorable John G. Koeltl
February 29, 2024

Civ. P. 16(f)(1)(C); *see also*, *e.g.*, *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961–63 (2d Cir. 1997) (affirming order striking materials submitted past scheduling order deadline); *Advanced Analytics v. Citigroup Glob. Mkts.*, 301 F.R.D. 31, 38–39 (S.D.N.Y. 2014) (granting motion to strike for failure to obey scheduling order); *RLI Ins. Co. v. May Const. Co.*, 2011 WL 1197937, at *2 & n.1 (S.D.N.Y. Mar. 22, 2011) (same); *Farricker v. Penson Dev., Inc.*, 2010 WL 4456850, at *2 & n.2 (S.D.N.Y. Oct. 28, 2010) (same).

*Second*, Cyrulnik's motion is untimely because it seeks reconsideration on an issue that Cyrulnik argued and lost months ago. In the instant motion, Cyrulnik contends that under FRUPA and the MOU "[He] Is Entitled To a Buyout Of His Interests Regardless Of Whether He Was Removed For Cause." ECF 591 at 9. But he repeatedly made this same argument at summary judgment. *See*, *e.g.*, ECF 475 at 28 ("Cyrulnik is entitled to the assets and equity he secured under the MOU, regardless of whether the RF Parties had 'cause' to remove him. (*See* Dkt. 428 at 20–25)"); ECF 482 at 12 ("a partner removed for actual, genuine 'cause' does not forfeit assets earned under the MOU after 18 months and instead must be bought out under FRUPA"); Nov. 6, 2023 Hr'g Tr. at 48:9–15 ("[A] partner of a firm, even if terminated for cause is not going to lose what he had in that firm. If he was an owner of that firm, he has to get bought out pursuant to FRUPA.").

The Court, in turn, rightly *rejected* Cyrulnik's argument that "there is simply no genuine issue of fact that he is entitled to an accounting and a buyout under the Florida statutes." ECF 539 at 30 (cleaned up). Cyrulnik's second attempt to relitigate arguments that this Court rejected three months ago must be denied. And given that the instant motion is a motion for reconsideration in disguise, it should be further denied as untimely. *See* Local Civ. R. 6.3 ("a motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion"); *United States v. Letscher*, 83 F. Supp. 2d 367, 380 (S.D.N.Y. 1999) (Koeltl, J.) (denying motion because "[t]o the extent [it] is a motion for reconsideration, it is untimely"); *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 603 (S.D.N.Y. 2002) (Koeltl, J.) (denying "plainly untimely" reconsideration motion).

### B. Cyrulnik's Motion Disregards The Court's Repeated Orders.

In addition to ignoring scheduling orders and the Local Rules, Cyrulnik's motion violates Your Honor's express commands. During the summary judgment hearing, the Court told Cyrulnik no fewer than ***five times*** that it would not accept further briefing on this exact issue:

> MR. KASOWITZ: It may raise questions of law. And **if the Court would like supplemental briefing on that issue** --
> THE COURT: **Oh, no**.
> MR. KASOWITZ: Your Honor --
> THE COURT: **Supplemental briefing is not something that I need on this motion**.
> MR. KASOWITZ: Because from our --
> THE COURT: **No, no, no. Just so that it's clear**.
> MR. KASOWITZ: Your Honor, I --
> THE COURT: Hold on.
> MR. KASOWITZ: I withdraw my question about my request

The Honorable John G. Koeltl
February 29, 2024

> about supplemental briefing.
> THE COURT: **But let me use this as an opportunity to tell both sides, no further briefing on this motion. I've read the briefs carefully. I've listened to the argument carefully. I don't need surreply briefs. I don't need further submissions.** I'll decide the motions based upon all of the submissions and the argument by the parties. Clear to both sides?
> MR. KASOWITZ: **Crystal, your Honor.**

Nov. 6, 2023 Hr'g Tr. at 59:5–24 (emphases added); *see id.* at 63:16–18 ("No further briefing.").

Cyrulnik thus defies what his attorney agreed were "[c]rystal" clear commands from this Court. This is an improper and untimely motion that warrants immediate denial.

### C. Cyrulnik's Motion Is Procedurally Improper.

Finally, the motion should be denied outright because it improperly relies on "matters outside the pleadings," Fed. R. Civ P. 12(d)—namely, the Court's factual rulings on summary judgment, which Cyrulnik contends "carr[y] significant consequences with respect to the outcome of certain central claims in this case." ECF 591 at 1. Under Rule 12(d), the "only" way for this Court to "'decide the motion on the [pleadings] alone,'" as Cyrulnik requests, is to "'exclude [that] additional material.'" *See Palin v. New York Times Co.*, 940 F.3d 804, 810–11 (2d Cir. 2019) (citation omitted); Fed. R. Civ. P. 12(d). Following Rule 12(d)'s plain language, the Court must exclude its subsequent rulings on summary judgment, and that requires denying Cyrulnik's motion because, without those rulings, he offers no basis for judgment as a matter of law.

Indeed, the fact that Cyrulnik relies on this Court's summary judgment rulings confirms that what he really seeks is not judgment based *on the pleadings*, but a second bite at the apple on *summary judgment* that would improperly "delay trial." Fed. R. Civ. P. 12(c); *see Hoefer v. Bd. of Educ. of Enlarged Sch. Dist. of Middletown*, 2014 WL 1357334, at *3 (S.D.N.Y. Apr. 7, 2014) (refusing to consider Rule 12(c) motion filed six months after court had set trial date); *Simuro on behalf of K.S. v. Shedd*, 2016 WL 9526312, at *1 (D. Vt. Nov. 7, 2016) (same for motion filed "in the final stages of preparing for trial"); *In re CCT Commc'ns, Inc.*, 2011 WL 5509197, at *2–3 (Bankr. S.D.N.Y. Nov. 10, 2011) (same for motion filed eighteen months after pleadings closed).

\*          \*          \*

For these reasons, the Court should promptly strike Cyrulnik's untimely and improper motion so that the RF Parties are not forced to spill yet more ink responding on the merits. If the Court allows Cyrulnik to present his dispositive motion, however, it should also allow the RF Parties to present their own dispositive motions. Accordingly, the RF Parties respectfully request in the alternative that, if Cyrulnik's motion is allowed, the Court should grant the RF Parties a 30-day extension to oppose that motion and to file any additional dispositive motions of their own.

We thank the Court for its consideration.

The Honorable John G. Koeltl
February 29, 2024

                        Respectfully submitted,

                        /s/ *Randy M. Mastro*
                        Randy M. Mastro
                        King & Spalding LLP
                        1185 Avenue of the Americas
                        New York, NY 10036
                        Tel.: (212) 827-4019
                        Email: RMastro@kslaw.com

*Counsel for Plaintiff and Counterclaim-Defendant Roche Freedman LLP, and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand*

cc: All counsel of record (via ECF)

4