# KASOWITZ BENSON TORRES LLP

|  | 1633 BROADWAY | ATLANTA |
|---|---|---|
|  | NEW YORK, NEW YORK 10019 | HOUSTON |
| MARC E. KASOWITZ |  | LOS ANGELES |
| DIRECT DIAL: (212) 506-1710 | (212) 506-1700 | MIAMI |
| DIRECT FAX: (212) 835-5010 | FAX: (212) 506-1800 | NEWARK |
| MKASOWITZ@KASOWITZ.COM |  | SAN FRANCISCO |
|  |  | SILICON VALLEY |
|  |  | WASHINGTON DC |

March 1, 2024

**VIA ECF**
The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: <u>Roche Freedman LLP v. Cyrulnik</u>, Case No. 1:21-cv-01746 (JGK)

Dear Judge Koeltl:

  We write on behalf of Defendant and Counterclaim-Plaintiff, Jason Cyrulnik, in response to the RF Parties' February 29, 2024 letter (the "Letter Motion," ECF 607) requesting that the Court strike Cyrulnik's Rule 12(c) Motion for Partial Judgment on the Pleadings (the "Rule 12(c) Motion," ECF 591).[1]  The Letter Motion should be recognized for what it is—a transparent (and desperate) attempt by the RF Parties to avoid addressing the merits of the Rule 12(c) Motion and to avoid the natural conclusions that follow from the Court's decision on the Parties' cross-motions for summary judgment (the "SJ Order," ECF 539)—and the Court should direct the RF Parties to respond to the Rule 12(c) Motion on the merits (to the extent they have any response).

  A. **Cyrulnik's Rule 12(c) Motion Is Timely**

  The Court's deadline for dispositive motions cannot possibly be read to apply to motions that cannot be filed prior to that time—such as motions for judgment as a matter of law during or after trial, *see* Fed. R. Civ. P. 50, or, as here, a Rule 12(c) motion that is based on the Court's recent rulings and those portions of the pleadings that have effectively been narrowed following those recent rulings.  The 12(c) Motion is particularly appropriate here, as it greatly advances the interests of judicial economy (rather than delaying the issue for Rule 50 motion practice, for example) because resolution of the 12(c) Motion will dramatically narrow the issues for trial, and because it directly impacts pretrial submissions before the Court.

  The Rule 12(c) Motion is also proper under Rule 12(c) itself, which permits motions to be filed at any time "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  Courts in this circuit have consistently held that such motions are appropriate after summary judgment. In *Am. Trucking Associations, Inc. v. New York State Thruway Auth.*,

---

[1]  We note that the Letter Motion violates this Court's Rule I.F., as it does not fall within the motions permitted to be brought by letter set forth in the SDNY's Local Rule 7.1(d) or ECF Rule 13.1.

Kasowitz Benson Torres LLP

Hon. John G. Koeltl
Page 2

238 F. Supp. 3d 527, 540 (S.D.N.Y. 2017), the court concluded that even after granting plaintiffs' motion for partial summary judgment, "[n]othing in Rule 12(c) … precludes the making of a motion pursuant to [that rule], even at this advanced (but far from terminal) point in the litigation" and granted the motion for failure to state a claim.  *See also Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326 (S.D.N.Y. 2018), *aff'd*, 802 F. App'x 28 (2d Cir. 2020) (ruling on post-summary judgment 12(c) motion by relying in part on prior summary judgment order); *Vail v. City of New York*, 68 F. Supp. 3d 412, 422-423 (S.D.N.Y. 2014) (collecting cases where post-discovery 12(c) motions were deemed timely).  Such cases confirm there is no procedural defect in bringing this motion now.  That is particularly true where Counterclaim-Defendants' ever-shifting positions have now shifted again in light of the effective rejection of core portions of their pleadings in which they had settled on the spurious argument that Cyrulnik withdrew from the Firm, only to pivot to the claim that he had never joined the Firm – the two (and only) bases for their claimed right to continue to keep for themselves and refuse to remit to him the assets they have withheld for three years.

      **B.**      **The Rule 12(c) Motion Does Not Improperly Reargue Issues Previously Considered By The Court**

Throughout this litigation, the RF Parties have repeatedly treated this litigation as a "game" (to use Counterclaim-Defendant Roche's self-described view of litigation) in which they change their arguments at will to best suit their needs, without regard for the truth of those positions – which is why they just filed a motion *in limine* to (somehow) suppress the evidence of their prior admissions, on the theory that allowing the jury to hear the RF Parties' own shifting words would "discredit the RF Parties."  (ECF 574.)  Thus, the RF Parties' true objection to the Rule 12(c) Motion appears to be that it would finally put an end to their unfortunate practice of advancing novel legal (and factual) arguments that fly in the face of their past positions – and of course in the face of reality, something they continue to treat as a collateral detail.

