KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

February 27, 2024

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Koeltl:

I write as counsel for Plaintiff and Counterclaim-Defendant Roche Freedman, LLP ("Roche Freedman"), and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand (together with Roche Freedman, the "RF Parties") in the above-captioned action to respectfully request to seal portions of the RF Parties' motion in limine to exclude Eric Jenkins (the "Jenkins Motion") and accompanying exhibits, exhibits to the motion in limine to exclude Vikram Kapoor (the "Kapoor Motion"), and exhibits to the motion in limine to exclude the Cryptoleaks Videos (the "Cryptoleaks Motion"). Courtesy copies of the RF Parties' motion papers and exhibits are being filed contemporaneously under seal pursuant to the Court's standing order, 19-mc-00583, and Your Honor's Individual Rule VI.A.2. In support of this letter motion, the RF Parties state as follows:

In keeping with the Court's prior instruction to file documents the parties request to be sealed with "limited redactions," *see* ECF No. 497 at 2, the RF Parties respectfully request sealing of a narrow portion of confidential information contained in the following documents:

- Jenkins Motion
  - o Memorandum of Law in Support of the Motion to Exclude Eric Jenkins;
  - o Jenkins Motion Exhibit 2;
  - o Jenkins Motion Exhibit 3;
- Cryptoleaks Motion
  - o Cryptoleaks Motion Exhibit 2; and
- Kapoor Motion
  - o Kapoor Motion Exhibit 5.

**APPLICATION GRANTED**
**SO ORDERED**

3/28/24                John G. Koeltl, U.S.D.J.

The Honorable John G. Koeltl
February 27, 2024

        The redacted portions of the documents contain several categories of information, including: negotiation and execution of a confidential settlement concerning a third-party client of Roche Freedman, sensitive non-public financial information, and information that is protected by the attorney-client privilege. Therefore, the RF Parties respectfully request that the confidential details be sealed. The legal standard applicable to all of these categories is below, and each category of information is addressed in turn.

## Legal Argument

        Although judicial documents are subject to a "presumption of public access," judicial documents may be sealed to the extent "necessary to preserve higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit utilizes a three-part inquiry to determine whether information may be sealed. *First*, to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). Here, the portions of documents that the RF Parties seek to redact are judicial documents because they are relevant to this Court's decisions on the Jenkins Motion, the Kapoor Motion, and the Cryptoleaks Motion. *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.* ("*Ripple Labs I*"), 2022 WL 17751466, at *2 (S.D.N.Y. Dec. 19, 2022).

        *Second*, if the record is a judicial document, the court then determines the weight of the presumption of access for the record at issue. *Lugosch*, 435 F.3d at 119. For non-dispositive motions, such as motions in *limine*, the presumption of public access is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Ripple Labs I*, 2022 WL 17751466, at *1 (citing *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). Because the instant motions are non-dispositive motions in *limine*, any presumption of public access to the confidential information is lowered. *Id.* at *1. Indeed, the portions of information the RF Parties seek to redact have a minimal role in this Court's determination of this case on the merits. *See United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he strong weight to be accorded the public right of access to judicial documents was largely derived from the role those documents played in determining litigants' substantive rights. . . ."). The RF Parties' proposed redactions include only limited portions of the documents and are unlikely to impact the Court's evaluation of whether the material is admissible. *See Ripple Labs I*, 2022 WL 17751466, at *3.

        *Third*, after determining the weight of the presumption of access, the court must identify all of the factors that counsel against disclosure of the judicial document and balance those factors against the weight given to the presumption of access. *Amodeo II*, 71 F.3d at 1050. Here, for each type of information in the proposed redactions, factors counsel against the disclosure of the various details and outweigh the presumption of access.

2

The Honorable John G. Koeltl
February 27, 2024

### a. The Confidentiality of Settlement Negotiations Outweighs the Presumption of Public Access to the Redacted Information.[1]

Courts in this Circuit have consistently found that protecting the confidentiality of the settlement negotiation process is a countervailing factor that can outweigh the presumption of access and warrant sealing settlement negotiation materials. *Atl. Specialty Ins. Co. v. Royal All. Assocs., Inc.*, No. 23-CV-9555 (JGLC), 2023 WL 8600548, at *2 (S.D.N.Y. Dec. 12, 2023) (collecting cases); *Kewazinga Corp. v. Microsoft Corp.*, 18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redaction of "information regarding settlement agreements with third parties, which include confidentiality obligations to those third parties"). Here, disclosing details of Roche Freedman's settlement work on behalf of another client would also include subjects covered by confidentiality agreements with non-parties. Disclosure would "detrimentally affect[]" both the firm's business relationships and interests, and the expectations of those third parties. *Sec. & Exch. Comm'n v. Ripple Labs, Inc.* ("*Ripple Labs II*"), No. 20 Civ. 10832 (AT), 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (sealing communications made pursuant to confidentiality agreements on that basis).

