# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

April 12, 2024

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: <u>*Roche Freedman LLP v. Cyrulnik,* No. 1:21-cv-01746 (JGK)</u>

Dear Judge Koeltl:

      I write on behalf of the RF Parties to request a conference because, on Monday, Cyrulnik purported to disclose—13 months after expert discovery closed—that he would act as *his own expert witness*. Ex. A. Cyrulnik intends to provide expert testimony on, *e.g.*, "the day-to-day business of the Firm (and law firms generally)" and "the valuation of his equity." *Id.* ¶¶ 3–4. During the parties' meet-and-confer today, Cyrulnik's counsel said they were making this disclosure at this time because the RF Parties had moved to exclude their expert and lay opinion testimony on damages. The Court should not allow Cyrulnik to testify as an expert for two reasons.

    **I.**    <u>**Cyrulnik's disclosure should be precluded as untimely and inadequate.**</u>

      Cyrulnik's disclosure is egregiously untimely—**over 13 months** after the Court-ordered deadline for all expert discovery. *See* ECF No. 325 (extending "deadline to complete expert discovery" to March 14, 2023); ECF No. 361 (ordering settlement conference given "pending close of expert discovery"). When Counterclaim-Defendant Roche sought leave to serve an expert report *one week* after this deadline, Cyrulnik himself argued the disclosure was "far too late" and "would work severe prejudice on [him] and the progress of this case." ECF No. 371 at 1–2. Magistrate Judge Netburn agreed and precluded the report, and this Court overruled the RF Parties' objections to her order. *See* ECF Nos. 380, 412. Permitting Cyrulnik to disclose himself as an expert *more than 13 months late* would be both unfair and arbitrary in light of those rulings.

      While Cyrulnik invokes Rule 26(a)(2)(C) & (D), that rule expressly requires litigants to "make these disclosures at the times . . . the court orders." Fed. R. Civ. P. 26(a)(2)(D); *see Mittlefehldt v. Travelers Prop. Cas. Ins. Co.*, 2023 WL 2986829, at *3 (W.D.N.Y. Apr. 18, 2023) (court order regarding "expert discovery" deadline controlled over Rule 26(a)(2)(D)'s defaults). Because Cyrulnik failed to do so, he "is not allowed to use that information or witness to supply evidence" at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

The Honorable John G. Koeltl
April 12, 2024

37(c)(1); *see, e.g., Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961–63 (2d Cir. 1997) (affirming preclusion of expert reports submitted after discovery cutoff).

Cyrulnik's failure was neither substantially justified nor harmless. *First*, Cyrulnik has no valid explanation for failing to comply with the Court-ordered deadline. He plainly *could* have made these disclosures years ago—but strategically chose not to, relying instead on his damages expert Jenkins. Now that the RF Parties have moved to exclude Jenkins' opinions, Cyrulnik may have "buyers' remorse" about that "strategic decision," but that is not a valid justification for ignoring this Court's scheduling order. *In re Zimmer M/L Taper Hip Prosthesis Prods. Liab. Litig.*, 2021 WL 4251906, at *4 (S.D.N.Y. Sept. 17, 2021) (Crotty, J.) (excluding untimely expert).

"[C]ourts around the country have routinely declined to" allow parties a second bite at the apple through untimely expert disclosures. *Exist, Inc. v. Tokio Marine Am. Ins. Co.*, 2023 WL 7117369, at *3–4 (S.D.N.Y. Oct. 5, 2023) (precluding untimely testimony that would "plug the gaps" of other experts); *see Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 37 (1st Cir. 2012) ("A party who knowingly chooses to put all his eggs in one basket is hard-pressed to complain when the basket proves inadequate and the trial court refuses to allow him to substitute a new and previously undisclosed basket for it."); *Bank of Am., N.A. v. Jericho-Baptist Church Ministries, Inc.*, 2020 WL 128455, at *1 (D. Md. Jan. 10, 2020) (precluding untimely "new expert" because "Jericho D.C. chose to designate Susan Riley as its sole standard-of-care expert and vigorously persisted in her bona fides. Now that BOA succeeded in excluding Riley, the Court will not allow Jericho D.C. a 'do-over.'"). Indeed, if courts *allowed* such do-overs, expert disclosures would be never-ending.

*Second*, preclusion is further warranted because Cyrulnik's transparent gamesmanship is intended to prejudice the RF Parties. While he intends to testify about valuation and damages, Ex. A ¶¶ 2, 4, the RF Parties have no idea—and will have no idea until he testifies at trial—how much Cyrulnik will claim the Firm is worth, how much he will claim in damages based on that valuation, or even what methodology he will employ or what data he will cite. The RF Parties thus have no way of preparing their trial strategy or Cyrulnik's cross examination.

