**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**FREEDMAN NORMAND FRIEDLAND, LLP,**

**Plaintiff,**

**- against -**

**JASON CYRULNIK,**

**Defendant.**

**JASON CYRULNIK,**

**Counterclaim-Plaintiff,**

**- against -**

**FREEDMAN NORMAND FRIEDLAND, ET AL.,**

**Counterclaim-Defendants.**

**21-cv-1746 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, DISTRICT JUDGE:**

The defendant, Jason Cyrulnik ("Cyrulnik"), has moved for sanctions based on a charge of spoliation against the plaintiff, Freedman Normand Friedland LLP (the "Firm"), and the counterclaim-defendants - Freedman Normand Friedland LLP, Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand (the "Counterclaim-Defendants"). See ECF No. 587.[1]

[1] The Court assumes familiarity with the November 24, 2023 Memorandum Opinion & Order denying in part and granting in part the parties' cross motions for summary judgment, including the Court's extensive description of the facts of this case. See Roche Freedman, LLP v. Cyrulnik, -- F. Supp. 3d. -- 2023 WL 8167154, at *3-4 (S.D.N.Y. Nov. 24, 2023).

Cyrulnik argues that the Court should enter a default judgment against the Firm and the Counterclaim-Defendants or, at the very least, fashion an adverse inference instruction against the plaintiff because the plaintiff allegedly used the Signal application ("Signal") to erase material evidence. See ECF No. 588 at 12-14. Cyrulnik's motion is **denied.**

For their part, the Firm and the Counterclaim-Defendants cross move to preclude Cyrulnik from offering any testimony alleging that the Firm and the Counterclaim-Defendants spoliated evidence. See ECF No. 612.

The Court will address each motion in turn. "Because a ruling on a motion in limine is subject to change as the case unfolds, the ruling constitutes a preliminary determination in preparation for trial." United States v. Adelekan, 2021 WL 4839065, at *2 (S.D.N.Y. Oct. 15, 2021).[2]

**A.**

Cyrulnik seeks sanctions pursuant to Rule 37(e). See ECF No. 588 at 6-8. Local Rule 37.2 provides that "[n]o motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

motion for a pre-motion discovery conference[.]" Local Civil Rule 37.2. Cyrulnik's failure to request such a conference requires that his Rule 37 motion be denied. See, e.g., Wiliams v. Rosenblatt Secs. Inc., 2016 WL 590232, at *3 (S.D.N.Y. Fe. 11, 2016); Meadowbrook-Richman, Inc. v. Associated Fin. Corp., 253 F. Supp. 2d 666, 680 (S.D.N.Y. 2003); Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 100 (S.D.N.Y. 1997). Cyrulnik's failure to comply with Local Civil Rule 37.2 would be reason enough to deny Cyrulnik's motion.

**B.**

Furthermore, Cyrulnik's motion is untimely. Cyrulnik's motion was filed over one year and a half after the close of discovery, and it is plainly a discovery motion.[3]

Indeed, the Magistrate Judge denied a similar motion that sought discovery on the issue of spoliation that was made after the conclusion of discovery, and Cyrulnik never appealed the Magistrate Judge's order to this Court. See ECF No. 299 at ¶ 5. Cyrulnik offers no good cause for this delay, or for his failure to appeal the Magistrate Judge's order, and his motion for spoliation sanctions is therefore denied as untimely. See, e.g., Gray v. Town of Darien, 927 F.2d 68, 74 (2d Cir. 1991) (finding

[3] Cyrulnik relies on Local Civil Rule 37.2 to bring this motion, which – as the Rule's name makes clear – applies to "Discovery Disputes With the Court." See Local Civil Rule 37.2; ECF No. 588 (Cyrulnik's Memorandum of Law in Support of Motion).

no abuse of discretion where the district court denied discovery request in light of the plaintiffs' failure to comply with the scheduling order and failure to show good cause for a reopening or extension of that order); Ali v. A & G Co., Inc., 542 F.2d 595, 596 (2d Cir. 1976) (affirming order under Rule 37 because the plaintiff waited until three weeks after the close of discovery, and on the eve of trial, to raise discovery motion); Ferrari Club of Am., Inc. v. Bourdage, 2017 WL 6419053, at *2 (W.D.N.Y. Apr. 20, 2017) (denying motion for sanctions filed on "eve of trial" as untimely).

C.

Third, there is no showing that any evidence has in fact been subject to spoliation. Cyrulnik relies on the fact that the Firm and the Counterclaim-Defendants used Signal to communicate, and that Signal can be used to delete information automatically. See ECF No. 588 at 1-2. But, the Firm and the Counterclaim-Defendants have shown that if the auto-delete function is used, there would be traces that the function was actually used, and Cyrulnik points to no such indications. See ECF No. 613 at 6-10.

The gist of Cyrulnik's motion relies on the fact that there is a notation in Signal that there was a February 8, 2021 conference at which the removal of Cyrulnik was discussed. See ECF No. 588 at 4. Nevertheless, there is no evidence that there was ever any content to that notification other than the

invitation to the meeting, see Mastro Decl., ECF No. 616-3, and all of the participants have denied that they entered any information about the meeting in Signal, see Mastro Decl., ECF No. 616-4; ECF No. 613 at 9-10. The only possible evidence that is arguably missing -- and there is no evidence that such information existed -- is an invitation to the February 10, 2021 meeting. But there is no evidence that there ever was such an invitation in writing as opposed to notification over the phone, and there is no evidence that substantive information was ever committed to writing. See ECF Nos. 588 at 4-5; 654 at 1, 7-8. Therefore, no sanctions are appropriate because there is no evidence that there was any evidence that was spoliated.

**D.**

The Firm and the Counterclaim-Defendants then cross move to preclude Cyrulnik from alleging spoliation at trial. Because there is no evidence proffered that there was spoliation, Cyrulnik is precluded from arguing that there was any spoliation. However, the parties are free to argue to the jury why there was no written evidence of the partnership discussions about the removal of Cyrulnik, and why there is no such record. No other relief is appropriate on this record.

**CONCLUSION**

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are

either moot or without merit. For the reasons explained above, Cyrulnik's motion for spoliation sanctions is **denied**, and the motion by the Firm and the Counterclaim-Defendants to preclude Cyrulnik from referring to spoliation is **granted**. The Clerk is respectfully directed to close ECF Nos. 587 and 612.

**SO ORDERED.**

**Dated: New York, New York**
**May 20, 2024**

**John G. Koeltl**
**United States District Judge**