UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREEDMAN NORMAND FRIEDLAND LLP,

                Plaintiff,

- against -

JASON CYRULNIK,

                Defendant.

---

JASON CYRULNIK,

                Counterclaim-Plaintiff,

- against -

FREEDMAN NORMAND FRIEDLAND, ET AL.,

                Counterclaim-Defendants.

---

21-cv-1746 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, DISTRICT JUDGE:

The plaintiff, Freedman Normand Friedland LLP (the "Firm"), and the counterclaim-defendants -- Freedman Normand Friedland LLP, Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand (the "Counterclaim-Defendants") -- have moved to preclude the defendant, Jason Cyrulnik ("Cyrulnik"), from introducing evidence from videos known as the "Cryptoleaks" videos." See ECF Nos. 562.[1] The motion is **granted** without prejudice to consideration at trial.

---

[1] The Court assumes familiarity with the November 24, 2023 Memorandum Opinion & Order denying in part and granting in part the parties' cross motions for summary judgment, including the Court's extensive description of the facts of this case. See

I.

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996).[2] "A court's determination of a motion in limine is preliminary and may be subject to change as the case unfolds." State v. Deutsche Telekom AG, 419 F. Supp. 3d 783, 787 (S.D.N.Y. 2019).

II.

The Firm and the Counterclaim-Defendants move to preclude Cyrulnik from introducing evidence from the Cryptoleaks videos. The Cryptoleaks videos are videos in which former partner Kyle Roche made a series of crass, vulgar, and salacious comments about class actions, judges, juries, and tangentially about Ava Labs, which provided Tokens to the Firm, and which Cyrulnik claims that the Firm unjustifiably sought to take from him. See

---

Roche Freedman, LLP v. Cyrulnik, -- F. Supp. 3d. -- 2023 WL 8167154, at *3-4 (S.D.N.Y. Nov. 24, 2023). As discussed in that Memorandum Opinion & Order, among the Firm's early clients was a technology startup, Ava Labs, that agreed to pay the Firm for its legal services with cryptocurrency known as "Tokens." See ECF No. 509-2.

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

Kasowitz Decl., ECF No. 643-12 ("Cryptoleaks Statement); ECF No. 563 at 5-8; ECF No. 634 at 7-10.

The Firm and the Counterclaim-Defendants argue that the videos cannot be authenticated and have no relevance to the case other than to inflame the jury against it. See, e.g., ECF No. 563 at 5, 8. Cyrulnik responds that Roche has already admitted at his deposition that he made the statements in the videos and that testimony is sufficient to authenticate the evidence. See ECF No. 634 at 18-19. Cyrulnik claims that there are specific statements on the videos relating to Ava Labs that are relevant to this case, although it is not clear that those statements are indeed any longer relevant to any issue in this case. See id. at 12. Cyrulnik also attempts to slip in the more salacious comments in the videos as allegedly relevant to this case. Id. at 16 n.10.

Given the possible irrelevance of the issues to which Roche's statements in the videos are allegedly directed, and the plainly inflammatory and irrelevant portions of the videos, the motion by the Firm and the Counterclaim-Defendants is granted without prejudice to consideration at trial. The parties are directed not to make any reference to the videos or the statements on the videos without raising the issue with the Court at trial. At that time, if Cyrulnik seeks to offer portions of the videos, Cyrulnik will be required to designate

3

the specific portions of the videos he seeks to admit, and the Firm and the Counterclaim-Defendants can oppose the specific proffer at that time.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit.

For the reasons explained above, the motion by the Firm and the Counterclaim-Defendants to preclude Cyrulnik from introducing evidence from the Cryptoleaks videos is **granted** without prejudice to consideration at trial.

The Clerk is respectfully directed to close ECF No. 562.

**SO ORDERED.**

Dated:   New York, New York
         May 20, 2024

/s/ John G. Koeltl

John G. Koeltl
United States District Judge