UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREEDMAN NORMAND FRIEDLAND LLP,

                    Plaintiff,

        - against -

JASON CYRULNIK,

                 Defendant.

---

JASON CYRULNIK,

          Counterclaim-Plaintiff,

        - against -

FREEDMAN NORMAND FRIEDLAND, ET AL.,

          Counterclaim-Defendants.

---

21-cv-1746 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, DISTRICT JUDGE:

The plaintiff, Freedman Normand Friedland LLP (the "Firm"), and the counterclaim-defendants -- Freedman Normand Friedland LLP, Kyle Roche, Devin Freedman, Amos Friedland, and Edward Normand (the "Counterclaim-Defendants") -- have filed several motions in limine to preclude the defendant, Jason Cyrulnik ("Cyrulnik"), from introducing certain prior statements and certain "inflammatory words." See ECF Nos. 566, 573.[1]

---

[1] The Court assumes familiarity with the November 24, 2023 Memorandum Opinion & Order denying in part and granting in part the parties' cross motions for summary judgment, including the Court's extensive description of the facts of this case. See Roche Freedman, LLP v. Cyrulnik, -- F. Supp. 3d. -- 2023 WL 8167154, at *3-4 (S.D.N.Y. Nov. 24, 2023). As discussed in that

For the reasons that follow, the motion by the Firm and the Counterclaim-Defendants to preclude any evidence that the moving parties previously argued that the MOU was not binding is **granted**. See ECF No. 573. The motion by the Firm and the Counterclaim-Defendants to preclude Cyrulnik from using certain "inflammatory words" is **granted in part** and **denied in part**. See ECF No. 566.

The Court will address each motion in turn. "Because a ruling on a motion in limine is subject to change as the case unfolds, the ruling constitutes a preliminary determination in preparation for trial." United States v. Adelekan, 2021 WL 4839065, at *2 (S.D.N.Y. Oct. 15, 2021).[2]

## I.

The Firm and the Counterclaim-Defendants move to preclude Cyrulnik from introducing evidence of their prior statements that the MOU is not binding and that Cyrulnik is not an equity partner. See ECF No. 575.

The Court ruled on the motion for summary judgment that the MOU is a binding agreement and the corollary to that ruling is

---

Memorandum Opinion & Order, among the Firm's early clients was a technology startup, Ava Labs, that agreed to pay the Firm for its legal services with cryptocurrency known as "Tokens." See ECF No. 509-2.

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

that Cyrulnik was an equity partner. See Roche Freedman, LLP, --
F. Supp. 3d -- 2023 WL 8167154, at *5-8. The Firm and the
Counterclaim-Defendants now seek to prevent Cyrulnik from
presenting any evidence to the jury that the moving parties
argued to the contrary on the motion for summary judgment and
the Court rejected that position. See ECF No. 575 at 5-6. The
only plausible reason for Cyrulnik to include evidence regarding
the argument of the Firm and the Counterclaim-Defendants to the
contrary would be to discredit the moving parties for taking a
position that the Court rejected. This would be unfairly
prejudicial to the Firm and the Counterclaim-Defendants because
this argument is unrelated to the merits of the issues that the
jury must decide. Moreover, this would invite a mini-trial on
why the Firm and the Counterclaim-Defendants took that position
in good faith and would thus be a waste time. And, that issue is
irrelevant because the binding nature of the MOU is now
established and any evidence for contrary positions is simply a
distraction. See, e.g., Jones v. N.Y. City Health & Hosp.
Corp., 2003 WL 21262087, at *1 (S.D.N.Y. May 29, 2003). Hence,
any relevance is substantially outweighed by the danger of
unfair prejudice and waste of time. See Fed. R. Evid. 403.

   Cyrulnik argues that the position of the Firm and the
Counterclaim-Defendants is relevant to the interpretation of the
MOU, which is relevant to the question of fact before the jury.

See ECF No. 623 at 5-9. But, Cyrulnik fails to explain why the position of the Firm and the Counterclaim-Defendants on the question of whether the MOU is binding is relevant to a determination of the provisions of the MOU, and in particular the interpretation of the provision relating to the removal of a partner for "cause." See Kasowitz Decl., ECF No. 595, Ex. 16 (the "MOU"). The parties' positions with respect to the provision, as well as all of the other provisions of the MOU, including the provision dealing with "Withdrawal from Firm," see MOU § VI(C), are all relevant to the jury's determination of the meaning of the provisions of the MOU. But, all of those issues are independent of the fact that the MOU is binding, and Cyrulnik has failed to explain the relevance of any evidence that the Firm and the Counterclaim-Defendants previously argued that the MOU was not binding.

Accordingly, the motion by the Firm and the Counterclaim-Defendants to preclude any evidence that the moving parties previously argued that the MOU was not binding is **granted**.

**II.**

The Firm and the Counterclaim-Defendants move to exclude Cyrulnik from using two sets of "inflammatory words," including (1) "thief" or "steal" or similar words, and (2) "witness tampering." See ECF No. 567 at 4.

4

Regarding the use of the terms "thief," "steal," or other similar synonyms, the Firm and the Counterclaim-Defendants argue that the terms are unnecessarily inflammatory and suggest the commission of a crime, while the relevant claims in this case are breach of contract and related civil claims, and do not include the tort of conversion, which the Court previously excluded. See id. at 7. However, the terms "thief" and "steal" accurately reflect the conduct that is charged in this case. Cyrulnik alleges that the Firm and the Counterclaim-Defendants wrongfully discharged him without cause so that the remaining partners could divide up his interest in the Firm, particularly after an asset of the Firm – the right to obtain certain Tokens – had increased in value. See ECF No. 626 at 7-11. These terms are not overly inflammatory and do not suggest that the Firm and its partners are being charged with a criminal act. Any impact that the terms have comes from the conduct alleged, and not from its characterization. The Firm and the Counterclaim-Defendants do not suggest an alternative set of words that accurately describe the conduct that is alleged.

The Firm and the Counterclaim-Defendants also rely, inadvisably, on the fact that the Court dismissed the claim of conversion based on the moving parties' argument that the claim of conversion was duplicative of the breach of contract claim. See ECF No. 567 at 5-6. The Firm and the Counterclaim-Defendants

have now argued that the measure of damages in a breach of contract claim is in fact different from the conversion claim. See ECF No. 593 at 10-11. Therefore, the dismissal of the conversion claim would not be a basis for excluding words such as "thief" and "stole."

Regarding the charge of "witness tampering," the Court has already determined that Freedman's interactions with the Firm's witnesses was admissible, but the use of the term "witness tampering," went beyond the evidence and was not permissible because its use violated Federal Rule of Evidence 403. There is no reason to revisit that decision.

The motion by the Firm and the Counterclaim-Defendants to preclude certain terms is **denied in part** with respect to the words "thief," "steal," and synonyms of those words, and the motion is **granted in part** regarding the use of the phrase "witness tampering."

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit.

For the reasons explained above, the motion by the Firm and the Counterclaim-Defendants to preclude Cyrulnik from introducing any prior statement of the Firm to the effect that the MOU was not binding is **granted.**

The motion by the Firm and the Counterclaim-Defendants to preclude Cyrulnik from using words similar to "thief" or "steal," and from using the term "witness tampering," is **denied in part** and **granted in part**.

The Clerk is respectfully directed to close ECF Nos. 566, 573.

**SO ORDERED.**

Dated:    New York, New York
           May 20, 2024

                                **John G. Koeltl**
                        **United States District Judge**