The reason Cyrulnik did not previously file a dispositive motion and brief the controlling law regarding FRUPA's buyout requirements in the event of a for-cause removal is because the RF Parties **never** disputed (until they lost their arguments on summary judgment) that if Cyrulnik was a partner of this Florida partnership (the Court ruled that he was) and did not withdraw (the Court ruled that he did not), then as a disassociated partner the statute requires a full buyout of his interests.  The RF Parties **never** argued that the MOU's Removal Provision purported to deviate from FRUPA's requirements by prescribing some alternative mechanism for buying out Cyrulnik's interests in the Firm.  Instead, RF commenced this action seeking a declaration that Cyrulnik was not entitled to be compensated for all his interests in the Firm because the MOU's ***Withdrawal Provision*** applied.  (ECF 31 (Amended Complaint).)  Recognizing that their incredible "withdrawal" argument was baseless and likely to fail, the RF Parties then changed course and argued (even more incredibly, if that were possible) at summary judgment that the MOU was not enforceable at all and Cyrulnik was never a partner of the Firm, so they could keep his interests for themselves.  Only now—after the Court denied both of those arguments in its SJ Order—do the RF Parties suddenly purport to believe that they get to seize Cyrulnik's interests for themselves even if he was a partner of the Firm and even if he did not withdraw but they instead removed him.

KASOWITZ BENSON TORRES LLP

Hon. John G. Koeltl
Page 3

      In the SJ Order, the Court rejected the RF Parties' arguments, and it is now law of the case that the Withdrawal Provision on which the RF Parties' declaratory judgment claim was based does not apply to Cyrulnik's disassociation. The Court left open the question of the financial buyout requirements in the instance of a for-cause removal. (*Id.* at 27-28.)

      However, contrary to the RF Parties' suggestion that Cyrulnik is attempting to re-litigate issues already briefed at summary judgment, the Court expressly acknowledge at the summary judgment hearing that **the parties had not briefed the consequences (if any) of a for-cause removal** (because no party ever contended there was any deviation from FRUPA in such a case):

> ***The parties actually haven't briefed that issue.*** The briefing in this case comes down to: Was there a binding agreement; if there was a binding agreement, was Mr. Cyrulnik discharged for cause, and there are issues with respect to that; or was whatever the discharge was really the same as a withdrawal so that the provisions of withdrawal apply. That's as far as the briefing goes. If in fact it was a discharge for cause or it was an improper discharge for cause, what the consequences of that are are not briefed on the motion for summary judgment.

(Nov. 6, 2023 Hr'g Tr. at 57:18-58:2 (emphasis added).) Indeed, the Court expressly acknowledged that the appropriate remedy for a legitimate for-cause removal, as opposed to a removal without cause, may raise issues of law. (*See id*. at 58:23-59:4 (MR. KASOWITZ: "If what Your Honor is saying . . . is whether or not a remedy from a discharge for cause raises issues of fact, I don't think that raises issues of fact. I think what it may raise are questions of law. THE COURT: It may be.").) Because this issue was not previously briefed for the Court (for the reasons explained above), a motion for reconsideration was not the proper procedural vehicle for addressing the points raised in the Rule 12(c) motion, and if Cyrulnik had done so, the RF Parties almost certainly would have objected on those grounds alone. As set forth in the pending motion, Cyrulnik's Rule 12(c) Motion raises purely issues of law that are proper (and, respectfully, we believe necessary) for the Court to decide (and not a jury) at this time.

      Finally, the RF Parties' contention that the Court expressly foreclosed the parties from ever briefing this issue is simply not true. The Court made clear that it did not want supplemental briefing "***on this [summary judgment] motion***." (*Id.* at 59:18 (emphasis added).) To interpret that statement as a bar against any future motion in this case would be absurd.

      Accordingly, the Court should deny the Letter Motion and decide the Rule 12(c) Motion on the merits after it has been fully briefed.[2] We thank the Court for its consideration.

---

[2] Had the RF Parties sought our consent to their request for a 30-day extension to respond to the 12(c) Motion, in accordance with this Court's Rule I.F., we would have granted that request and suggested a similar 30-day extension for all motions filed on February 27 given, among other things, the volume of those motions. We have reached out to counsel for RF to confirm, and will file a stipulation to that effect as soon as we receive a response.

KASOWITZ BENSON TORRES LLP

Hon. John G. Koeltl
Page 4

                                                          Respectfully,

                                                          */s/ Marc E. Kasowitz*

                                                          Marc E. Kasowitz

cc:      Counsel of Record (via ECF)