### b. The Confidentiality of Attorney-Client Privileged Documents Outweighs the Presumption of Public Access to the Redacted Information.[2]

Courts in this Circuit consistently find that the attorney-client privilege is sufficient to outweigh the presumption of public access and thus warrants sealing privileged information in judicial records. *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160–62 (S.D.N.Y. 2003) (characterizing preservation of privileged information as "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records" and ordering redaction of privileged information). Here, disclosing details about Roche Freedman's work on behalf of clients would disclose confidential and privileged communications with a non-party client. Disclosure would "detrimentally affect[]" both the firm's business relationships and interests, and the expectations of those third parties. *Ripple Labs II*, 2023 WL 3477552, at *6.

### c. The Privacy Interests in Confidential Business Information Outweigh the Presumption of Public Access to the Redacted Information.[3]

a. Client's Wire Details

Documents showing sensitive information such as account numbers and payment amounts "epitomize" the principal that sealing business information is justified where disclosure "would result in an injury sufficiently serious to warrant protection." *Frontier Airlines v. AMCK Aviation*,

---

[1] Disclosure of settlement negotiations appears in Memorandum of Law in Support of Motion to Exclude Eric Jenkins, at 3; Jenkins Motion, Exhibit 3, at 323 and 324.

[2] Attorney-client privileged material appears at Jenkins Motion, Exhibit 2, ¶ 32; Cryptoleaks Motion, Exhibit 2 at 213 and 216.

[3] Confidential business information appears at Jenkins Motion, Exhibit 2, ¶¶ 39, 40, 66, 67, 79, 83, 85, 95, 96, 108, and 110; Jenkins Motion, Exhibit 2, Tables 6, 7, 8, 9, 10, and 11; Jenkins Motion, Exhibit 2, Exhibit B; Kapoor Motion, Exhibit 4, at RF_00427127.

The Honorable John G. Koeltl
February 27, 2024

No. 20 CIV. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (narrow redactions of sensitive business information, such as account numbers and the payment amounts, could remain under seal). The disclosure of Roche Freedman's client's wire routing and account numbers, *see* Kapoor Motion, Exhibit 4, at RF_00427127, could clearly cause financial loss to a non-party client, and redaction is thus warranted.

b. Confidential Firm Financial Information and Client Information

Sensitive business information such as confidential financial and accounting details, and confidential client names and information regarding a party's clients, including information contained in confidential agreements, may be sealed "to protect against competitive harm." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.,* No. 15 CIV. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021). Thus, narrowly tailored redactions to protect against competitive harm will outweigh the presumption of access. *Id.* (granting application to seal portions of motion in *limine* documents containing party's confidential contractual, accounting, and financial information, and portions containing names and information of party's clients). Likewise, redactions protecting against disclosure of dealings with deal partners and investors may also be properly sealed to protect the proprietary business interests of non-party investors. *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (public's right of access to sealed portions of exhibits was outweighed by non-parties' interests in preventing the public disclosure of their participation in an investment and "the protection of proprietary business information"); *see also Amodeo II*, 71 F.3d at 1051.

These legal principles apply to:

- Paragraphs 39 and 40 and Tables 6 and 7 of Jenkins Motion, Exhibit 2 (a party's confidential accounting and financial information);
- Paragraphs 66, 67, 95, 96, 108, and 110; Tables 8, 9, 10 and 11; and Appendix B of Jenkins Motion, Exhibit 2 (non-party client names and confidential client information); and
- Paragraphs 79, 83 and 85 of Jenkins Motion, Exhibit 2 (confidential information regarding a party's investors).

Finally, Your Honor has previously approved requests to seal materials referring to clients of Roche Freedman that, in context, would disclose confidential aspects of the work performed on their behalf. *See* ECF Nos. 451, 504. The RF Parties seek the same treatment here.

**Conclusion**

Accordingly, the RF Parties respectfully request that the Court grant their request to maintain the redacted information under seal.

We thank the Court for its consideration.

4

The Honorable John G. Koeltl
February 27, 2024

Respectfully submitted,

/s/ *Randy M. Mastro*
Randy M. Mastro
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel.: (212) 827-4019
Email: RMastro@kslaw.com

*Counsel for Plaintiff and Counterclaim-Defendant Roche Freedman LLP, and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand*

cc: All counsel of record (via ECF)

5