At minimum, "[t]o rebalance the parties, 'the Court would be required—out of fairness'" to allow the RF Parties "'to reopen discovery, depose [Cyrulnik], and proffer' rebuttal evidence of its own." *N. Am. Photon Infotech, Ltd. v. ZoomInfo LLC*, 2022 WL 4132941, at *5 (S.D.N.Y. Sept. 7, 2022) (citation omitted). Preclusion is warranted because that would inevitably delay the trial—which is less than three months way—and would further prejudice the RF Parties by forcing them to incur still more discovery costs. *See id.* (precluding untimely expert "testimony in its entirety" because disclosure on "the eve of trial causes obvious prejudice to an adversary preparing its own trial proof, and allowing such testimony would give the offending party an unfair tactical advantage"); *FIH, LLC v. Found. Cap. Partners LLC*, 920 F.3d 134, 145–46 (2d Cir. 2019) (affirming preclusion where "eleventh-hour disclosure of the expert report would have extended discovery beyond the already-extended, agreed-upon, and court-ordered discovery deadline").

Cyrulnik's gambit thus frustrates "the basic purpose" of the Federal Rules: "to eliminate trial by ambush and encourage full disclosure of relevant information among the parties." *In re Application of Golden Meditech Holdings Ltd.*, 2024 WL 1349135, at *5 (S.D.N.Y. Mar. 29, 2024). In similar circumstances, courts have not hesitated to preclude untimely expert disclosures, even where they were "essential to proving . . . damages." *Design Strategy, Inc. v. Davis*, 469 F.3d

The Honorable John G. Koeltl
April 12, 2024

284, 296-97 (2d Cir. 2006) (affirming preclusion of new expert on lost-profits damages because of "severe" "prejudice to the defendants in having to prepare for this evidence," "discovery had been closed for 'approximately one and a half years,'" and "there was only a 'short time left before trial'"); *see also Zimmer*, 2021 WL 4251906, at *4 (precluding "important" engineering testimony relevant to design-defect and failure-to-warn claims because plaintiff made "strategic decision" not to use the expert sooner, disclosure came "eight months after the expert disclosure deadline," and defendants would face "significant[ ] prejudice" from defending against new expert).

*Finally*, with trial only three months away, there is no possibility for a continuance. This case has already consumed enormous resources, as evidenced by the 674 docket entries (and counting). *See Softel*, 118 F.3d at 962-63 (citing "the enormous length of every step of the proceedings" as favoring preclusion). "[A]t this point," the RF Parties are "'entitled to [their] day in court.'" *N. Am. Photon*, 2022 WL 4132941, at *5. It is time for trial, not more discovery.

Cyrulnik also fails to provide an adequate "summary of the facts and opinions to which [he] is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). For example, he states he will "provide opinions regarding" "[t]he overall value of the business as of February 2021," "[t]he actual and projected value of ongoing contingency matters," and "[t]he projected future profitability of the Firm," Ex. A, ¶ 4 —without specifying *what* those (or any other) opinions actually will be. Because "the substance of [his] opinion[s] . . . is expressed in only the most general terms," his disclosure is inadequate, and his testimony should be precluded. *Allen v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 2020 WL 6748473, at *2 (S.D.N.Y. Nov. 2, 2020).

II.     **Cyrulnik should not be permitted to testify as his own expert**

Cyrulnik's untimely disclosure should be precluded under Rule 403 and 702 too. "It is well settled that a district court, acting under its broad discretion as a gatekeeper, may exclude an 'interested party' from testifying as an expert witness at trial due to its 'unduly prejudicial' effect on the fact finder." *Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, 2011 WL 13228299, at *3 (D. Conn. Jan. 21, 2011) (citation omitted). That is especially true where, as here, the proposed expert is "*a party in the case*." *Proteus Books Ltd. v. Cherry Lane Music Co.*, 873 F.2d 502, 515 (2d Cir. 1989) (affirming district court order precluding party from testifying as expert). Indeed, under those circumstances, the party-expert is simply "'too intertwined with the facts of the case'" to "'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Ordon v. Karpie*, 273 F. App'x 27, 30 (2d Cir. 2008) (precluding party from testifying as expert).

Cyrulnik's testifying as an expert not only would confuse the jury, but also would unfairly prejudice the RF Parties. Indeed, the jury would likely (and understandably) have "difficulty" separating Cyrulnik's lay testimony about his experience at the Firm from his expert testimony about it. *Ordon*, 273 F. App'x at 30. The foreseeable result—and undoubtedly the result that Cyrulnik seeks—is that the jury will be repeatedly pushed to treat Cyrulnik as an authoritative expert, as opposed to a fact witness and party. *Cf.* Order at 6–7, *In re Straight Path Commc'ns Inc. S'holder Litig.*, C.A. No. 2017-0486-SG (Del. Ch. July 12, 2021) (characterizing Cyrulnik's argument that he could act as advocate and witness as based on "an absurdity" and "funhouse-mirror reading" of the ethical rules). This problem is exacerbated by Cyrulnik's experience as an attorney, which well-positions him to exploit such confusion.

The Honorable John G. Koeltl
April 12, 2024

                    Respectfully,

                    /s/ *Randy M. Mastro*
Randy M. Mastro
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel.: (212) 827-4019
Email: RMastro@kslaw.com

*Counsel for Plaintiff and Counterclaim-Defendant Roche Freedman LLP, and Counterclaim-Defendants Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand*

cc: All counsel of record (via ECF)